U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

AUG 19 2011

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT

CRIMINAL AND CIVIL
DOCKET CASE

FOR THE DISTRICT OF NEW YORK

UNDER THE  FALSE CLAIMS ACT

ROBERT E ZORN ( PLAINTIFF,MANDATOR)

vs

the STATE of Vermont

THE   UNITED STATES OF AMERICA

1; 11 -CV-0 9 8 5

(GTS/DRH)

THE STATE OF VERMONT   VERMONT  STATE  POLICE
TROOPER RIDER  TROOPER  DANIELI
TROOPER EDWARD HUNTER,   JOEL  DAVIDSON     TROOPER PERKINS
THE STATE OF VERMONT  TOWNS OF PLYMOUTH , KILLINGTON,

MIDDLETOWN SPRINGS ,  VERMONT

THE UNITED STATES  JUSTICES

FOR THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT


OF VERMONT  CHEIF JUSTICE CHRISTINA REISS
CHRISTINA   REISS, WILLIAM SESSIONS THE THIRD, J GARVAN MURTHA
JUDGE  J GARVAN MURTHA, WILLLIAM  SESSIONS THE  THIRD
JEROME  NIEDERMIER , AND THE  CLERKS  AND DEPUTY CLERKS

OF THE UNITED STATES DISTRICT COURT
The state of vt vermont Supreme court Justices ETAL
THE STATE OF VERMONT RUTLAND   COUNTY SUPERIOR COURT

JUDGES  MARY MILES TEACHOUT,  THERESA DIMAURO

JUDGE MARTIN,
STATE OF VERMONT
     RUTLAND COURT: PROBATE COUYRT  JUSTICE

KEVIN  CANDON
STATE OF VERMONT
    WASHINGTON  COUNTY SUPERIOR COURT  JUDGE  GEOFREY CRAWFORD
GEOFREY  CRAWFORD
THE STATE OF VERMONT  WASHINGTON  COUNTY PROBATE COURT   JUSTICE
GEORGE  BELCHER

THE STATE OF VERMONT  HOSPITAL

DOCTOR PAUL  COTTON M.D. P.C.

DOCTOR DUNCANE,  DOCTOR MUNSON
CARE OF THE VERMONT STATE  HOSPITAL

DOCTOR LINDER

Page 1

THE STATE OF  VERMONT  ATTORNEY GENERAL WILLIAM SORRELL
ET AL  STAFF ATTORNEYS

THE RUTLAND  HERALD  NEW PAPER

SARAH BEARD RUTLAND COUNTY SCREENER

THE STATE OF VERMONT  RUTLAND COUNTY STATE  ATTORNEY MARC
BRIEERE
ERNEST ALLEN iii 95 saint paul street BURLINGTON VT 05401

ARTUR  B  ZORN
347 loomis street  montpelier VERMONT  05601
CHARITY DOWNS
TRACEE  A OAKMAN  RUPE

PURSUANT OF THE STATE A CTIONS  SUBSTITUION OF PARTIES
IN WHICH THE STATE OF VERMONT  DEPARTMENT OF TAXES CONVEYED TITLE
THE STATE OF VERMONT  SUBSTITUTED THE PARTYS IN THE    STATE
OF VERMONT WASHINGTON COUNTY SUPERIOR COURT

THEREFORE THE SERVICE TO THESE PARTIES ET

IS BEING  MADE TO THE  STATE OF VERMONT ATTORNEY
GENERAL WILLIAM  SORRELL
AND FOR THE JUSTICES AND COUNTIES
FOR ALL STATE  AND PRIVATE SECTOR  PERSONS


109 state  street montpelier vermont  05609


THE  UNITED STATES  JUSTICES
ET AL UNITED STATES PERSONS

NAMED AS INDIVIDUALS

SERVICE SENT TO THE UNITED STATES SOLICITOR GENERAL
CARE OF THE UNITED STATES ATTORNEY  GENERAL
DEARMR HOLDER
950 penn  ave  N.W. WASHINGTON  D.C  20530
james h jr ottway
JAMES H OTTTAWAY  JR
10 WATCH HILL ROAD NEW PALTZ NEW YORK 12561

ET ol Defendants
and Counter Defendants
in all Related Cases

Page 2

SUMMONS AND COMPLAINT  AGAINST THE  STATE  OF VERMONT

AND ET AL PERSONS  AND UNITED STATES OF AMERICA

YOU ARE BEING CHARGED AND PROVEN UNDER THE UNCONTESTED FACTS

OF THE FEDERAL AND INSTATE  ACTIONS

OF FALSIFYING FEDERAL AND INSTATE COURT ORDERS

AS  HABITUALL OFFENDERS,  RACKEETEERING ACROSS STATE LINES

ORGANIZED CRIME THROUGH  CORRUPT POLITICAL PARTIES

OBSTRUCTION  OF JUSTICE  FALSIFICATION HABITUALLY OF  COURT
ORDERS AND ALL  PAST  VIOLATIONS OF LAW
PROFIFFITNG  PRIVATE AND FEDERAL INSTATE  PARTY MEMBERS AND OUT

OF STATE PERSONS IN THE  STATE OF NEW  YORK

CRIMINALLY  UNDER THE FALSE  CLAIMS ACT AND AS ACESSORIES

AND OR PRINCIPALS TO PRE MEDITATED MURDER, AND THE FIRST

DEGREE MURDER OF  EDNA A ZORN, AND  COUNTINUOS ATTEMPT

TO MURDER ROBERT E ZORN WHICH UNDER THE HABITUAL OFFENDERS ACT

OF RECIDIVIST  CRIMINAL ACTS  OF FALSIFICATION

OF JUDICIAL RECORDS ACROSS STATE LINES

DEFAMATION    AGAINST THE RIGHTS OF LIFE LIBERTY
AND PURSUIT OF HAPPINESS AGAINST ROBERT E ZORN
CONSTITUTIONAL  RIGHTS HABEAUS  CORPUS RIGHTS IRREPAIRABLY
UNDER THE  ANTI INJUCTION  ACT THE  ALLEDGED FEDERAL

DEFNDANTS ARE  NAMED AS INDIVIDUALS FALSIFYING JUDICIAL

COURT ORDERS IN WHICH THE  ACTIONS  OF CHRISTINA REISS

ATTACHED FALSIY THE UNCONTETSTED FACT THAT THE

RIGHTS OF HABEAUS CORPUS RIGHTS TO REDRESS

AND FREEDOM  OF SPEECH  HAVE  BEEN  DENIED  UNDER

THEANTI INJUNCTION A CT IN WHICH THE STATE OF VERMONT

THROUGH THE   VERMONT SUPREME COURT FALSIFIED THE JUDICIAL AND

PUBLIC RECORD HABITUALL OF ALL RELATED CASE IN  WHICH

THE   COURT THE U.S DISTRICT  COURT FOR THE DISTRICT

OF VERMONT JUSTICE REISS COULDNT GRANT INJUCTIVE RELEIF

TO USE OF THE JUDICISARY OR THE INTERLOCUTORY , *See attached order*

APPEALS OF THE COURT ORDER UNDER   STATE  LAW OF HUMINSKI Vs

rutland county sheriffs department  et .
order of the u.s c  of appeals for the second circuit

under  equal protection of laws the  14th amendment rights

of ROBERT E ZORN AFTER THE FACTS OF THE HABITUAL RECIDVIST

ACTIONS OF THE STATE OF VERMONT WITH THE  PRIVATE

SECTOR PERSONS AND  PARTIES IN THE RELATED CASES

FALSIFIED  JUDICIAL RCORDS, IN WHICH CRIMINALLY

indites  CHRISTINA REISS AS A AHABITUAL OFFENDER

OF FALSIFYING  THIS DECLARTORY DECREE

AND COURT ORDERS SANCTIONED IN WHICH THE

ACTIONS A RE FILED IN THE U.S DISTRICT COURT FOR THE

DISTRICT OF  NEW YORK

THE DEFENDNATS ARE ALSO BEING SUED FOR

PUNITIVE RELEIF FOR 135 million dollars

per defendant and county and state   of vermont

2) pursuant of the actions of the duties of the  clerk
the  clerk of the court
FILED THE ACTIONS OF THE RESPONSE BACK TO ROBERT E ZORN
NOT  A COURT ORDER  OR A ACTION OF THE JUDGE
IN WHICH UNDER sec  955 of title 28
the  clerk  is specically precldued from
practicing law the unsigned document of
the justice is a invsalid entry
see attached
IN WHICH THE  CASE  WAS NOT  CLOSED   PENDING ACTIONS
OF THE STATE  OF VERMONT

3) THE STATE OF VERMONT  THROUGH THE POLITICAL

PARTIES OF THE  SHUMLIN,  DOUGLAS  ADMINISTRATION

IN  A FULLY ORCHESTRATED CONSPIRACY WITH THE  COUNTIES

OF RUTLAND COUNTY VT,  WASHINGTON  COUNTY  VERMONT

Windsor County  Vermont, Chittenden County  Vermont

AND THE TOWNS OF PLYMOUTH VERMONT ,KILLINGTON

VERMONT, MIDDLETOWN SPRINGS VERMONT

FALSIFIED JUDICIAL RECORDS OF COURT  ORDERS / of cases and appeals

AND ILLEGALLY SEIZED ROBERT E ZORN CONSTITUTIONAL

RIGHTS TO  DUE PROCESS BY VIOLATING THE PUBLIC RECORDS LAWS

 OF THE STATE OF VERMONT  AND  F.R.C.T. 44 official record

AND ARTICLE THREE SECTION  TWO RIGHTS OF THE U.S CONSTITUTION

IN WHICH ILLEGALLY SEIZED EDNA A ZORN ROBERT E ZORNS MOTHER

AND PREMEDITATED AND MURDERED  EDNA A ZORN   AS A ACESSORY

WITHWALTER A  ZORN ,AND  ARTHUR  B ZORN

PREVIOUSLY THE STATE OF VERMONT  AGAINST COURT ORDERS

FROM THE SECOND  CIRCUIT  U.S  COURT OF APPEALS

HABTIUALLY VIOLATED THE ORDERS MANDATED

TO PROFIT THEIR PRIVATE SECTOR  PARTIES

ACROSS STATE LINES
 in which property was conveyed against the official record
THE STATE OF  VERMONT  JUDICIARY  FALSELY ARRESTED ROBERT E ZORN
march  30 2011 after the person OGDEN HERBET G WAS ARRESTED
AND GROSSLY DEFORMED ROBERT E ZORNS  REPUTATION AND

DESTROYED CONTRCAT  RIGHTS IN THE STATE OF VERMONT AND  NEW YORK

BY FALSIFYING  COURT ORDERS CITING  THAT ROBERT E ZORN  WAS MENTA

LLY INCOMPETANT BECAUSE THE RECORDS DIDNT EXSIST THROUGH THE

*( When  the Records Exsist / and orders*

USE OF STATE  PYSCHIATRISTS AND  COUNTY OF RUTLAND  VT  HIRED

PHYSCHIATRIST AFTER THE   CERTIFED  COURT ORDERS

WERE PRODUCED TO EACH OFTHE DOCTORS BY ROBERT E ZORN

THE SATTE OF VERMONT FALSELY CONVEYED TITLE TO  REAL ESTATE

TO                    A PERSON   RESIDING IN THE STATE OF NEW YORK
ILLEGALLY

THE  VERMONT  SUPREME COURT  FALSIFIED JUDICIAL RECORDS

AND THE STATE OF VERMONT  THROUGH CORRUPT  JUDGES

RESIDING IN CASES  UNAPPEALLABLE REFUSED TO ALLOW

THE  REDRESS OF THE COURT ORDERS UNAPEALABLE AGAINST THE STATE

AND PRIVATE SECTOR PERSONS   AND DESTROYED THE RIGHTS

OF THE FIRST AMENDMENT RIGHTS OF ROBERT E ZORN TO FREEDOM

OF S PEECH AND HABITUALLY FALSIFED

WARRANTEE DEEDS AND  CONTRACT RIGHTS OF ROBERT E ZORN

OBLIGATED TO SUPPORT UNDER ARTICLE ONE SECT  NINE OF THE

U.S.CONSTITUTION, AND UNDER EXPOST FACT RULE  VIC:TIMIZED TO

CRIMINALIZE ROBERT E ZORN

THE STATE OF VERMONT  THROUGH THE

USE OF THE  JUDICIARY AND PRIVATE SECTOR PERSONS
        AND  PERSONS

4) WHEN THE STATE OF VERMONT JUSTICE MARY MILES TEACHOUT   STATES
   THAT ROBERT E ZORN   IS   INCOMPETANT, AFTER THE FACT OF
   *falsified official records hotden*
   THE   JUDICAL RECORDS OF JUDGMENT ORDERS AND APPEAL
   WERE MADE   IN THE LEADING CASE IN WINDSOR COUNTY SUPOERIOR

   COURT IN WHICH TEACHOUT WAS NAMED AS   A DEFENDANT AND

   A DEFENDSNT IN THE RELATED CASE ZORN   VS    S S COTT

   SMITH ET AL AND    RESIDES IN CASES THAT UNDER    THE JURISIDCITON

   OF STATE  LAW

   V.R.C.P. 44  PROOF OF OFFICIAL RECORD  *FRC P 44 Some 05*

   STEPHANE RYAN  NOR ANY PERSON AFTER THE UNCONTESTED
   FACT THAT MARY K RYAN UNCONTESTED BY TH E JUDICIAL RECORDS

   OF THE STATE OF VERMONT  WINDSOR COUNTY COURT   PROCEEDINGS
   AND APPEAL IN THE VERMONT  SUPREME COURT AND IN THE REMOVEAL
   TO U.S DISTRICT  WAS THE EXECUTOR OF THOMAS RYANS ESTATE

   THE RECORDS OF PUBLIC  AND JUDICIAL RECORDS WERE
   HABITUALLY  VIOLATED OF THIS FACT  IN WHICH  AT NO
   TIME   IN THAT ACTION  OF THE COURTS DID THOMAS
   RYANS ESTATE CHANGE  VENUE BY PERMISSION OF THE COURTS
   IN WHICH  MARY MILES  TEACHOUT  RESIDED AND  WAS NAMED  AS A DEFE
   NDANT IN WHICH   MARY MILES  TEACHOUT  FALSIFIED HABITUALLY THE
   JUDICIAL RECORD

5) SINCE THE  CONTRACTS  RIGHTS BETWEEN ROLBERT E ZORN AND THOMAS
   RYAN  WERE EXCLUSIVE NO ONE ELSE  HAD THE CONTRACT RIGHTS
   TO INTERFER  WITH TH EM AND SINCE RYAN DEFAULTED AGAINST THE MONET
   ARY   MONEY OWED MORE THAN THE   VALUE OF THE  PROPERTY
   IRREPAIRABLE DAMAGES

6) SINCE THE SAME RULES APPLY UNDER THE COURT  LAWS
   OF THE STATE OF VERMONT THE  STATEOF VERMONT RUTLAND
   COUNTY DISTRICT COURT  COULD NEVER  OF HELD A COMPETANCY
   HEARING AFTER  KNOWING WHAT THE FACTS OF THE COURT
   ORDERS AND RELATED CASES OF JUDGMENT ORDERS WERE
   INW HICH THE ACTIONS OF DIMAURO AND  BEARD AND  BRIERRE
   AND THE STATE OF VERMOTNS NEGLECTGENCE OF KNOWING  THAT THESE
   RECORDS ARE ACTUAL AND FSACTUAL CONVICTS DIMAURO
   AND THE ET AL PERSONS  AND  OGDEN OF  PERJURIYING
   THEMSELFS  IN THEIR OFFICIAL CAPACITYS
   PROFESSIONAL MISCONDUCT CRIMINAL MISCONDUCT
   IN WHICH THESE PEOPLE  HAVE TO GO TO JAIL IMMEDIATELY
   LIFE IMPRISONMENT

7) SINCE THE TOWN CLERK S OF THE TOWNS  PERJURED   ( THE TOWNS
   NAM ED  IN tHEIROFFICIAL CAPACITY CITING TH AT .sent
   SENT THE TAX RECORDS TO THE  DEPARTMENT OF TAXES, :    __
   UNDER ARREST FOR WITH HOLDING  EVUDENCE DESTRUCTION OF OFFICIAL
   PROOF OF RECORD

8) when the state of vermont substitutes partys

in THE STATE  ACTION  OF THE WASHINGTON COUNTY SUPERIOR

COURT, AND THE FEDERAL COURT JUSTICE STATES

THAT  ROBERT E ZORN  DOSENT HAVE THE HABEAUS CORPUS

RIGHTS TO BRING B THESE ACTIONS TO A FEDERAL COURT

FOR CIVIL RIGHTS VIOLATOINS AS CITED THE  FEDERAL COURT

JUSTICE  HAS NO JURISIDCITON OVER THE CASE

WHEN THE PERSONS  HERBET G OGDEN AND THE STATE  JUSTICES

AND ARTHUR  B ZORN  , WALTER A ZORN WERE ARRESTED

FOR  VIOLATIONS HABITUAL OF COURT ORDERS  AND  ILLEGALLY

SEIZING EDNA  A ZORN AND  KILLING  HER
AND THE ACTIONS OF DEFAULTING IN THE PROCEEDINGS

IN WASHINGTON COUNTY PROBATE  COURT AND APPEAL OCCURRED

THE SATTE OF VERMONT HAS NO JUDISDICTION OVER THE CASES

BOLSTERING THESE FACTS NOR THE FEDERAL COURT  JUSTICES

UNDER THE  ANTI INJUCNTION  ACT TO CITE

ROEBRT E ZORN  UNDER HABEAUS CORPUS RIGHTS  HAS NO JURISIDCITION

OVER REMOVEAL

9) WHEN THE STATE  COURT  JUSTICE RUTLAND COUNTY DISTRICT COURT

STATES THAT ROBERT E ZORN COULDNT REPRESENT HIMSELF PRO SE

FALSIFYING THE JUDICIAL  RECORDS OF THE CASE AND THE  LEADING

CASE RULES THE JUSTICE HAD TO REMOVED, AND THE CASE HAS TO BE

DISMISSED BY PREJUDICE OF THE COURT BOLSTERING THE FACTS

/0) THE STATE OF VERMONT ,WITH THE   COUNTY SUPERIOR

COURTS, CHITTENDEN, WINDSOR WASHINGTON, RUTLAND

COUNTY COURTS  WITH THE  JUSTICES TOOR,

Dimauro Teachout ,Martin, Crawford, KATZ

ZIMMERMAN, FALSIFIED  PUBLIC AND  JUDICIALL RECORDS

COUNTINUALLY WITH THE PRIVATE SECTOR PERSONS

AND  COURT  ORDERS,  WITH THE MINICIPAL TOWNS

KILLINGTON VERMONT,PLYMOUTH VERMONT, MIDDLETOWN SPRINGS

VERMONT,   AND  WITH THE JUSTICES OF THE PROBATE COURTS

(AND United States )

KEVIN  CANDON, OF RUTLAND COUNTY PROBATE COURT,  GEORGE BELCHER

OF WASHINGTON COUNTY PROBATE  COURT JUSTICE

IN A FULLY ORCHESTRATED CONSPIRACY  UNDER  42 U.S.C 1983

falsifying  contract  rights  of ROBERT E ZORN AND COURT ORDERS

MANDATED  VIOLATION THE  ORDERS, AND  STATED ROBERT E ZORN


WAS MENTALLY ILL BECAUSE THE  COURT ORDERS DIDINT  EXSIST

AFTER ILLEFGALLY SEIZING ROBERT E ZORN ON MARCH 30 2011

by the defendants of related  cases the VERMONT STATE  POLICE

AND ILLEGALLY TAKEN  TO VERMONT  STATE  HOSPITAL

BY THE  RUTLAND COUNTY  DISTRICT COURT JUDGE  DIMAUROS COURT

ORDER IN WHICH SANDRA BEARD AND STATE  PYSCHIATRISTS

MUNSON,  LINDER, DUNCANE, AND THE  COUNTY PAID

PYSCHIATRIST CITED ROBERT E ZORN WAS MENTALLY ILL   , AND

INCOMPETANT AGAINST THE  COURT ORDERS AND PUBLIC RECORDS HABITUAL

LY OFFENDING

UNDER  THE  SUBSEQUENT REMEDIAL MEASURE

UNDER FEDERAL RULES EVCIDENCE 497 the actions

of Robert E Zorn

OF THE CASE   THAT ROBERT E ZORN   ISNT MENTALLY ILL

THE RECORDS EXSISTED AND ROBERT E ZORN

WAS ILLEGALLY SIEZED

IN WHICH THE  JUDICIARY   ATTEMTPED TO MAKE ROBERT E ZORN

MENATLLY INCOMPETANT TO CHANGE AND (          · TITLE TO

Conves                    Property

THAT ROBETR E ZORN  OWNS AND TO COVER UP THE MESS

CREATED IN WHICH THE CANT GET OUT OF /

WHEREBY THE ACTIONS AGAISNT THESE PERSONS

ARE  :UNCONTESTTED THAT THE JUDICIARY OF THE UNITED STSATES
STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT
DID DESTROY THE RIGHTS OF THE  FIRST AMENDMENT  RIGHTS TO RE
DRESS THE ISSUES AND  COURT ORDERS  IN WHICH  UNDER
THE ANTI INJUCTION ACT ROBERT E ZORN HAS
EVERY RIGHT UNDER HABEAUS CORPUS RIGHTS TO REMOVE
THE  CASES,  IN WHICH  ARE FEDERAL STATE  LAW RIGHTS
IN WHICH THE FDERAL GOVERNMENT  COULDNT VIOLATE

STATE  LAW OF  HABEAUS CORPUS RIGHTS AS ROBERT E ZORN

HAVING THE COURT ORDERS AGAINST THE STATE AND FEDERAL

GOVERNMENT ATTACHED WHEN THE STATE OF VERMONT

DEFIED THE ORDERS BY MAKING  NEW CLAIMS AND CONVEYANCES

CAUSING IRREPAIRABLE HARM TO ROBERT E ZORN

HABITUALLY OFFENDING THE JUDICIAL RECORDS
PUBLIC RECORDS AND ATTEMPTING TO KILL ROBERT E ZORN

*11)* PURSUANT OF THE   RELATED CASSE ZORN ROBERT E ZORN, VS   THE
ESTATE OF THOMAS RYAN MARY K RYAN
AND JAMES D BROWN IN WHICH MARY MILFS
TEACHOUT RESIDED THE   OFFIICIAᴵ RECORDUNCONTESTTED
UN APPEALLABLE IS THAT   MARY  K RʏAN WAS THE EXECUTOROF
THE ESTATE OF THOMAS RYAN
LOOK AT THE BREIF OF THE APPELLANT ROBERT E ZORN
IN THE   VERMONT  SUPREME COURT
 OFFICIAL RECORDS IN THE  ARCHIVES OF THE STATE  OF VERMONT

   *(But yet change Title*

*12)* SINCE   THE ACTIONS CRIMINALLY BY  MARY MILES TEACHOUT
AND THE TOWNS OF KILLINGTON  VERMONT AND PLYMOUTH  VERMONT
FALSIFY THE JUDICIAL RECORDS OF THˉE  ESATAE OF THOMAS
RYAN
AND UNCONTETSTED  AS A FACT THE  DEFAULT OF JAMES D BROWN
BEING  SERVED IN  NEWELL CON. WHWERE THE  TAX
RECORDS OFTHE STATE OF VERMONT PROEPRTY  TAXES
WERE SENT TO BROWN THE ATTORNEYS LORENTZ LORENTZ AND HARNETT
FALSIFIED THE  OFFICIAL TAX RECORDS AS WELL THE COURT
mary miles tteachout continually

*13)* since Robert E Zorn  foreclosed on the  propertys of
JAMES D BROWN IN PLYMOUTH AND KILLINGTON  VERMONT
AND THE TAX RECORDS        WERE  WITRH HELD BY THE  TOWN CLERKS

AND IN WHICH ROBERᵽT E ZORN  DID  PAY THE FIRST HALF OF
JAMESD  BROWNSS   FORECLOSED PROPᴇRTY TAXES TO THE TOWN
OF KILLINGTON THE A CTION IS GRAND LARCENY

*14)* SINCE MARY K RYAN DID  ALLOW ROBERT E ZORN
THE CONVEYANCE OF THE MONETARY  RELIEF  AS ATTACHED
FOR THE LOTS ON THE RYAN PROEPRTY  ROBERT E ZORN UNDER
V.R.C.P. 66 is the receiver
in which the  action  under this r ule cant be dismissed

*15)* since the state of vermont department of taxes acknowledges
THE FRAUDOF THE  TOWN OF MIDDLETOWN SPRINGS
CLERK  CASTLE THE ACTIONS CANT  BE  DISMISSED WITHOUT HOLDING
THE  STATE LIABLE UNDER THE PUBLIC RECORDS BILL

   *all Recordbl Action Violations*  -   '

*16)* SINCE  THE CASES ARE ALL RELATED THE  STATE ⌐  A DEFENDANT
CONTINUALLY FALSIFYING THESE PUBLIC
AND  OFFICIAL RECORD

*17)* BY THE ACTIONS OF THE   FEDERAL COURT

JUSTICE REISS TO CLOSE THE  CASE REMOVEALS
THEB  JUDGE ACTED AGANUIST THE  JUDICIAL RECORDS
THAT THE STATE  OF VERMONT IS A
PARTY AND THE JUSTICES AND ET AL DEFENDNATS
DESTROYING THE RECORDS
OF PUBLIC AND JUDICIAL RECORDS
HAVING NO AUTHORITY UNDER THE ANTI INJUCTION
ACT TO  CLOSE THE  CASE UNDER FEDERAL JURISIDCITION

15) BY VIRTUE OF THE UNCONTESTED FACT THAT

WILLLIAM SORRELL JUST  FOUND  CACELLLA WASTE  GUILTY OF BREACHING
THEIR  CIVIL CONTRACT WITH THE PEOPLE OF THE STATE OF VERMONTR
THE CIVIL CONTRACT COURT ORDER OF ROBERT E ZORN VS
THE  STATE OF VERMONT RUTLAND COUNTYSUPERIOR  COURT

M PATRICIA  ZIMMERMAN, THE RUTLAND COUNTY SHERIFFS DEPARTMENT
THROUGH THE ACTIONS OF THE STATE VIOLATING THE CIVIL  CONTRACT
OF THE COURT ORDER MANDATED FROM THE U.S COUIRT OF APPEALS
2nd  circuit barring by res judicata collaTeral   ESTOPEL
THE STATE OF VERMONT AND THE RLATED CASE PERSONS AND  PARTYD
THE SATTE OF VERMONT  THROUGH THE  SHUMLIN, DOUGLAS ADMINISTRAT
ION  ARE HABITUALL OFFENDERS OF THE COURT ORDER CRIMINALLY IN CO
NTEMPT OF MAKIONG  NEW  FALSE CLAIMS ALL UNDER HABEAUS CORPUS
RIGHTS OF ROBERT E ZORN TO PROSECUTE  CRIMINALLY AND FOR
RELIEF OF THE DEMANDS  MADE BY HIM IN THE CASES
IN WHICH THEIR IS NO REPSONSE BY THESE  PERSONS OR PARTIES DEFAUL
TING IN THE A CTIONS AND PROCEEDINGS
SINCE THE NEWLY ACQUIRED ACTIONS OF THE TOWN OF MIDDLETOWN
SPRINGS THROUGH THE TOWN  CLERK WITH HELD FEDERAL AND STATE
TAX RECORDS SEE ATTACHED

AND THE  TWON CLERK LAURIE CASTLE PERJURED (TOWN OF MIDDLETOWN
HERSELF IN HER  OCCIAL CAPACITY       ( SBRINGS VERMONT
BY CITING  SHE SENT THE TAX REECORDS IN  BEFRORE august 9 2011
the actions of falsificsation of  public records
has taken place in  which  these documents
are original copies

16) since the town of middletown springs
VERMONT IS  STILL WITH HOLDING THE  PROERETYY
TRANFERS  TAX  RECORDS OF THE FORECLOSURE
OF THE GRAYSON  ESTATE IN WHICH THE PUBLIC RECORDS
OF THE OFFICIAL RECORDS OFGRAYSONS ESΔTYE

ESTATE  FALSIFYING THE  OFFICIAL RECORDS OF THE JUDGMENT
ORDERS  AGAINST HEFFEERMEHL MOLLO AND  GRAYSON
ARE OFFICIAL RECORDS AND THE ACTIONS OF THE
STATE OF VERMONT  TO STATE  ROBERT E ZORN IS INCOMPETANT BECAUSE
THESE RECORDS DONT  EXSIST AUTOMATICALLY
DISMISSES THE ACTIONS OF THE  PROCEEDINGS
IN THE RUTLAND COUNTY DISTRICT COURT DOCKET CASE
448 3 -11 RDCV STATE OF VERMONT  VS  ROBERT E ZORN
AND IN THE  RUTLAND COUNTY SUPERIOR COURT
DOCKET  CASE   STEPHANE RYAN  ET AL VS   ROBERT  ZORN, AND THE
DOCKET CASE WALTER A ZORN VS  E Robert  zorn
BEACUSE IN  ALL THESE  CASES THE OFFICIALS RECORDS
 UNDER THE FALSE CLAIMS ACT FEDERAL LAW INSTATE CRIMINAL LAW

BECAUSE THE RECEIVER  THE STATE OF VERMONT UNDR V.R.C.P 66
at no time re argued the cases or appeals or the defendnats  cou
nter defendnats  in which their is no reargument
against the judicial records thsat IN THE CASE AND APPEAL
WALTER A  ZORN AND A RTHUR B  ZORN   WITH HERBET
G OGDEN DID  WILLFULLY  AND CRIMINAL ILLEGALLY SEIZE EDNA A ZORN
AND  DID KILL EDNA A ZORN  BY  LIFTING LIFE SUPPORT FOOM
HER AND DESPOSING OF THE  CORSE WITH  CONENT OF HER
ADAVNCE DIRECTIVE NOTARIZED IN  A FULLY ORCHESTRATED CONSPIRACY
WITH THE PRIVATE SECTOR PARTIES AND STATE JUSTICES AMD ATRTORNEYS

ρ/)

20)  BACK GROUND STATE MENT OF RELEVANT FACTS FOR  CAUSE OF ACTION

THE   CASE IN THE STATE OF NEW YORK   UNITED STATES
DISTRICT COURT
IS CAUSED BY DIVERESITY RULE OF FALSE CLAIMS

AGAINST THE DEFENDANTS  CRIMINALLY UNDER THE FALSE CLAIMS  ACT

DEFAMATION AND   SLANDER LIBEL
IN WHICH THE RUTLAND HERALD  NEWSPAPER FALSIFIED THE ACTIONS
ACROSS STATE LINES TO NEW  YORK AND THE  ILLEGAL SEIZURES OF

PROPERTY CONVEYED BY THE  STATE OF VERMONT TO

AFTER THE PERESONS  NAMED AS  DEFENDANTS FALSIFIED   EVERY JUDI

CIAL COURT ORDER JUDGMENT,  AND COURT  ORDERS MANDATED

AGAINST THE STATE OF VERMONT IN WHICH THE  STATE OF VERMONT

THROUGH THE POLITICAL PARTY OF  GOVERNMENT  ACTED IN A FULLY ORC

HESTRATED CONSPIRACY AGAINST THE DECLARATORY  DECREES

OF THE JUDGMENTS MANDATED INCLUDING TH  JUSDTICES

OF TH  STATE  OF VERMONT  VERMONT  SUPREME COURT AND THE   UNITED

STATES  DISTRICT COURT  FOR THE DISTRICT OF  VERMONT
( BY MAKING  FALSE CLAIMS AGAINST THE   JUDGMENT ORDERS)
AND THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT JUS

tices named  with the  clerks of the courts

AND THE PRIVATE SECTOR  PERSONS AND COMPANIES AND ATTORNEYS

ILLEGALLY SEIZING ROBERT E ZORN  AND  EDNA A ZORN

IN WHICH THE  STATE OF VERMONT AS A  ACESSORY  VIOLATED AND

NEVER CONSENTING OR GIVEN UP THE  HABEAUS

CORPUS RIGHTS BY WAVING THE  RIGHTS

OF  DIVERSITY RULE OF TRIALS BY  JURY AS A RIGHT

VIOLATED AT AL:L TIMES  BY THE JUDICIARY OF THE  SATTE  OF VERMON

VERMONT  IN WHICH THE FEDERAL COURT JUSTICES UNDER THE ANTI INJUN

CTION ACT ARE NAMED AS INDIVIDUALS IN THE STATE OPF VERMONT

IN  CRIMINAL HABITUAL DUPLICITY OF VIOLATIONS OF COURT

ORDERS  UNAPPEALLAABLE AFTER THE  APPEAL WERE FINALIZED

IN THE UNUITED STATES COURT OF APPEALS IN WHICH THEY FILED

NO TIMELY  RE ARGUMENT
VIOLATED BY THE TOWNS A S  CITED IN VERMONT AND THE OUT

OF STATE PERSONS
pursuant of the  criminal  silent record

OF  CHRISTINA  REISS ACTIONS OF  FAILING TO DISCLOSE THAT ROBERT
  BY THE  NEWL:Y ATTACHED RECORD
E ZORN NEVER  WAVIED HIS RIGHTS TO APPEAL OF THE  DECESSIONS
OR THE  USE OF THE U.S DISTRICT COURT VT TO PROSECUTE THESE
PERSON   IN WHICH THE  ORDER DEFIES THESE RIGHTS, AND
OF THE STATE OF VERMONT AS  BEING A  PARTY IN THE ACTIONS
OF  USING THE  JUDICASRY FOR RACKETEERING PURPOSES
TO ILLEGALLY SEIZE THE  PROEPRTY OF ROBERT E ZORN,  SLAVERY
AND NEVER  WAVIED  HIS RIGHTS TO CONVEY TITLE TO  REAL ESTATE
THESE  RIGHTS OF CIVIL RIGHTS  HAVE BEEN  DESTROYED
BY THE ATTACHED ORDER
THE CLAIM OF DISMISSAL BY  REISS IN THE U.S DISTRICT COURT VT
IS  A FALSE CLAIM IN  STRRICT VIOLATION
OF HABEAYS CORPUS RIGHTS PLACING ROBERT E ZORN  IN DOUBLE  JEOP.
OF THE AACTIONS IS UNDER THE ANTI INJUCTION  ACT
OF THE  STATE OF VT ,HAVING NO JURISIDCITON  TO DO SO
OF STATE  LAW VIOLATIONS OF THE  FIRST AMENDMENT RIGHT TO REDR

ESS AND  HAVE  PUBLIC ACESS TO THE USE OF THE   COURTS
SEE HUMINSKI VS  ZIMMERMAN ET AL ATTACHED

PURSUANT OF THE  ACTIONS OF THE ATTORNEY ALLEN
REPRESENTING ROBERT E ZORN
KNOWINGLY THAT THE APPEAL WAS MADE AGAINST THE  ORDERS
OF  THE STATE OF VERMONT  RUTLAND COUNTY  DISTRICT COURT
 DOCKET CASE   STATE OF VERMONT   et al  vs
AND THE  BAIL
ROBERT E ZORNdocket case  no 448-3 11 rdcr

THE CLAIM OF REISS TO DISMISS AND CLOSE THE  CASE BOLSTERS THE
FACTS THAT THE STATE OF VERMONT  AND HER JUSTICES ARE DEFEDANTS
AS WELL THE ACTIONS OF REISS MAKE HER  A DEFENDANTAS WELL
INCLUDING THE VERMONT  SUPREME COURT JUSTICES
IN WHICH THE SAME ACTIONS   OCCURED IN THE PROCEEDINGS
IN THE STATE OF VERMONT  CASES RELATED  AND IN THE   CASE DOCKET
448-3 11 RDC R  BY THE PUBLIC  DEFENDER F ROB SPENSLY  CITING
ROBERT E ZORN  DIDNT CONTEST BEING AT THE  VERMONT STATE
HOSPITAL TOTALLY UNTRUE  WHEN ROBERT E ZORN  NEVER  WAIVED  HIS
RIGHTS  AS PROSE LITIIGANT THE ACTIONS OF THE JUDICIARY
ARE A FULLY ORCHESTRATED CONSPIRACY TO  ILLEGALLY SEIZE ROBERT E
ZORNS  PROPERTY
AFTER THE UNCONTETESTED  FACT THAT THE STATE OF VERMONT ALLOWED
THE ILLEGAL SEIZUFRE OF EDNA A ZORN  BY THE WASHINGTON COUNTY
SUPERIOR COURT AND COUNTY   ALLOWING THE MURDER
TO TKAE PLACE OF HER, AND DESPOSING THE  BODY BY CREMATYION
WITH OUT THE  CONSENT OF ROBERT E ZORN AND   THEN
ATTEMPTED TO MAKE ROBERT E ZORN INCOMPETANAT
BY TALING HIM ILLEGALLY TO THE  STATE  HOSPITAL OF VERMONT
TO ATTEMPT TO TREAT HIM  WITH NARCOTICS TO DESTROY
HIS  MIND AND  MEOMORY IN WHICH THE  SAME ACTIONS
TOOK LPLACE TO KILL EDNA A ZORN
SINCE  WHEN ROBERT E ZORN  WAS ILLEGALLY SEIZED
 AT THE STATE  HOSPITAL TRHE STATE  AND PRIVATE SECTOR
 PARTYS AND THE COUNTY OF RUTLAND FILED
   a law suit  agsinst Robert Zorn nevr accepted by Robert
   e  zorn

P 14

2/ JURISDICTION OF THE  FEDERAL COURT OF

NEW YORK
 RULE NO 17 .1  actions on  behalf of incompoetant  courts
judiciarys for  violations of mandatesd court orders
section IV.!
THE STATE  IS THE  PARTY TO WHOM THE SERVICE HAS TO BE SENT

AFTEER THE ATTACHED COURT ORDERS BY THE STATE OF VERMONT
ET AL DEFENDNATS UNDER MANDATORY SENTENCING
HAVE THE RESPONSIBILTYT OF

SAME AS  JOINER OF CLAIMS

SAME AS DESIGNATION OF ACTION

DISCOVERY
THE ONLY ACTIONS FOR  DISCOVERY IS TO REMOVE THE JUDICIAL
RECORDS OF THE HABITUAL OFFENDERS VIOLATIONS OF THE COURT ORDERS
ATTACHED

NOTICE OF JURY  TRIAL UNDER  DIVERSITY RULE  IS  DEMANDED BY
ROBERT E ZORN

AS WELL SETTLEMENTS UNDER WRONG  FULL DEATH AS THE STATE
AND FEDERAL GOVERNMENT  ARE PARTIES UNDER DIVERSITY

OFFICAL RECORDS RULE 56.1 violations habituall offendsers

under default judgment the state of vermont and federal
GOVT  DID  DEFAULKT IN THE PROCEEDINGHS  ISSUED
TO THE  STATE OF VERMONT ATTORNEY GENERALS OFFICE
AND THE UNITED STATES ATTORNEY  GENERALS OFFICE OF THE SOLICTOR
GENERAL

OTHER  JURISDCITION FEDERAL INCOME TAX  FRAUD INDENTITY THEFT

MISCONDUCT UNDER RULE 83. 5 contempt of  court  orders
HABITUALLY

TRANSFER OF OTHER  CASES TO ANOTHER DISTRICT
DUE TO PREJUDICSM

AND STATE  DU E TO CONTRACT RIGHTS LOST AND ILLEGAL CONVEYANCES
TO INSTATE OF NEW  YORK PERSONS

015

22)STATE VIOLATIONS OF FEDERAL AND STATE LAW

UNCONTETSTED BY THESE PERSONS

A SINCE DIMAURO NEVER RESPONDED TO THESE FACTS THEY ARE UNCONTETSTE
ESTED
ROBERT E ZORN HAS  EVERY RIGHT TO REPRESENT HIMSELF PROSE
ROBERT E ZORN ISNT A PUBLIC THREAT TO HJIMSELF OR ANY PERSON
WHEREBY THE FIREARMS ILLEGAL SEIZURES OF THE RIFLES AND  SHOT
GUNS DEMANDS IMMEDIATE POSSESION OF

ROBERT E ZORN SEEKS     ~illion dollars in damages  to
against the  rutland  herald  newspaper the  doctors
PSYCHITRISTS WHOM FALSIFIED THE RECORDS
AS CITED PUNITIVE DAMAGES AND
INTEREST

B SINCE THE STATE OF VERMONT ALLOWED THE  SERVICE TO
ROBERT E ZORN NOT HIS NAME OF THE  COURT ORDERED  MANDATE IN
THE RELATED CASE BROWN  ET AL  VS ROPBERT  E ZORN
AFTER THE CRIMINAL DIVISION OF THE STATE OF
VERMONT ATTORNEY GENERALSA  OFFICE  REVIEWED
THE  BREIF          CITING THE COURT ORDERED  MANDATES VALID
IN WHICH THE SERVICE  WAS REFUSED AT THE STATE  HOSPITAL BY ROB
ERT  E ZORN " ROBERT E ZORN DEMANDS  $45million dollars inpunit
ive damages against the  law firms of  langrock and associates
the MUNICIPAL UNIFIED COURT OF RUTLAND COUNTY VERMONT
THE   LAW FIRM OF LORENTZ LORENTZ AND HARNETT DEVINE
THE TOWN OF KILLINGTON VERMONT  AND THE
PERSONS  JAMES  D  BROWN  AND  THE RYAN PERSON  WHOM ISSUED THE C
COMPLAINT  FOR DEFAMATION  LIBEL GROSSLY FALSIFYING THE JUDICIAL
AND PUBLIC RECORDS OF THE ZTATE OF VERMONT IN WHICH
AT NO TIME  WAS ROBERT E ZORN EVER CITED FINES BY THE STATE
FOR HIS WORK ON THE CONTRACTS OF BROWN AND RYAN
AND  SUBSTITUTION OF ROBERT E ZORN TO THE  STATE OF VERMONT ATTOR
NET GENERAL AGAINST THESE HABITUAL OFFENDERS OF FALSIFYING
PUBLIC  AND JUDIICAL RECORDS UNDER THE FALSE
CLAIMS ACT  , DEMANDING THE FORECLOSURES REVERSING THE ACTIONS OF
THE SUIT

C SINCE ROBERT E ZORN NEVER  ACCEPTED SERVICE OF THE COMPLAINT
FEDERAL INDENTITY THEHFT OF ROBERT E ZORNS
FEDERAL INCOME  TAX RECORDS BY HERBET G  OGDEN AND THE
PERSONS CITED THE  COMPLAINT IS ALSO ISSUED TO THE UNITTED STATES
INTERNAL REVENUE SEW.VICES

D SINCE THE SATTE OF VERMONT ATTORNEY GENERALS OFFICE
CRIMINAL DIVISION DIDNT DISPUTE THE FRSAUDS OF
THE STATE AND FEDERAL COURT THE ACTIONS AGAINST THESE
COURTS IS UNCONTESTED

E UNDER ARTICLE ONE SECTION TEN OF THE U.S CONDTITUTION
the sate nor federal government has controll over the private se
ctor  contract rights obligated to support
whereby the attached response to the u.s district court
is simple that they dont have the jurisidiction to block
removeal of the case when the state county court
FALSIFIED INSTATE COURT ORDERS  IN DUPLICITY CIVIL  HABEAUS COR
PUS RIGHTS OFROBERT E ZORN

16

F and all expenses of  the injuries of the  cruel and
insane actions of the  vermont  state police
INFLICTING SERIIOUS INJURY TO Robert E Zorn

C ON  MARCH  30 2011, seriously injurying him
police  brutality, as well demanding all   court costs and legal
expenses and additonal  claims of libel defamation against
each  person reversing the claims

H under v.r.c.p 10 c and  execution of court order mandates
rule 41 c reversing the actions of the STATE OF VERMONT RUTLAND
COUNTY DISTRICT  COURT, JUDGE THERESA DIMAURO AND THE RUTLAND
COUNTY STATE  ATTORNMEY MARC BRIERRE AND SARAH BEARD AND
STATE  PSYCHIATRIST DUNCAN MUNSON , PSYCHITRISTS
LENDER AND  COTTON F3ALSIFYING JUDICAL RECORDS AND  PU  LIC
RECORD IN STRICT VIOLATION  DEFANATORY AND DELUSIONAL
TO THE FACTS OF THE PAST ACTIONS OF THE CRIMINAL ACTIONS OF HERB
ET G  OGDEN  .ND THE S TE OF VERMONT RUTLAND COUNTY SUPERIOR
COURT AND RELATED COURTS

I WHEREBY ROBERT E ZORN  ENTERS THIS NOTICE  OF APPEAL
ON THIS JUNE                    appealing all actions
OF THE STATE OF VERMONTS ILLEGAL SEIZURES OF ROBERT E ZORN
INCARCERATIONS TO ILLEGALLY SEIZE ROBERT E ZORN  , WITNESS TAMPER
ING  AND  DEMANDING ALL PROPERTIES ILLEGALLY SEIZED BY THE STATE
OF VSRMONT ,AND THE UNITED STATES DISTRICT COURTS
NEWLY ATTACHED  ORDER

J CITING ROBERT E ZORN MAY NOT BE A DEFENDANT IN THE
CASE FALSIFYING THE  PUBLIC  JUDICIAL RECORDS
THAT OF THE  BAIL , AND VIOLATIONS OF THE  COURT ORDERS
OFJUDGE DIMAURO OF THE  VERMONT SUPREME COURT ORDER
S S COTT SMITH AND THE ORDERS OF MANDATED COURT  ORDERS OF THE
UNITED SZTATES COURT OF APPEALS FOR THE SECOND CIRCUIT
HABITUAL OFFEND ING THE ORDERS

K WHEREBY ROBERT E ZORN UNDER THE SANCTIONS TO INCLUDE V.R.C.P 82
UNEFFECTED BY THE ORDERS OF THE MALICIOUS COURT
THE ORDERS OF THE SAASHINGTON COUNTY PROBATE COURT PROCEEDINGS
AND ALL RELATED PROCEEDINGS AGAINST THE COUNTER DEFENDNATS DEFEND
ANTS ARE VALID

K SINCE MARK  BREIERRE STOK STAR AND THE DOCTORS
PSYCHITRISTS FALSIFIED THE PHYSICAL BODILY INJURIES
LOSS OF HEARING AND TORN  SHOLUDER  ROTOR AND NECK AND KNEE
INJURIES CAUSING THE ACTIONS ON MARCH 30 2011
THESE FACTS WERE FALSIFIED BY THE PSYCHITRISTS
CAUSING THE ACTIONS TO  TAKE PLACE INCLUDING THE UNCONTETSTED
FACT THAT THE STATE OF VERMONT AND THE  JUDICIARY ARE
HABITUAL OFFENDERS OF THE RIGHTS OF ROBERT E ZORN
TO SEEK TREATMENT UNDER THE  DISSABILTYS RIGHTS ACT VIOLATED
BY THE   ET AL PARTYS  ,VERMONT STATE POLICE
AIDING AND  ATTRIBUTTING TO THE  PUBLIC THREAT OF  THEIR PERSONS
AND PARTY  MEMBER

23

THE STATE OF VERMONT AND THE UNITED STATES DISTRICT

COURT  FOR THE DISTRICT OF VERMONT JUDGE

DESTROYED THE CONSTITUTIONAL RIGHTS OF HABEAUS CORPUS RIGHTS

OF REMOVING THE THE CASE TO THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT TO REDRESS AND APPEAL THE  COURT

ORDERS OF JUDGE THERESA DIMAURO OF THE RUTLAND COUNTY  DISTRICT

COURT  THE STATE  COURTOF VERMONT  WHEN THE  JUSTICES WILL

FULLY AND AMLICIOUSLY  VIOLATED THE COURT ORDERS ATTACHED

CITING THEY DIDNT  EXSIST AFTER BEING SERVED ILLEGALLY SEIZING

ROBERT E ZORN FORCING  ROBERT E ZORN  TO HIRE A A TTORNEY

WHEN THE ATTORNEY AFTER HIRED

HAD SUPERIOR  KNOWLEDGE OF THE COURT ORDERS VIOLATED SEE ATTACHED

BY THE JUSTICE  DIMAURO AND  COUNTY OF RUTLAND

AND HERBET G OGDEN, AND THE STATE  ATTORNEY AND THE  VERMONT

SUPREME COURT JUSTICES ET AL INCLUDING WILLIAM SORRELL

THE STATE OF VERMONT ATTORNEY GENERAL, NEGLECTGENCES

OF  ALLOWING THE ILLEGAL  VIOLATIONS OF STATE LAW  TO PREVAIL

IN WHICH THE UNITED STATES SOLICITOR  GENERAL

NEVER  CONTESTED BY HIS  SERVICES SENT UNDER GOVERNMENT  RE

VEIW THE ACTIONS OF THE UNITED STATES

TO NOT SUPPORT THE CCOURT ORDERS AND A:LLOW ILLEGAL SEIZURES

OF ROBERT E ZORN AND  HIS  PROPPRTYSS MAKE THE UNITED STATES

EQUALLY AS GUILTY OF THESE CRIMES

UNDER DIVERSITY RULE ROBERT E ZORN

ENTERS THIS COMPLAINT AND SUMMONS

TO THE UNITED STATES  DISTRICT COURT

FOR THE  DISTRICT OF NEW YORK

IN WHICH THE DEFAMATION BY THE ET AL PERSONS AND STATE

OF VERMONT AND UNITED STATES

DID  VIOLATE ALL  CONSTITUIONAL RIGHTS AS CITED

ACROSS  STATE LINES CAUSING IRREPAIRABLE DAMAGES TO ROBERT E ZORN

BY DEFAMATION AND  ALSO CONVEYED RELA ESTATE  TO
JAMES H  jr ottaway
10 watch hill road new paltz n.y 12561


by  FALSIFYING THE  PUBLIC RECORDS AND  JUDICIAL RECORDS

of the  vermont  supreme court appeal and windsor county

SUPERIOR COURT  CASE  ZORN  VS RYAN ET AL IN WHICH THE STATE

VERMONT  DEPARTMENT OF TAXES DID  CONVEY TITKLE TO

REAL ESTATE BY FALSIFYING THE COURT RECORDS IN WHICH NARY K RYAN

WAS TRHE  EXECUTOR OF THE  ESTATE  AND THEN

TRANFERED  YEARS  LATER TITLE TO

STEPHEN RYAN  ILLEGALLY AFTER HER  CONVEYANCES TO ROBERT E ZORN

AFCTER  THE  PROEPRTYS OIF THE  DEFENDANTS RYAN AND  BROWN

WERE FORECLOSED ON  BY ROBERT E ZORN
IN WHICH THE TOWN  CLERKS  FAMILY MEMBERS
ALSO SOLD  PROPERTY TO THE SAME PERSON

Signed Robert E Zorn

652 South St

Middletown Springs

Vt
05757

August 19th 2011

August 19th 2011

Robert E Zorn
662 South St.
Middletown Springs, VT 05757
Tel: 802-235-2000

Page 19

**Other Documents**
5:11-mc-00040-cr In Re: Robert E. Zorn **CASE CLOSED on 08/04/2011**
CLOSED

## U.S. District Court

## District of Vermont

**Notice of Electronic Filing**

The following transaction was entered on 8/15/2011 at 1:14 PM EDT and filed on 8/15/2011
**Case Name:**          In Re: Robert E. Zorn
**Case Number:**        5:11-mc-00040-cr
**Filer:**              Robert E. Zorn
**WARNING: CASE CLOSED on 08/04/2011**
**Document Number:**  8

**Docket Text:**
**RESPONSE re: [7] ORDER denying [1] Motion for Leave to file Complaint by Robert E.
Zorn. (pjl)**


**5:11-mc-00040-cr Notice has been electronically mailed to:**

**5:11-mc-00040-cr Notice has been delivered by other means to:**

Robert E. Zorn
652 South Street
Middletown Springs, VT 05757

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1070689342 [Date=8/15/2011] [FileNumber=555606-0]
[32de006437406400e35aa1caf01e86152854d6c14cd32e053609265678debb393239
505e583a50220dc5bf05d1f619192c89d29857f9dd75a98660d71e2e6ffe]]

ROBERT E ZORN
652 SOUTH STREET
MIDDLETOWN SPRINGS VT
05757
AUGUST 8 2011

**RECEIVED**
**U.S. DISTRICT COURT**

AUG -9 2011

**RUTLAND, VT**

dear court  clerks

1) UNITED STATES DISTRICT COURT  FOR THE   DISTRICT OF VERMONT
P.O.B   607 RUTLAND VT 05702-0607

5:11-mc-40

U. S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
BY 8/9/2011
DEPUTY CLERK

please find  to be filed iN THE CASE   RE   ZORN
ROBERT E ZORN DOCKET number
5:11MC 40 cross cases    STATE OF VT
RUTLAND  DISTRICT COURT
FOR THE DISTRICT OF VERMONT STATE  OF VT vs
ZORN  ROBERT E,   docket case no 448 -3 11 RDCR
CROSS CASE  STATE OF VERMONT  RUTLAND  COUNTY SUPERIOR COURT
CROSS CASE RYAN ET AL   208 3 11 RDCV
AND  WALTER A ZORN ET AL     VS UNKNOWN
DOCKE T CASE NO 21-1 11 rdcv  -AND  STATE OF VERMONT  WASHING
TON  COUNTY PROBATE  COURT    ESTATE OF EDNA A ZORN D.N P067 10 wNE
state of  vermont Rutland county Superior court

2)        CLERK  Rutland county SUPERIOR          83 CENTER STREET
              COURT                             Rutland vt
05701         please File ,                      05701
in the above  docket casess
the same
3) as well  dear  clerk     STATE OF VT          9 merchants row
Rutland county   DISTRICT  COURT              RUTLAND VT 05701
PLEASE FILE IN THE   CASE  State of Vt vs Robert E Zorn
the same
RESPONSE TO THE UNITED STATES  DISTRICT COURT  FOR THE
DISTRICT OF VERMONT JUDGE REISS ORDER DENYING LEAVE FROM YOUR
CORUTS FOR FINAL JUDGMENT AND TO PROSECUTE UNDER THE FALSE
CLAIMS ACT THE PERSONS AND STATE OF VERMONT POLITICAL
PERSONS
4) AND  CLERK  WASHINGTON COUNTY PROBATE COURT STATE OF VT
10 ELM STREET MONTPELIER VT 05602
AND NOTICE OF INTERLOCUTROEY APPEAL AFTER THE APPEAL
WAS BLOCKED INTHE STATE COURT OF VT  RUTLAND COUNTY DISTRICT
COURT

5)  CLERK
Internal Revenue  services

 p.o.b 9052 ANDOVER  MASS 01810 9052

 to be filed  with ref to 0847123580
ltr 131c 1
Copy of this cover             continued complaint  for proven indentity the
      Sut to All litigant                                     theft

sinned ROBERT E ZORN 652 south street 05757

PAGE ONE OF CERTIFCATE OF SERVICE

Original

UNITED STATES DISTRICT COURT

DOCKET CASE 5;11 MC 40

FOR THE DISTRICT OF VERMONT

1) cross, STATEOF VERMONT          DOCKET CASE
2) RUTLAND COUNTY SUPERIOR COURT   CASE     NO 208 5 11 RDCV
3) cross STATE OF VERMONT RUTLAND COUNTY DISTRICT COURT DOCKET CASE
   IN RE TO ROBERT E ZORN                        No 448-3-111
4) CROSS RESPONSE TO FILINGS IN VT WASHINGTON COUNTY PROBATE COURT
   response of Robert E Zorn to         DOCKET   P067 10 WN
   ORDER DENYING MOTION FOR LEAVE by MOTION  FOR MISTRIAL
   OF THE ORDER DENYING LEAVE     DOC  No 5;11MC 40

DOC 1 OF          CHRISTINA REISS CHIEF JUSTICE

BOLSTERING THE FACTS OF THE STATE OF VERMONT  VERMONT SUPREME

COURT AND STATE  OF VERMONT  NAMED AS DEFENDANTS the Justice

RELATED CASES FALSIFYING JUDICIAL RECORDS OF
( ZORN Vs brown et al  same as VT SUPREME COURT ET AL JUDGES
RELATED CASES, AND AFTER THE  FACT THAT A  APPEAL WAS  MADE

TO THE VERMONT  SUPREME COURT IN THE ACTION BY

ROBERT E ZORN OF  DOCKET CASE 448-3-11 RDCR

STATE OF  VERMONT      FOR ALL  ACTIONS  OF THE COURT"

pursuant of the  competancy hearing the  judge
   AND  RESPONSE TO  NEWLY FORMED  FRAUD OF ARTHUR B ZORN
IN WASHINGTON  COUNTY PROBATE  COURT  VT"  THE

REASON THAT ROBERT E ZORN  WAS   ATTEMPTED TO BE MADE INCOMPETANT
BY THE POLITICAL  persons  OFTHE STATE OF VERMONT
WAS TO  REMOVE THE COURT ORDERED SANCTIONS OF  COURT ORDERS MANDA
TED TO PROFIT THE STATES POLITICAL PRIVATE  SECTOR PERSONS
AND PARTYS   IN WHICH  THESE ORDERS  WERE BOLSTERED AND
TOTALLY EXTORTED BY THIS RULING ATTACHED
AND PAST COURT ORDERS: MAKING THE ORDER  BY REISS, A MISTRIAL"
WHEREBY ROBERT E ZORN AFTER  THE AMENDED ANCILLARY
   MOTION TO REMOVE  WERE MADE BY ROBERT E ZORN"
AND IN SUPPORT OF INTERLOCUTORY APPEAL OF THE ORDER"
SINCE THE  NEW  RULING BOLSTERS THE UNCONTESTED FACT
THAT THE STATE OF VERMONT  HAS BEEN AND STILL IS A DEFENDANT
IN WHICH THE  VERMONT SUPREME COURT  AND  MARY MILES TEACHOUT
HAVING SUPERIOR KNOWLEDGE WITH WINDSOR COUNTY SUPERIOR
COURT AND THE  TOWN OF PLYMOUTH,
RYAN WAS THE EXECUTOR OF THE  ESTATE OF THOMAS RYAN
JUDICAL AND PUBLIC RECORDS THE CONVEYANCE TO  ANY PERSON
BY STEPHANE  RYAN  AUTOMATICALLLY PROOF BEYOND A DOUBT THAT
THAT THE JUDICIARY OF THGE UNITED STATES DISTRICT COURT
VERMONT FALSIFIEDTHE  JUDICIAL RECORDS BY THE NEW ORDER
IN WHCIH THE PREVECTION OF HT EMAECHANICS LIENS AGAINST THE
PROPERRTYS OF RYAN AND  BROWN WERE PERFECTED, AND THE STATE OF VERM
ONT VIOLATED THE  COURT ORDER MANDATED  NOW WITH THE JUYICIARY OF
UNITED STATES DISTRICT COURT JUSTICE REISS IN WHICH UNDER
THE ANTY INJUNCTION ACT HAS NO JURISDICTION TO ACT TOTALLY
INCOMPATANT OF THE COURT ORDERED SANCTIONS  OF THOSE DECLARATORY
DECREES IN A FULLY ORCHESTARTED CONSPIRACY  PROFITTING

CERTIFICATE OF  SERVICE
I ROBERT E ZORN

CERTIFY UNDER THE PENALTY OF PERJURY THAT ON
AUGUST 8th 2011   ROBERT E ZORN SENT  BY PRE PAID FIRST CLASS
U.S MAIL COPY OF THE  PAGE ONE REPONSE TO THE ORDER OF JUSTICE
REISS  PAGE ONE AND RESPONSE TO ARTHUR  B ZORN   FRAUDULENT
DEMAND   FOR RELEASE OF ROBERT E  ZORNS ASSESTS FORECLOSED ON
AND CONEYED BY TITLE TO ROBERT E ZORN BY
EDNA A ZORN
AND NOTICE OF INTERLOCUTORY APPEAL
AND ADDITON ORIGINAL OF SERVICE OF FILINGS  AUGUST 4th to the u.s
district court  vt to the litgants as  cited  below along with
the certificate of service copy of
signed ROBERT  E ZORN MANDATOR PETITIONOR
PLAINTIFF COUNTER PLAINTIFF APPELLANT

ON THIS  AUGUST 8th 2011

1) ARTHUR  B ZORN
   37 loomis street montpeier vt 05757

2) ATTORNEY GENERAL WILLIAM          STATE OF VERMONT   DEFENDANTS
   SORRELL                FOR  HERBETT G OGDEN  CARE OF ATT
   109 STATE  ST MONTPELIER VT 05609      GENERAL SORRELL

3) town of middletown springs vt
   10 PARK AVE  MIDDLETOWN SPRINGS VT 05757

4) the Rutland  Herald  newspaper
   27 WHALES STREET  RUTLAND VT 05701

5) ATT  ALLEN  KAMPMAN AND ASSOCIATES
   95 saint paul street Burlington  vt
   05401

6) TOWN OF PLYMOUTH VERMONT
   CARE OF  FRED GLOVER
   68 town office road
   plymouth vt 05056

7) LORENTZ LORENTZ AND HARNETT
   26 court street Rutland vt 05701

8) united States Att  general  HOLDER
   CARE OF THE  SOLICITOR  GENERAL

Signed                    [signature]  Agnel
                                       8-2011

Robert E Zorn
68 South St.
Middletown Springs, VT 05757
Tel: 802-xxx-xxxx

                                   Page 20 P20
                                   Certificate of Service

1) UNITED STATES DISTRICT  COURT

DOCKET CASE 5;11 MC 40

FOR THE DISTRICT OF VERMONT

cross, STATEOF VERMONT          DOCKET CASE
2) RUTLAND COUNTY SUPERIOR COURT  CASE     NO 208 3 11 RDCV

3) cross STATE OF VERMONT RUTLAND COUNTY DISTRICT COURT DOCKET CASE
IN RE TO ROBERT E ZORN                    No 448-3-111 RDCV

4) CROSS RESPONSE TO FILINGS IN VT WASHINGTON COUNTY PROBATE COURT

response of Robert E Zorn to  by MOTION  ( DOCKET  P067 10 WN C )
ORDER DENYING MOTION FOR LEAVE        FOR MISTRIAL

OF THE ORDER DENYING LEAVE    DOC  no 5:t MC 40

DOC 1 OF            CHRISTINA REISS CHIEF JUSTICE , attached

BOLSTERING THE FACTS OF THE STATE OF VERMONT  VERMONT SUPREME

COURT AND STATE  OF VERMONT  NAMED AS DEFENDANTS , the Justices
AND

RELATED CASES FALSIFYING JUDICIAL RECORDS OF Above cases
( ZORN  Vs brown  et al  same  as VT SUPREME COURT ET AL JUDGES$
RELATED CASES, AND AFTER THE  FACT THAT A  APPEAL WAS  MADE

TO THE VERMONT  SUPREME COURT IN THE ACTION BY

ROBERT E ZORN OF  DOCKET CASE 448-3-11 RDCR

STATE OF  VERMONT     FOR ALL  ACTIONS  OF THE COURT"

pursuant of the  competancy hearing the  judge DIMOURO
AND  RESPONSE TO  NEWLY FORMED  FRAUD OF ARTHUR  B ZORN
IN WASHINGTON  COUNTY PROBATE  COURT VT"  THE

REASON THAT ROBERT E ZORN  WAS  ATTEMPTED TO BE MADE INCOMPETANT
BY THE POLITICAL  persons  OF THE STATE OF VERMONT
WAS TO  REMOVE THE COURT ORDERED SANCTIONS OF  COURT ORDERS MANDA
TED TO PROFIT THE STATES POLITICAL PRIVATE  SECTOR PERSONS
AND PARTYS  IN WHICH  THESE ORDERS  WERE BOLSTERED AND
TOTALLY EXTORTED BY THIS RULING ATTACHED
AND PAST COURT ORDERS:. MAKING THE ORDER  BY REISS, A MISTRIAL"
WHEREBY ROBERT E ZORN AFTER  THE AMENDED ANCILLARY
MOTION TO REMOVE  WERE MADE BY ROBERT E ZORN"
AND IN SUPPORT OF INTERLOCUTORY APPEAL OF THE ORDER"

1) SINCE THE  NEW  RULING BOLSTERS THE UNCONTESTED FACT
THAT THE STATE OF VERMONT  HAS BEEN AND STILL IS A DEFENDANT
IN WHICH THE  VERMONT SUPREME COURT  AND  MARY MILES TEACHOUT
HAVING SUPERIOR KNOWLEDGE WITH WINDSOR COUNTY SUPERIOR
COURT AND THE  TOWN OF PLYMOUTH, AND Kittington Vt, that MARYK.
RYAN WAS THE EXECUTOR OF THE  ESTATE OF THOMAS RYAN
JUDICAL AND PUBLIC RECORDS THE CONEVEYANCE TO  ANY PERSON
BY STEPHANE  RYAN  AUTOMATICALLLY PROE BEYOND A DOUBT THAT
THAT THE JUDICIARY OF THE UNITED STATES DISTRICT COURT
VERMONT FALSIFIEDTHE  JUDICIAL RECORDS BY THE NEW ORDER
IN WHCIH THE PREVECTION OF HT EMAECHANICS LIENS AGAINST THE
PROEPRTYS OF RYAN AND  BROWN WERE PERFECTED ,AND THE STATE OF VERM
ONT VIOLATED THE  COURT ORDER MANDATED  NOW WITH THE JUYICIARY OF
UNITED STATES DISTRICT COURT JUSTICE REISS IN WHICH UNDER
THE ANTI INJUCTION ACT HAS NO JURISDICITON TO ACT TOTALLY
INCOMPATANT OF THE COURT ORDERED SANCTIONS  OF THOSE DECLARATORY
DECREES IN A FULLY ORCHESTARTED CONSPIRACY  PROFITTING

PAGE 1

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 AUG -4  AM 10: 11

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

)
)
IN RE: ROBERT ZORN          )          Case No. 5:11-mc-40
)
)

## ORDER DENYING MOTION FOR LEAVE
## TO FILE COMPLAINT
(Doc. 1)

    Plaintiff Robert Zorn, representing himself, has submitted a request for leave to file a Complaint.[1] In a prior Order in this case, the court denied, in part, his motion for leave to file, and ordered him to show cause why a potential habeas corpus claim should not be dismissed for lack of state court exhaustion. (Doc. 2.) Mr. Zorn's responses are now before the court.  (Docs. 5, 6.)

    Mr. Zorn's potential habeas corpus claim pertains to his allegation that he has been involuntarily committed by the state courts. As the court explained in its previous Order, a person who has been involuntarily committed may bring a federal habeas corpus challenge to the fact or duration of that commitment. See Buthy v. Comm'r of Office of Mental Health of New York State, 818 F.2d 1046, 1051 (2d Cir. 1987); Souder v. McGuire, 516 F.2d 820, 823 (3d Cir. 1975) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution."); Hunter v. Gipson, 534 F. Supp. 2d 395, 398 (W.D.N.Y. 2008). Before filing a federal habeas corpus petition, however, the petitioner must first exhaust available state court remedies. See 28 U.S.C. § 2254(b)(1)(A).

---

[1] Because of Mr. Zorn's "proclivity for filing meritless and resource-consuming claims," he has been barred from filing any new actions without receiving leave of the court. See Zorn v. Brown, No. 1:05-cv-297, slip op. at 4 (D. Vt. Nov. 30, 2005).  The Second Circuit has imposed a similar sanction. See In re Robert E. Zorn, No. 09-4273-cv, 09-4278-cv, 09-4281 (consolidated), slip op. at 2 (2d Cir. June 8, 2010) (ordering the Clerk of Court to "refuse to accept for filing any further submissions from Appellant unless he first obtains leave of the Court to file such papers.").

Case 1:11-cv-00221-jgm   Document 1   Filed 08/19/11   Page 26 of 98

Case 5:11-mc-00040-cr   Document 8   Filed 08/15/11   Page 6 of 42
Case 5:11-mc-00040-cr   Document 7   Filed 08/04/11   Page 2 of 3

The purpose of exhaustion is to give the state court an opportunity to correct any errors in the state process. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In order to satisfy the exhaustion requirement, a petitioner must have presented his claim to the highest court of the state. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808-09 (2d Cir. 2000) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). While Vermont law provides avenues for direct appeal and collateral review,[2] a petitioner need not exhaust each of these remedies so long as he gives "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In this case, Mr. Zorn has not demonstrated exhaustion of the state court process. In his initial filing, he stated that he was challenging his involuntary commitment. (Doc. 1-1 at 5, 11.) After the court issued its show cause Order, Mr. Zorn submitted two additional filings. In the first, he makes several references to a July 12, 2011 competency hearing. (Doc. 5 at ¶¶ 2, 13, 14, 19, 23.) In his more recent filing, Mr. Zorn again refers to the July 12, 2011 hearing, and notes that the state court's ruling is "to be appealed in the [S]tate of [Vermont] [S]upreme [C]ourt." (Doc. 6 at 2.)

Accepting Mr. Zorn's allegations as true, the competency hearing was held just over two weeks ago. While Mr. Zorn clearly plans to appeal the lower court's decision, and may have already done so, there is no suggestion in his filings that his appeal has been considered by the Vermont Supreme Court. Consequently, Mr. Zorn has failed to show cause why his current motion, seeking leave to commence a new action, should not be denied in its entirety for failure to exhaust his state court remedies.

Because Mr. Zorn must demonstrate exhaustion of his state court remedies *prior to* bringing a federal habeas corpus petition, his motion for leave to file a Complaint (Doc. 1) is DENIED without prejudice, and this case is CLOSED. Should Mr. Zorn exhaust his state court remedies, he may seek leave to re-file his petition in this court.

SO ORDERED.

---

[2] *See* 12 V.S.A. §§ 2383-86 (direct appeal) and 13 V.S.A. §§ 7131-37 (post-conviction relief).

Case 1:11-cv-00221-jgm   Document 1   Filed 08/19/11   Page 27 of 98
Case 5:11-mc-00040-cr   Document 8   Filed 08/15/11   Page 7 of 42
Case 5:11-mc-00040-cr   Document 7   Filed 08/04/11   Page 3 of 3

Dated at Rutland, in the District of Vermont, this ____ day of August, 2011.


Christina Reiss, Chief Judge
United States District Court

3

HAS TAKEN PACE AGAINST ROBERT E ZORNS FOURTH AMENDMENT RIGHTS

ROBERT E ZORN AND NO PERSON HAD TO BE  PUT  IN DOUBLE

jeopardy of  dimauro or the  justices as cited

8) since ARTHUR  B  ZORN  HAS JUST FILED  A FALSE CLAIM
IN THE STATE OF VERMONT WASHINGTON COUNTY PROBATE  COURT

PROCEEDING TO  ILLEGALLY SIZE ROBERT E ZORN PROPERTYS
in which robert e zorn never  gave any permission to release
THE RESPONSE IS MADE CROSS RESPONSE TO THE  UNITED STATES
INTERNAL REVENUE SERVICES,AND THE STATE OF VERMONT
WASHINGTON COUNTY PROBATE COURT  TO ENTER  FINAL JUDGMENT
FOR ALL MONETARY MONIES AND ASSETS EDNA A ZORN  HAS
AND ALL PROEPRTIES ILLEGALLY SEIZED INCLUDING  SAFE DEPOSIT
PROEPRTY CONVEYED TO ROBERT E ZORN BY AMENDED LAST WILL
CERETIFIED NOTARIZED BY HARRY HALDT THE THIRD WITNESSED
UNCONETSTED INTHE PROBATE COURT PROCEEDINGS
IN WHICH THERE IS NO EXECUTOR OF THE ESTATE OF EDNA A ZORN
BECAUSE ALL PROPERTIES WERE CONVEYED TO ROBERT E ZORN  AS FAR AS
MONETARY AND  REAL ESTATE COLLATERAL OF EDNA A ZORN
AND  A MECHANICS LIEN OF HER ASSETS FORECLOSED ON BY ROBERT E ZOR
ZORN,IN WHICH THE PERSONS ARTHUR  B ZORN AND  WALTER  A  ZORN DEF
AULTED IN THE PROCEEDINGS

9) SINCE ARTHUR B ZORN   FILED TO THE COURT THE
NOTICE TO RELEASE THESE           properties
THE STATE   DOENT HAVE JURISIDICTOIN OVER
THE CONVEYANCES OF ALL PROPERTIES OF EDNA A ZORN TO ROBERT E ZORN
UNCONTESTED BY JUDICIAL RECORD  in which Robert E Zorn demands
ALL THE PROPERTIES
SINCE  HERBET G OGDEN  FILED A FRIVILOUS COMPLAINT
ATTEMPTING TO FRAUD ROBERT E ZORN AFTER FILING A  FRIVILOUS COMPL
AINT AGAINST  ROBERT E ZORN IN WASHINGTON COUNTYY SUPERIOR COURT
VT AGAINST THE  JUDICIALR ECORDS AS CITED PRIVUIOUSLY
HE HAS BEEN UNDER ARREST ALONG WITH THE ATTORNEY GENERAL OF
THE STATE OF  VERMONT WILLIAM SORRELL
IN WHICH THE STATE HAS NO JURISIDCITON  OVER
ANY CASE  UNTILL THE  DECLARATORY JUDGMENTS OF CONVEYANCES
ARE MADE TO ROBERT E ZORN OF  THE  FORECLOSURES
OF THE  ET AL PROEPRTIES

10) SINCE ARTHUR  B  ZORN FILED TO ROBERT E ZORN
BY UNITED STATES  MAIL THE  ACTION  IT CONVICTS
ARTHUR  B ZORN OF ACTING UNDER FEDERAL INDENTITY THEFT
ALONG WITH HIS  PAST ACTIONS  OF PRE MEDITATED MURDER
OF EDNA A ZORN WITHT HE STATE OF VERMONT AS A ACESSORY

11) IN RESPONSE TO THE  COURT  STATE OF VERMONT WASHINGTON
COUNTY  PROBATE COURT AT NO TIME DID ROBERT E ZORN
GIVE ANY PERSON PLACE OR THING PERMISSION
TO ILLEGALLY SEIZE EDNA A ZORN OR HIS  PROPERTIES
AND AT NO TIME GIVES CONSENT  ORJURISIDCTION TO THE COURT
OF THE STATE OF VERMONT  OR ANY COURT PERMISSION TO
ILLEGALLY SEIZE HIS PROEPRTIES  OR ARTHUR  B ZORN
OR WALTER A ZORN  DEFAULTING IN THE PROCEEDINGS
NEVER  HAVING ANY JURISIDCTON IN WASHINGTON
COUNTY TO PROCEED WITH ANY ACTION" OF THE  ESTATE  OF EDNA A ZORN

(8e)  conveyed - to Robert E Zorn
uncontested).

12) PURSUANT OF INJUCTIONS  VERMONT  RULES AND CIVIL
PROCEEDURES   RULE 65 (d) FORM
AND SCOPE OF RESTRAINING ORDER OR INJUNCTRION OF THE PERMANANT IN
JUCTIONS BY  RES JUDICATA COLLATERAL ESTOPEL
OF THE  COURT ORDERED SANCTION OF INJUCTION 5
AGAINST THE STATE OF  VERMONT IN THE CASES, All Related Cases
ZORN VS RYAN ET AL, AND  ZORN VS T.HE STATE
OF VERMONT  ET AL ANDTHE INJUCTION  ZORN VS  PREMIERE HOMES ET AL
COURT ORDERS MANDATED  BINDING THE PARTIES FROM MAKING NEW CLAIMS
AGAINST THE ORIGINAL FACTS OF THE CASESS
THE  SPECIFIC PERFORMANCE UNDER V.R.C.P. 65,3THE RELEIF  WAS
CLEAR AND STILL IS OF THE FORECLOSURES OF ROBERT E ZORN  SEE CAMP
BELL  INNS V BANHOLOZER TURNE AND  COMP 1987 148 vt 1, 527 A 2d
1142. in which the  false  claims of Stephane Ryan  naming him
self of  executor of the estate  after the  court s the VERMONT
SUPR...  COURT AND THE  WINDSOR COUNTY SUPERIOR COURT
AND THE  DEFENDANTS APPELEES FAILED TO STATE  A CLAIM AGAINST THE
PUBLIC  RECORD THAT RYAN MARY K  RYAN  IS THE EXECUTOR     (See attached
OF THOMAS  RYANS ESTATE IN WHICH  SHE DID CONVEY TITLE TO  (conveyance
THE  MONETARY MONEY OWED OF $10,000.00PER LOOT IN  WHICH
THE  LOTS  WERE UNCONTESTED  AS  A FACT CLEARED,AND ROBERT E ZORN
WAS ENTITLED TO BE  PAID FOR THOSE LOTS CLEARED AND ROAD  WORK"
IN WHICH THE STATE OF VERMONT  WAS  THEN  NAMED AS A DEFENDANT
AS WELL THE  VERMONT  SUPREME COURT JUSTICES 1 THE NEWLY
FORMED  ORDER IS  A MISTRIAL  BOLSTERING THOSE FACTS
IN WHICH UNDER FEDERAL RULES 50 no fact NO RULING AND UNDER
UNDER  VERMONT RULES AND CIVIL PROCEEDURES  RULE 69
EXECUTION A WRITE OF EXECUTION  WASNT NECESSARY BECAUSE
THE COURT ORDER MANDATES  barred the state of  vermont
AND PARTIES FROM NEW CLAIMS THE CLAIM
BOLSTERED IN THE ATTACHED ORDER
BECAUSE OF THE PROCLIVITY OF FILING  MERITLESS CLAIMS
CONSUMING  RESOURC?CES OF THE  JUDICARY NOT
TO ALLOW THE FACTS TO BE ENTEERED THE REDRESS OF THE CASES
OF THE FIRST AMENDMENT RIGHTS IS HABITUALLY VIOLATED
BY THE  JUDICIARYS AND  THE  CHEIF  JUSTICE
REISS BY HER ORDER ATTACHED
SINCE THE PETITIONOR DID  PRFESENT THE  SANCTIONS
OF ARTICLE  ONE SECTION TEN  CONTRACT RIGHTS TO THE HIGHEST COURT
IN THE STATE  OF VERMONT, THE  VT SUPREME COURT
VIOLATED THE COURT ORDERS OF SANCTIONS
AS WELL THE JUDGE REISS,AND  DIMAURO
THROUGH THIS ORD  IN WHICH THE  ACTIONS OF NOT ALLOWING
THE  APPEAL OF THE ORDERS OF THE  RUTLAND COUNTY DISTRICT COURT
CASE DOCKET 498-311. RDCR AFTER  VIOLATIONS OF COURT ORDERED
MANDATES BY DIMARUO AND THE PRIVATE SECTOR PERSONS
UNDER HABEAUS CORPUS RIGHTS ROBERT E ZORN  HAD  EVERY RIGHT TO
REMOVE TO U.S DISTRICT COURT  FOR THE DISRICT OF VERMONT
THE CASE FOR FINAL JUDGMENT AS WELL THE  OTHER
CASES RELATED INCLUDING ZORN VS  BROWN

13)  since the actions  now  of the attached order
HABITUALLY FALSFY THESE RECORDS AND ORDERS
BOLSTERING THE UNCONTETSED FACTS OF THE  ACTIONS
SENT TO THE COURT  AS WELL: OF THE ANCILLARY
NOTICE OF REWMOVEAL IN WHICH  WILL BE FILED
IN HAND TO THE CLERK AGAIN ON  AUGUST 8 2011
with these  motions and INTERLOCUTORY APPEAL
C4 with attached Brief Mr 30 Br
of Brief Brzorn



*Exhibit 19*
*Page 1 of 2*

October 31, 2003

Dear Bob,

It is my understanding that Tom approved that you receive $20,000 for improving the roads to access lots allowed by the town of Plymouth. It is also my understanding that he approved that you should receive $10,000 per lot at point of sale of each lot for the preparation of same lot as to include removal of brush, trash, wood, and the cutting and removal of any trees that are dead, dangerous and/or obstructing a view.

Sincerely,

Mary K Ryan

Plymouth Town Clerk's Office
November A.D. 2003   at 1:25 PM

P 20

is made if the correction  isnt made
BY THE  JUSTICE  OF THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT COURT OF VERMONT JUSTICE REISS


WHEREBY THE  ACTIONS ARE  INDENTITY THEFT OF ROBERT E ZORNS
INCOME TAX RECORDS OF THE UNPAID  WORK IN RYANS AND BROWNS


ACTIONS  FORECLOSED ON BY JUDICIAL RECORD OF THE MECHANICS
LIENS  UNCONTETSTED SURPRESSED AND BOLSTERED BY THE STATE
OF VERMONT AND ALL RELATED ACTIONS MISTRIALS
AGAINST THE ORIGINAL PUBLIC AND JUDICIAL RECORDS
DEMANDING THE RELIEF AS CITED PREVIOUSLY PUNITIVE
BUY ROBERT E' ZORN

WHEREBYTHE ACTIONS OF  CHEWIF  JUSTICE REISS ARE A MRYSTRIAL
AGAINST THE JUDICAL RECORD
AND THE  PUBLIC RECORDS AS PREVIOUSLY CITED   STATUTORY LAW
VIOLATIONS IN WHICH THE JUSTICE  COULD HAVE BEEN  MISINFORMED



SINCE  THE  NEWLY FORMED FRAUD OF THE  D STATE OF
VERMONT  DEPARTMENT OEPARTMENT  OF TAXESCONVEYANCES
AS ATTACHED IN THE LAST FILING  SENT  AUGUST 4 2011
JUSTICE REISS COULDNT HAVE  FORE SEEN THE  RECORDS WITH HELD
BUT  MARY MILES TEACHOUT HAS  SUPERIOR KNOWLEDGE OF THE ATTACHED
DOCUMENT  CONVEYANCE OF MARY K  RYAN AS WELL
THE STATE OF VERMONT INDITING  TEACHOUT WITH
THE  ET AL DEFENDNATSIN THE CASE OF FALSIFYING JUDICIAL RECORDS
HABITUALLY

life imprisonment'

as a habitual offender

whereby Robert E Zorn  on this August 8th 2011
ENTERS THIS RESPONSE TO THE ORDER ATTACHED OF
U.S DISTRICT COURT JUSTICE REISS
EITHER TO CORRECT THE  MANIFESTED ERROR OF THE FALSIFYICATION
OF THESE RECORDS TO PROSECUTE THE STATE OF VERMONT  INDIVIDUALS
UNDER THE FALSE CLAIMS ACT AND IN RESPONSE TO ARTHUR
B ZORN  NEWLY FORMED  FRAUD IN WASHINGTON COUNTY PROBATE  COURT
VT  AFTER FILING A FALSE COMPLAINT AND  COMPLAINT CONTINUALLY
HABITUALLY  AS  A OFFENDER OF  JUDICAL
AND PUBLIC RECORDS  TO EHTIER CORRECT THE ERRORS  OF APPEAL THEM


AS A CONSTITUTIONAL INTERLOCUTORY APPEAL AS A RIGHT
SINCE THE UNCONTESTED FACT OF THE BOLSTERED  FRAUDS  CONTINUE
BY THE  JUDICIAL RECORD OF THESE JUSTICES
IN WHICH THE STATE OF VERMONT  NEVER WAS RELEASED AS A PARTY
UBY ROBERT E ZORN  MAKING IOT AN IMPSSIBILTY TO
HOLD A HEARING OR TRIAL UNTILL THE ORIGINAL
PROCEEDINGS  AND FORECLOSURES UNDER COURT ORDERS
HAVE BEEN ACTED  ON , DEMANDING DISMISSAL
OFD THE ORDER AND ORDERS AND THE CASE IN  THE STATE OF VERMONT
RUTLAND COUNTY DISTRICT COURT, AND PROCEESDINGS IN THE STATE
COURTS AS CITED PAGE ONE OF THE CASES

SIGNED ROBERT E ZORN MANDATOR  PETITIONOR
CROSS

*Original*

UNITED STATES DISTRICT COURT          docket
                                      CASE  NO
FOR THE  DISTRICT OF VERMONT          5:11MC 40
ROBERT  E ZORN
          CROSS

THE STATE OF VERMONT                  DOCKET CASE  NUMBER

RUTLAND COUNTY DISTRICT COURT          448-3-11 RDCR

THE STATE OF VERMONT

POLITICAL PARTYS, HERBET G OGDEN

ET AL
vs

ROBERT  E ZORN

NOTICE OF INTERLOCUTORY APPEAL OF THE
ORDER DENYING MOTION  FOR LEAVE TO FILE COMPLAINT
AND FOR  ENFORCEMENT OF  CIVIL RIGHTS COURT ORDERS
SEE ATTACHED ORDER,  ,AND CROSS  NOTICE OF APPEAL
OF THE  COMPETANCY  HEARING  JULY 12 2011

and order NOT PUBLISHED BY THE  STATE OF VERMONT
RUTLAND COUNTY DISTRICT COURT JUDGE  DIMAURO
IN WHICH THE ORDERS OF THESE COURT  BOLSTERED AND FALSIFIED
 the  judicial record and public record of zorn vs  brown et al
THE JUDICIAL RECORDS AND PUBLIC RECORDS OF THE CASE
AND RELATED CASES,IN VIOLATION  OF THE
CIVIL RIGHTS OF THE  14th AMENDMENT OF ROBERT  E ZORNS
CONSTITUTIONAL RIGHTS AND  VIOLATED  AETICLE TWO SECTION THREE
OF THE  U.S CONSTITUTIONAL RIGHTS OF ROBERT E ZORN
AND  VIOLATED THE FIFTH AMENDMENT RIGHT , 1st and  fourth and
all rights cited

WHEREBY  ON THIS  AUGUST 8th 2011    ROBERT  E ZORN ENTERS
                        ; this  notice of  appeal
of the  ATTACHED  ORDER, AND THE UNPUBLISHED ORDER
OF  JUDGE  DIMAURO AND ALL ORDERS OF  JUDGE
DIMAURO  IN THE  STATE OF VERMONT RUTLAND COUNTY
DISTRICT COURT  ABOVE DOCKETED  CASE,AND  ALL ORDERS
OF  JUDGE REISS OF THE UNITED STATES DISTRICT COURT
IN WHICH  HER  RULINGS FALSIFY THE ACTUAL FACTS
AND JUDICIAL RECORDS OF RELATED CASE ZORN VS  BROWN ET AL
AND THE UNCONTESTTED FACT  THAT THE STATE OF VERMONT IS .
A DEFENDANT  IN THE  CASE  ACTIONS FALSIFIED BY THE ORDER APPE
ATTACHED   IN WHICH THE  JURISIDICITON  AFTER
   THE PERSNS AND JUDICIARIES  VIOLATED COURT ORDERS
OF CIRCUIT COURT ORDERS IN CONCERT WITH
   PRIVATE  SECTOR PARTIES AND PERSONS,ACTED AGAINST THESE CIVIL
   RIGHTS  HABEAUS  CORPUS RIGHTS OF ROBERT E ZORN
   IN WHICH ROBERT E ZORN ENTERS THIS NOTICE OF INTERLOCUTORY APPEA
    TO THE UNITED STATES COURT OF APPEALS TO THE  SECOND CIRCUIT
   AAND THE  COURTS  ABOVE CITED AND LITIGANTS"
     SIGNED ROBERT E ZORN
                                      ONE  OF ONE WITH ATTACH
                                        order

NOTE  A  TRANSCRIPT  WAS ORDERED  BY THE COURT REPORTERS ROBERT E ZORN
BY ROBERT E ZORN AND PAID FOR TO THE  RUTLAND COUNTY DISTRICT COURT  652 SOUTH
OF  STATE OF VERMONT RUTLAND COUNTY DISTRICT COURT  ST middle
ORDER JULY 12 2011 hearing competancy  of  docket casetown  springs Vt 05757  Tel 802 25 2507

Case 1:11-cv-00221-jgm   Document 1   Filed 08/19/11   Page 33 of 98
Case 5:11-mc-00040-cr   Document 8   Filed 08/15/11   Page 13 of 42
Case 5:11-mc-00040-cr   Document 7   Filed 08/04/11   Page 1 of 3

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2011 AUG -4   AM 10: 11

CLERK

BY _____
DEPUTY CLERK

)
)
IN RE: ROBERT ZORN                    )          Case No. 5:11-mc-40
)
)

## ORDER DENYING MOTION FOR LEAVE
## TO FILE COMPLAINT
(Doc. 1)

Plaintiff Robert Zorn, representing himself, has submitted a request for leave to file a Complaint.[1] In a prior Order in this case, the court denied, in part, his motion for leave to file, and ordered him to show cause why a potential habeas corpus claim should not be dismissed for lack of state court exhaustion. (Doc. 2.) Mr. Zorn's responses are now before the court.   (Docs. 5, 6.)

Mr. Zorn's potential habeas corpus claim pertains to his allegation that he has been involuntarily committed by the state courts. As the court explained in its previous Order, a person who has been involuntarily committed may bring a federal habeas corpus challenge to the fact or duration of that commitment. *See Buthy v. Comm'r of Office of Mental Health of New York State*, 818 F.2d 1046, 1051 (2d Cir. 1987); *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution."); *Hunter v. Gipson*, 534 F. Supp. 2d 395, 398 (W.D.N.Y. 2008). Before filing a federal habeas corpus petition, however, the petitioner must first exhaust available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

---

[1] Because of Mr. Zorn's "proclivity for filing meritless and resource-consuming claims," he has been barred from filing any new actions without receiving leave of the court. *See Zorn v. Brown*, No. 1:05-cv-297, slip op. at 4 (D. Vt. Nov. 30, 2005). The Second Circuit has imposed a similar sanction. *See In re Robert E. Zorn*, No. 09-4273-cv, 09-4278-cv, 09-4281 (consolidated), slip op. at 2 (2d Cir. June 8, 2010) (ordering the Clerk of Court to "refuse to accept for filing any further submissions from Appellant unless he first obtains leave of the Court to file such papers.").

The purpose of exhaustion is to give the state court an opportunity to correct any errors in the state process. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In order to satisfy the exhaustion requirement, a petitioner must have presented his claim to the highest court of the state. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808-09 (2d Cir. 2000) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). While Vermont law provides avenues for direct appeal and collateral review,[2] a petitioner need not exhaust each of these remedies so long as he gives "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In this case, Mr. Zorn has not demonstrated exhaustion of the state court process. In his initial filing, he stated that he was challenging his involuntary commitment. (Doc. 1-1 at 5, 11.) After the court issued its show cause Order, Mr. Zorn submitted two additional filings. In the first, he makes several references to a July 12, 2011 competency hearing. (Doc. 5 at ¶¶ 2, 13, 14, 19, 23.) In his more recent filing, Mr. Zorn again refers to the July 12, 2011 hearing, and notes that the state court's ruling is "to be appealed in the [S]tate of [Vermont] [S]upreme [C]ourt." (Doc. 6 at 2.)

Accepting Mr. Zorn's allegations as true, the competency hearing was held just over two weeks ago. While Mr. Zorn clearly plans to appeal the lower court's decision, and may have already done so, there is no suggestion in his filings that his appeal has been considered by the Vermont Supreme Court. Consequently, Mr. Zorn has failed to show cause why his current motion, seeking leave to commence a new action, should not be denied in its entirety for failure to exhaust his state court remedies.

Because Mr. Zorn must demonstrate exhaustion of his state court remedies *prior to* bringing a federal habeas corpus petition, his motion for leave to file a Complaint (Doc. 1) is DENIED without prejudice, and this case is CLOSED. Should Mr. Zorn exhaust his state court remedies, he may seek leave to re-file his petition in this court.

SO ORDERED.

---

[2]  *See* 12 V.S.A. §§ 2383-86 (direct appeal) and 13 V.S.A. §§ 7131-37 (post-conviction relief).

Dated at Rutland, in the District of Vermont, this ____ day of August, 2011.

Christina Reiss, Chief Judge
United States District Court

38) pursuant of the state  and county land records
    of the  grand  list of the properties
    in the  TOWNS OF PLYMOUTH VERMONT   CHAGED
    IN THE YEAR 2010 SEE ATTACHED THE PERSON OTTWAY
    BROWN TRANSFERED  HIS PROEPRTY TO
    against the judical and public records
    of c ourt orders  after ROBERT E ZORN  PAID  FOR THE
    TRANFERS IN WHICH THE  STATE OF VERMONT  CONVEYED TITLE
    TO   THIS PERSON  BY THE PAROLE EVIDENCE LEFT OUT
    BY THE TOWNS OF KILLINGTON  PLYMOUTH AND THE SAME  CIRCUMSTANCE
    IN THE TOWN OF MIDDLETOWN  SPRINGS    ALL VDRMONT TOWNS

39) since teachout  filed  a  injunction after this  fact she crimina
    lly  with the state  of VERMONT  FALSIFIED  PUBLIC RECORDS
    WITH THE  ATTACHED ENTRY OF THE  PERSON
    ATTORNEY SPERRY  IN  A FULLY  ORCHESTRATED CONSPIRACY
    ACROSS SATTE LINES  WITH THE PERSON SEE ATTACHED COPY OF  GRAND
    LIST TRANSFER CONVEYANCE IN WHICH THE STATE
    OF VERMONT  STATED  IN THE  WEEK OF  AUGUST 2nd
    THAT THE TOWNS  NEVER  SENT  THEM THE  TRANSFER NOTICES
    WHEN IN FACT THE STATE  HAS  SUPERIOR KNOWLEDGE THAT
    ROBERT E ZORN AFTER HIS FORECLOSURES AND  NOTICES  DID
    FORECLOSE ON THOSE  PROEPERTIES UNDER THE SATTUTORY RULES AS
    APPLIED
    PURSUANT OF THE INJUCTION  BY TEACHOUT  IT  WAS PRIOR TO
    THE RESPONSE TIME OIF ANY TO RESPOND TO THE COMPALINT
    IN WHICH THE  ATTACHED  COPY OFTHE   NOTICE OF APPEARANCE
    OF   SPERRY  WOOL  LANGROCK WAS AFTER THE  HEARING
    IN WHICH NEVER  COULD  HAVE BEEN  HELD UNDER STATUTORY
    LAW FALSIFYING THE PUBLIC  RECORDS OF THE CONVEYANCES
    IN THE  TOWN OF PLYMOUTH VERMONT AND KILLINGTON  VERMONT
    IN WHICH THE  ACTIUONS ARE ORGANIZED CRIME A  FALSE COMPLAINT
    NEVR  SERVING ROBERT E ZORN UNDER HIS  NAME
    FEDERAL INCOME TAX INDENTITY THSFT
    RACKETEERING THROUGH THE USE OF THE JUDICIARY
    BECAUSE ROBERT E ZORN  ALREADY FORECLOSED ON THE PROEPRTYS
    THE STATE OF VERMONT  DEFIED THE CIVIL RIGHTS AS CITED
    OF EQUAL PROTYEECTOON OF LAWS' BOLSTERING THESE
    FACTS  A MISTRIAL BEFORE THE TRIAL  IF THE  PROPERTY
    WAS ILLEGALLY SEIZED  COULD HAVE TRANSPIRED , BECAUSE
    THE  CONVEYANCES  NEVER TOOK PLACE TO ROBERT E ZORN
    IN WHICH THE  FIRM IS LIABLE  WITH THE  TOWN OF KILLINGTON
    VERMONT   FOR FALSIFICATION  OF PUBOLIC AND JUDICIAL RECORDS
    DEFAMATION   LIBEL SLANDER SERIOUSLY INJURYING ROBERT E ZORN
    THE SAME AS THE ACTIONS A GAINST  RUTLAND COUNTY SUPERIOR COURT
    TO ATTEMPT TO FILE A SUIT AGAINST A UNKNOWN PERSON
    FALSIFYING  ROBERT E ZORNS  NAME AFTER THE PUBLIC RECORDS
    PROVEN AS  A FACT FALSIFYED  THE  FORECLOSURES OF GRAYSONS
    AND EDNA  ZORNS ALLEDGED ESTATE AFTERTHE  CASE AND APPEAL
    OF THE WASHINGTON COUNTY PROBATE COURT AND  COURTS
    WERE OVER,  ALL FALSE CLAIM UNDER THE FLASE  CLAIMS ACT

Robert E Zorn
652 South St.
Manchester Springs, VT 05255
Tel 847. 752. 5000

40) WHEREBY ROBERT E ZORN  UNDER HABEAUS  CORPUS RIGHTS AS CITED
    JOINS THESE NEWLY DISCOVERED FRAUDS OF THE STATE AND
    COURT  AND ENTERS THIS  ANCILLARY NOTICE OF REMOVEAL
    TO BE ADDED TO THE CASE REMOVEALS AND DEMANDS JUDGMENT AS CITEF
    AND  TO PROCESS THESE CRIMINALS  UNDER THE FLASE  CLAIMS ACT A
    PREVIOUSLY CITED CIVIL RIGHTS HABEAUS CORPUS RIGHTS OF ROBERT
    E  ZORN ON THIS   AUGUST AUGUST 4 2011

STATE OF VERMONT    3431729

SUPERIOR COURT                          CIVIL DIVISION
Rutland Unit                            Docket No. 208-3-11 Rdcv

JAMES D. BROWN, AND STEPHEN RYAN,
EXECUTOR OF THE ESTATE OF THOMAS RYAN
        Plaintiffs

                                                    CONFORMED COPY
              v.                                    VERMONT SUPERIOR COURT

                                                        APR 2 0 2011
ROBERT ZORN,
TOWN OF KILLINGTON, and                                  RUTLAND
TOWN OF PLYMOUTH
        Defendants

## PRELIMINARY INJUNCTION

The above-captioned matter came on for hearing regarding Plaintiffs' Motion for
Preliminary Injunction at the Vermont Superior Court, Civil Division, on Thursday, April 14,
2011 Honorable Mary Miles Teachout, Vermont Superior Court Judge, presiding. The Plaintiff
was represented by his attorney Thaddeus R. Lorentz, Esquire. Defendant Zorn was allowed to
listen to the proceeding by telephone. Service was effected upon the Town of Killington with
respect to the initial Complaint and the Ex Parte Temporary Restraining Order, however, the
Town of Killington did not appear.

After reviewing the pleadings and hearing the representations of Plaintiffs' counsel, the
Court makes the following findings:

1.   There is evidence that Plaintiff Brown owns property in the Town of Killington
since 1966 and acquired two other parcels on or about 1997.

2.   There is no evidence that Plaintiff Brown has ever executed a mortgage deed to
Defendant Zorn, nor is there evidence that Defendant Zorn perfected a lien through the
Mechanic's Lien statutes.

3.   Defendant Zorn filed a document in the land records of the Town of Killington
entitled "Non-Judicial Foreclosure" on or about June 8, 2010. Said document has no apparent
basis in law.

3)) DESPITE TH RULINGS THE PERSONS
HEFFERMEHL DEFAULTED,  MOLO, AND THE SATTE OF VERMONT
DEFAULTED IN THE (PROCEEDINGS) AS A CCESSORY TO THE PREMEDITATED
MURDER OF EDNA A ZORN  ILLEGALLY SEIZING EDNA A ZORN
IN  AFULLY ORCHESTRATED CONSPIRACY WITH
HERBET G OGDEN  WALTER A  ZORN  ARTHUR  B ZORN
IN WHICH THEY DEFAULTED WITH THE ET AL COUNER DEFENDNATS

BECAUSE THE NEWLY ACQUIRED ATTACHED DOFCUMENTS
PROVE BEYOND A DOUBT THAT THE RUTLAND COUNTTY SUPERIOR
COURT IN THE CASES  docket 208-3 11 , and
CITED  PREMEDITATED THE  ACTIONMS TO PROFIT THEIR
 PARTY M,EMEBRS BY FALSIFICATION OF

ROBERT E ZORNS INDENTITY OF  MECHANICS  LIENS
AND PUBLIC RECORDS

IN A FULLY ORCHESTRATED CONSPIRACY  WITH THE  STATE
OF VERMONT AND TOWNS OF MIDDLETOWN SPRINGS VERMONT
 KILLINGTON  VERMONT, PLYMOUTYH VERMONT
  THESE TOWNS AS MUNICIPALTALITYS ARE JOINED
   BY TYHESE  NEWLY FORMED ACTIONS
  OF FURTHER FALSIFYING THESE  RECORDS WITH HOLDING
 EVIDENCE  IN WHICH PUNITIVE  DAMAGES ARE DEMANDED

 IN WHICH THE  STATE OF VERMONT  AND RUTLAND COUNTY  HAS A
  DIRECT CONFLICT OF IONTEREST WITH  THE JUDICARYS
  NAMED DEMANDING ALL COURT COSTS, AND  RELIEF AS  CITED
  BY ROBERT E ZORN AND IMMEDIATE  DISMISSAL
  OF THE CLAIMS AGAINST ROBERT E ZORN
   IN ALL CASES  AND THE IMMEDIATE DISMISSAL  OF THE
E   state claims and retrurn of the bail and  proeprties
    taken in the  cases cited  page one of this
    ancillary compalint and injuctive releiff
 against  the VERMONT STATE POLICE AND JUDICIARY
 OF THE   STATE  COURTS AND JUSTICES NAMED
 AND PREVIOUSLY NAMED UNDER  MANDATORY SENTENCING

*By Declaratory Adjment*

*By court ondras*

*of oniginal Ctree*

*And Appeall /*

*Demanding Dismissl of all*

*Cases in Rtland County*

*with Prejudice of Page  1*

*Case Docket,*

22

26) SINCE THE PERSONS  JAMES D  BROWN  AND  JAMES  H  OTTAWA
JR ARE OUT OF STATE  PARTIES ILLEGALLY SEIZING  ROBERT E ZORNS

   properties foreclosed on THE  ACTIONS ARE UNDER
   DIVERSITY OF JURISIDCITION IN U.S DISTRICT COURT  VERMONT
   ALL UNDER THE FALSE CLAIMS  ACT
   WHEREBY  MARK L SPERRY,  STEPHEN  RYAN JAMES D BROWN
   YOU ARE UNDER ARREST, AND
   to the past ARRESTS  OF HERBET G OGDEN  JOINING AS WELL
   MARY MILES TEACHOUT,  THERESA DIMAURO YOUHAVE THE RIGHT
   TO REMAIN SILENT EVERY THING YOU STATE WILLBE
   USED  AGAINST YOU IN A COURT OF LAW GOVERN BY THE PEOPLE OF
   UNITED STATES OF AMERICA,YOU  DO HAVE THE RIGHT TO OBTAIN AS MANY
   ATTONRYS AS YOU SEE FIT YOU ARE BEING CHARGED
   WITH CRIMINAL FALSIFICATION OF JUDICIAL RECORDS
   DEFORMATION, AIDING AND ATRIBUTING THE THE  GRAND LARCENY
   OF HERBET G OGDEN AND THE COUNTER DEFENDANTS  OF THE RELATED CAS
   ES AND  CASE AND  APPEALS
   YOU ARE ALSO BEING  CHARGED AS HABITUAL OFFENDERS OF FALSIFICATION
   CATION  OF  PUBLIC AND JUDICIAL REOCRDS
   IN  A FULLY ORCHESTRATED CONSPIRACT WITH THE NAMED
   ARTICLE THREE SECTION TWO VIOLATIONS OF  CIVIL RIGHTS
   OF THE UNITED STATES CONSTITUTION  , R.I.C.O

27) SINCE THE ORDERS OF THE  RELEASE  RESTRICT THE RIGHTES  TO REDRES
   REDRESS AND  RESPOND TO HERBET G  OGDENS FALSE CLAIMS THE CLAIMS
   AGAINST OGDEN  ARE RSPONDED TO TO THE ATTORNEY GENERAL OF THE
   STATE OF VEWRMONT IN WHICH  OGDEN VIOPLATED THE RESTRAINING ORDER
   AGAINST HEFFERMEHLK  BEFORE THESE ACTIONS TOOK  PLACE

28) SINCE THE  VIOLATIONS OF  CITING ROBERT E ZORN  IS INCOMPETANT
   TO STAND TRIAL ARE  AFTER THE TRIALS OF THE  ORIGINAL
   CLAIMS TOOK  PLACE THE PERSONS  ET AL DEFENDANTS  COUNTER DEFENDN
   NTS ARE  ALL UNDER ARREST A BEING TOTSLLY INCOMPETANT TO RESIDE
   AS  JUSTICES AND OR ATTORNEYS UNDER MANDATORY SENTENENCING

   SINCE

29) THE PROCESS IN  BEHALF OF AND PERSON NOTPARTIES WAS USED
   UNDER  F.R.C.P.71 SAME AS  V.R.C.P.71 before the  competancy  hea
   ring   JULY 12 2011 the justice Dimaruo and the  sanctions
   in  rutland county district court and superior court
   in the docketed case  state of vt vs zorn  448-3 11 rdcr
   VTDIST CT, RUTLAND COUNTY: AND  ZORN  VS E  ROBERT   ZORN
   RUTLAND COUNTY SUPERIOR COURT,  AND RYAN ETAL  VS ROBERT   ZORN
   FALSE CLAIMS  BY THE FCATS PREVIOUSLY CITED AND UNDER DECLARATORY
   DECREES OF THE SATTE LAWS AS CITED  PREVIOUSLY AND NEWLY FORMED
   FACTS AS CITED PUBLIC ANDJUDICIAL RECORDS

30) PURSUANT OF THE   FACTS THE STATE OF VERMONT  WITH THE RUTLAND CO
   UNTY UNIFORMED MUNICIPAL COURTS BOLATERED THE FACTS WITH THE ET A
   AL NEWLY ARREESTED PERSONS

31) AFTER THE ARRESTS WERE  MADE IN THE RELATED CASES
   FOR FALSIFIYING JUDICAL RECORDS THE STATE  WAS NAMED PREVIOUSLY
   AS A COUNTER DEFENDAAT IN WHICH THE   COURT  CASES IN THE STATE
   OF VERMONT RUTLAN COUNTY UNIFIED  COURT THE JUSTICES HAVE  NO
   JURISDICITION OVER  AFTER FALSIFYING THE
   JUDICIAL RECORDS AND BEING NAMED  PREVIOUSLY AS DEFENDNATS AND CO
                      AS CORRUPT POLITICAL PERSONS

22 THE PERSONS AND ENTITYS NAMED FALSIFIED THE JUDICIAL

AND PUBLIC RECORDS HABITUALLY OF COURT CASES AND RELATED CASES
and these records newly found after the fact of tranfers

AND COURT ORDERS APPEALLED FROM THE UNITED STATES COURT OF

APPEALS FOR THE SECOND CIRCUIT

by the attached order of Teachout

See ORDER Ratifying Attache Order list

THE PERSONS AND ENTITYS NAMED AS DEFENDANTS GROSSLY DEFORMED

AND LIBELED ROBERT E ZORN ACROSS STATE LINES DESTROYING

CONTRACT RIGHTS IN THE STATE OF VERMONT AND OTHER

states and the state of     NEW YORK


23) THE DEFENDNATS FALSIFIED AND WITH HELD EVIDENCE, AND PERJURED

THEMSELF HABITUALLY IN COURT ACTIONS IN THE RELATED CASES

AND CASES UNDER FEDERAL JURISIDCITON OF THE FALSE CLAIMS ACT

THE DEFENDNATS UNDER 42 U.S 1983 falsified declaratory

decrees of STATE COURT ORDERS, AS INSTATE DEFENDANTS , WHILE

ACTING IN THEIR OFFICIAL CAPACITY AS INSTATE VERMONT JUSTICESS

INCLUDING UNITED STATES DISTRICT COURT JUSTICES

WILLAM SESSIONS THE THIRD, J GARVAN MURTHA, JEROME

NIEDERMIER    ET AL

24) THE VERMONT STATE POLICE FALSIFIED POLICE REORTS, IN A FULLY OR
CHESTRATED CONSPIRACY WITH THE DEFENDNATS IN PART PRIVATE SECTOR
PERSONS

25) The firm langrock and associates falsified the fact that
the conveyances never took place of the foreclosures
WITH THE TOWN OF KILLINGTON VERMONT
AFTER PERJURYING THEMSELFS BY CITING AND AGREEING
THAT THE FORECLOSURES TOOK PLACE AGAINST THE PUBLIC RECORDS OF
COURT ORDERS LABELING ROBNERT E ZORN
SERIOUSLY INJURYING ROBERT E ZORN WTHH THE STATE OF VERMONT
AFTER TEACHOUT FALSIFIE D COURT ORDERS MANDATED
WITH THE TOWNS LEAVING OUT ROBERT E ZORNS
COURT ORDERED SANCTIONS OF THE PREVIOUSLY FILED COURT ORDERS
IRREPAIRABLE HARM TOTALLY DESTROYING ROBERT E ZORNS REPUTATION

06/27/2011                          Killington 2011 As Lodged Grand List                        Page 68 o:
12:22 pm                                Grand List Report (Detail)
                                   By Name For All Parcels Main District

| PARCEL INFORMATION | | TAXABLE VALUATIONS / EXEMPTIONS / CONTRACTS | | |
|---|---|---|---|---|
| | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
| BROOKS JOHN & JEANNE | | | | |
| 1319 MOORE HOUSE ROAD | | | | |
| | TOTAL REAL | 201,670 | | 201,670 |
| YORKTOWN VA 23690-3617 | SPEC EXEMPTION | | | 0 |
| PROP DESC: Condo Unit | | | | |
| 911 ADDR: 61 ALPINE DRIVE | | | | |
| PARCEL ID: 10492- SPAN: 588-185-10492 | | | | |
| HOUSESITE: 201,670  ACRES:  0.00 O  NS | GRAND LIST | 1,600.00 | | 2,016.70 |
| BROWN CHRISTOPHER | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
| 323 WHITNEY LN | | | | |
| | TOTAL REAL | 334,100 | | 334,100 |
| DURHAM NC 22713-6644 | SPEC EXEMPTION | | | 0 |
| PROP DESC: One Family (< 6 acres) | | | | |
| 911 ADDR: 19 OVERBROOK DRIVE | | | | |
| PARCEL ID: 10612- SPAN: 588-185-10612 | | | | |
| HOUSESITE:  334,100  ACRES:  1.02 R1  NS | GRAND LIST | 3,139.00 | | 3,341.00 |
| BROWN JAMES D. | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
| C/O NANCY BROWN | | | | |
| 29 OXFORD DRIVE | | | | |
| | TOTAL REAL | 272,550 | | 272,550 |
| EAST HARTFORD CT 06118 | SPEC EXEMPTION | | | 0 |
| PROP DESC: Vacant Land | | | | |
| 911 ADDR: | | | | |
| PARCEL ID: 12759- SPAN: 588-185-12759 | | | | |
| HOUSESITE:  0  ACRES:  118.45  W  NS | GRAND LIST | 1,168.50 | | 2,725.50 |
| BROWN JEFFREY & KIMBERLY | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
| 7 CHATHAM WAY | | | | |
| | TOTAL REAL | 300,470 | | 300,470 |
| LYNNFIELD MA 01940 | SPEC EXEMPTION | | | 0 |
| PROP DESC: Condo Unit | | | | |
| 911 ADDR: 120 WEST GLADE AT SUNRISE | | | | |
| PARCEL ID: 12645- SPAN: 588-185-12645 | | | | |
| HOUSESITE:  300,470  ACRES:  0.00 O  NS | GRAND LIST | 3,004.70 | | 3,004.70 |
| BROWN KEVIN F. | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
| 521 ROLLING HILLS DRIVE | | | | |
| | TOTAL REAL | 286,200 | | 286,200 |
| FAIRFIELD CT 06824 | SPEC EXEMPTION | | | 0 |
| PROP DESC: Condo Unit | | | | |
| 911 ADDR: 145 TIMBERLINE NORTH AT SUNRISE | | | | |
| PARCEL ID: 12576- SPAN: 588-185-12576 | | | | |
| HOUSESITE:  286,200  ACRES:  0.00 O  NS | GRAND LIST | 1,600.00 | | 2,862.00 |

```
05/24/2011                          Middletown Springs Grand List                          Page 36
01:28 pm                            Grand List Report (Detail)                             Marilyn )
                                  By Name For All Parcels Main District
```

|                  PARCEL INFORMATION                   | TAXABLE VALUATIONS / EXEMPTIONS / CONTRACTS |

| PARCEL INFORMATION | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
|---|---|---|---|---|
| GRAVES JAMES H          HMSTD FILED | LAND | 38,900 | | |
| DOYLE KATHLEEN M | BUILDING | 139,900 | | |
| 28 SOUTH STREET | TOTAL REAL | 178,800 | 178,800 | |
| MIDDLETOWN SPRINGS  VT  05757 | SPEC EXEMPTION | | 0 | |
| TAX MAP: | | | | |
| PROP DESC: HOUSE AND SHEDS | | | | |
| 911 ADDR:  28 SOUTH STREET | | | | |
| PARCEL ID: TH02-028-000  SPAN: 393-122-10249 | | | | |
| HOUSESITE:   165,900  ACRES:    7.03 R1  T | GRAND LIST | 1,788.00 | 1,788.00 | |

| PARCEL INFORMATION | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
|---|---|---|---|---|
| CRAYSON NANCY H TRUST | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
| STEPHEN CRADDOCK TRUSTEE | LAND | 75,100 | | |
| 1413 PAINE TURNPIKE NORTH | BUILDING | 200,100 | | |
| | TOTAL REAL | 275,200 | | 275,200 |
| BERLIN  VT  05602 | SPEC EXEMPTION | | | 0 |
| TAX MAP: | | | | |
| PROP DESC: TWO HOUSES, GARAGE AND LAND | | | | |
| 911 ADDR:  668 SOUTH STREET | | | | |
| PARCEL ID: TH02-668-000  SPAN: 393-122-10161 | | | | |
| HOUSESITE:   161,700  ACRES:   20.02 R2  S | GRAND LIST | 2,752.00 | | 2,752.00 |

| PARCEL INFORMATION | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
|---|---|---|---|---|
| GREEN MOUNTAIN TIMBER FRAMES | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
| C/O DANIEL MCKEEN | LAND | 21,600 | | |
| 320 WEST ST | BUILDING | 38,700 | | |
| | TOTAL REAL | 60,300 | | 60,300 |
| MIDDLETOWN SPRINGS  VT  05757-4206 | SPEC EXEMPTION | | | 0 |
| TAX MAP: | | | | |
| PROP DESC: POTATO BARN & TOWN GARAGE | | | | |
| 911 ADDR:  5 NORTH STREET | | | | |
| PARCEL ID: TH06-005-000  SPAN: 393-122-10162 | | | | |
| HOUSESITE:        0  ACRES:    0.33  C   T | GRAND LIST | 603.00 | | 603.00 |

| PARCEL INFORMATION | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
|---|---|---|---|---|
| GRIMM SARAH H          HMSTD FILED | LAND | 295,100 | | |
| SARAH GRIMM TRUST | BUILDING | 195,500 | | |
| PO BOX 1066 | TOTAL REAL | 490,600 | 490,600 | |
| MIDDLETOWN SPRINGS  VT  05757 | SPEC EXEMPTION | | 0 | |
| TAX MAP:  P2 | | | | |
| PROP DESC: HOUSE AND BARN, SHEDS 187.20 ACRES | | | | |
| 911 ADDR:  487 SPRUCE KNOB ROAD | | | | |
| PARCEL ID: TH05-487-000  SPAN: 393-122-10164 | | | | |
| HOUSESITE:   244,500  ACRES:  187.20 R2  T | GRAND LIST | 4,906.00 | 4,906.00 | |

| PARCEL INFORMATION | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
|---|---|---|---|---|
| GRIPPO DAVID | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
| GRIPPO KATHRYN | LAND | 39,300 | | |
| 24 WHITEFACE STREET | BUILDING | 0 | | |
| | TOTAL REAL | 39,300 | | 39,300 |
| S BURLINGTON  VT  05403 | SPEC EXEMPTION | | | 0 |
| TAX MAP:  1 | | | | |
| PROP DESC: 10.28 AC | | | | |
| 911 ADDR:  12 SPRING DRIVE | | | | |
| PARCEL ID: TH02-000-000  SPAN: 393-122-10041 | | | | |
| HOUSESITE:      0  ACRES:   10.28  M   T | GRAND LIST | 393.00 | | 393.00 |

```
05/24/2011                           Middletown Springs Grand List                        Page 95
01:28 pm                              Grand List Report (Detail)                          Marilyn
                                   By Name For All Parcels Main District
```

| PARCEL INFORMATION | | TAXABLE VALUATIONS / EXEMPTIONS / CONTRACTS | | |
|---|---|---|---|---|
| | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |

```
-----------------------------------------------------------------------------------------------
ZACHER MAXIMILIAN & GERTRUDE              |         MUNICIPAL    HOMESTEAD   NON-RESIDENTIAL
                                          |LAND       69,300
6 LIVINGSTON PLACE                        |BUILDING        0
                                          |TOTAL REAL 69,300                        69,300
DIX HILLS  NY  11746                      |SPEC EXEMPTION                                0
TAX MAP:                                  |
PROP DESC: 20.7 AC                        |
911 ADDR:  168 SOUTH STREET               |
PARCEL ID: TH02-168-L00  SPAN: 393-122-10478 |
HOUSESITE:       0  ACRES:   20.70  M  NS |GRAND LIST   693.00                     693.00
-----------------------------------------------------------------------------------------------
ZORN EDNA                    HMSTD FILED  |         MUNICIPAL    HOMESTEAD   NON-RESIDENTIAL
                                          |LAND       35,900
652 SOUTH ST                              |BUILDING  119,600
                                          |TOTAL REAL 155,500   155,500
MIDDLETOWN SPRINGS  VT  05757             |SPEC EXEMPTION         0
TAX MAP:                                  |
PROP DESC: HOUSE & 2.93 ACRES             |
911 ADDR:  652 SOUTH STREET               |
PARCEL ID: TH02-652-000  SPAN: 393-122-10479 |
HOUSESITE:  153,400  ACRES:    2.93  R2  T |GRAND LIST  1,555.00  1,555.00
-----------------------------------------------------------------------------------------------
ZORN ROBERT                  HMSTD FILED  |         MUNICIPAL    HOMESTEAD   NON-RESIDENTIAL
                                          |LAND      105,700
652 SOUTH ST                              |BUILDING  123,800
                                          |TOTAL REAL 229,500   229,500
MIDDLETOWN SPRINGS  VT  05757             |SPEC EXEMPTION         0
TAX MAP:    T / W 8                       |
PROP DESC: HOUSE & OUTBLDGS. & LAND 56.7  |
911 ADDR:                                 |
PARCEL ID: TH02-680-000  SPAN: 393-122-10509 |
HOUSESITE:  162,800  ACRES:   56.70  R2  T |GRAND LIST  2,295.00  2,295.00
-----------------------------------------------------------------------------------------------
```

```
06/23/2011                          PLYMOUTH Grand List                          Page 161 of
12:05 pm                         Grand List Report (Detail)                              Ca
                              By Name For All Parcels Main District
```

| PARCEL INFORMATION | | TAXABLE VALUATIONS / EXEMPTIONS / CONTRACTS | | |
|---|---|---|---|---|
| | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
| OTTAWAY JAMES TRUSTEE | LAND | 42,240 | | |
| | BUILDING | 0 | | |
| 10 WATCH HILL ROAD | TOTAL REAL | 42,240 | | 42,240 |
| NEW PALTZ  NY  12561 | SPEC EXEMPTION | | | 0 |
| LOCA A:   RT 100 | | | | |
| TAX MAP:   1-5 | | | | |
| 911 ADDR: | | | | |
| PARCEL ID: 000927.  SPAN: 486-153-10106 | | | | |
| HOUSESITE:    42,240  ACRES:   12.20  M   S | GRAND LIST | 422.40 | | 422.40 |

| | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
|---|---|---|---|---|
| OTTAWAY MARK H TRUST | LAND | 10,560 | | |
| OTTAWAY JAMES H JR TRUST | BUILDING | 0 | | |
| 10 WATCH HILL RD | TOTAL REAL | 10,560 | | 10,560 |
| NEW PALTZ  NY  12561 | SPEC EXEMPTION | | | 0 |
| LOCA A:   LYNDS HILL | | | | |
| TAX MAP:   8-189 | | | | |
| 911 ADDR: | | | | |
| PARCEL ID: 001485.  SPAN: 486-153-11261 | | | | |
| HOUSESITE:   10,560  ACRES:   5.37  M   NS | GRAND LIST | 105.60 | | 105.60 |

| | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
|---|---|---|---|---|
| OTTAWAY, JAMES W | LAND | 260,440 | | |
| VELDER, KATRIN A | BUILDING | 191,200 | | |
| PAY MY BILLS BOX 14849860 | TOTAL REAL | 451,640 | | 451,640 |
| SIOUX FALLS SD 57186 | SPEC EXEMPTION | | | 0 |
| LOCA A:   LYNDS HILL RD, 0864 | | | | |
| TAX MAP:   8-179 8-180 8-192 8-189 | | | | |
| 911 ADDR: 864 LYNDS HILL RD | | | | |
| PARCEL ID: 000752.  SPAN: 486-153-10853 | | | | |
| HOUSESITE:   267,200  ACRES:  135.44  R2  NS | GRAND LIST | 4,853.90 | | 4,516.40 |

| | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
|---|---|---|---|---|
| PAGONI  ROBERT & JANET | LAND | 0 | | |
| | BUILDING | 386,820 | | |
| 27 BARBARA RD | TOTAL REAL | 386,820 | | 386,820 |
| TOLLAND  CT  06084 | SPEC EXEMPTION | | | 0 |
| LOCA A:   BIRCH LANDING RD (PVT), 0079 | | | | |
| TAX MAP:   15-54.006 | | | | |
| 911 ADDR: 79 BIRCH LANDING RD (PVT) | | | | |
| PARCEL ID: 001138.  SPAN: 486-153-10955 | | | | |
| HOUSESITE:   386,820  ACRES:    0.00  0   NS | GRAND LIST | 3,868.20 | | 3,868.20 |

| | | MUNICIPAL | HOMESTEAD | NON-RESIDENTIAL |
|---|---|---|---|---|
| PAILLE GORDON W | LAND | 160,500 | | |
| PILLE JEAN | BUILDING | 98,920 | | |
| 113 CHURCH ST | TOTAL REAL | 259,420 | | 259,420 |
| SOUTHEASTON  MA  02375 | SPEC EXEMPTION | | | 0 |
| LOCA A:   PAILLE RD  0040 | | | | |
| TAX MAP:   8-18 | | | | |
| 911 ADDR: 40 PAILLE RD | | | | |
| PARCEL ID:  00765  SPAN: 486-153-10957 | | | | |
| HOUSESITE:   160,500  ACRES:   72.12  R2  NS | GRAND LIST | 2,594.20 | | 2,594.20 |

LANGROCK SPERRY & WOOL, LLP


Mark L. Sperry
PO Box 721, 210 College Street
Burlington, VT 05402
(802) 864-0217

545350.1

2

STATE OF VERMONT

SUPERIOR COURT                                    CIVIL DIVISION
Rutland Unit                                      Docket No. 208-3-11

JAMES D. BROWN AND STEPHEN
RYAN, EXECUTOR OF THE ESTATE
OF THOMAS RYAN,
        Plaintiff,

        v.

ROBERT ZORN, TOWN OF
KILLINGTON AND TOWN OF
PLYMOUTH,
        Defendant

NOTICE OF APPEARANCE

        NOW COMES Mark L. Sperry of the firm Langrock Sperry & Wool, LLP, and hereby

notices his appearance on behalf of the Defendant, Town of Killington.

        DATED at Burlington, Vermont this ___ day of April, 2011.

                                LANGROCK SPERRY & WOOL, LLP


                                _____
                                Mark L. Sperry
                                PO Box 721, 210 College Street
                                Burlington, VT 05402
                                (802) 864-0217
                                msperry@langrock.com

STATE OF VERMONT

SUPERIOR COURT                         CIVIL DIVISION
Rutland Unit                           Docket No. 208-3-11

JAMES D. BROWN AND STEPHEN
RYAN, EXECUTOR OF THE ESTATE
OF THOMAS RYAN,
          Plaintiff,

                v.

ROBERT ZORN, TOWN OF
KILLINGTON AND TOWN OF
PLYMOUTH,
          Defendant

## ANSWER

NOW COMES Town of Killington ("Town") by its attorneys, Langrock Sperry &

Wool, LLP, and hereby answers the Plaintiffs' Complaint as follows:

1.      All allegations of the Complaint, except as set forth below, seek relief against

Defendant Robert Zorn only, and no answer required by Defendant Town.

2.      Notwithstanding the foregoing:

        a.      Town admits to the recording in the Killington Land Records of

documents presented to it for recording by Defendant Zorn.

        b.      Defendant Town will follow any order of the Court requested under

paragraph 51 of the Complaint respecting how the property in question in the Town of

Killington is to be reflected in the Town Grand List.

DATED at Burlington, Vermont this __2/__ day of April, 2011.

STATE OF VERMONT

SUPERIOR COURT                             CIVIL DIVISION
Rutland Unit                               Docket No. 208-3-11

JAMES D. BROWN AND STEPHEN
RYAN, EXECUTOR OF THE ESTATE
OF THOMAS RYAN,
     Plaintiff,

       v.

ROBERT ZORN, TOWN OF
KILLINGTON AND TOWN OF
PLYMOUTH,
     Defendant

<u>ANSWER</u>

NOW COMES Town of Killington ("Town") by its attorneys, Langrock Sperry &

Wool, LLP, and hereby answers the Plaintiffs' Complaint as follows:

1.     All allegations of the Complaint, except as set forth below, seek relief against

Defendant Robert Zorn only, and no answer required by Defendant Town.

2.     Notwithstanding the foregoing:

     a.     Town admits to the recording in the Killington Land Records of

documents presented to it for recording by Defendant Zorn.

     b.     Defendant Town will follow any order of the Court requested under

paragraph 51 of the Complaint respecting how the property in question in the Town of

Killington is to be reflected in the Town Grand List.

DATED at Burlington, Vermont this ____ day of April, 2011.

## STATE OF VERMONT

**SUPERIOR COURT**
Rutland Unit

**CIVIL DIVISION**
Docket No. 208-3-11 Rdcv

JAMES D. BROWN, AND STEPHEN RYAN,
EXECUTOR OF THE ESTATE OF THOMAS RYAN
     Plaintiffs

          v.

ROBERT ZORN,
TOWN OF KILLINGTON, and
TOWN OF PLYMOUTH
     Defendants

### NOTICE OF HEARING

Upon consideration of Plaintiffs' **Motion For Preliminary Injunction**, it is hereby **ORDERED** that the Defendants be and are hereby notified to appear before the Rutland Superior Court, in the City of Rutland, County of Rutland and State of Vermont on the 14th day of April, 2011 at 1:00 p.m., then and there to show cause, if any they may have, why Plaintiffs' **Motion For Preliminary Injunction** should not be granted.

DATED at the City of Rutland, County of Rutland and State of Vermont this 1st day of _April_, 2011.

_[signature]_
Rutland Superior Court Clerk

LORENTZ, LORENTZ,
& HARNETT
ATTORNEYS AT LAW
20 COURT STREET
RUTLAND, VT 05701

CONFORMED COPY
VERMONT SUPERIOR COURT
DATE ISSUED: 4/1/11

914. 235 6287
802 672-3502

12 h

Plymouth 2010 Billed NEMRC Grand List Version 8.6d
File  Edit  Window  Help  About NEMRC

Plymouth 2010 Billed Grand List

**Parcel Maintenance**                                      000927
Total Parcels: 1222                                    BROWN JAMES D
                                          Parcel last updated on: 04/14/2011

Parcel | Value/Exempt | Misc/Acres | Fees&Notes | Prnt/Tax Data | Chg Appr/Contracts Farm | Transfers | Homestd Mkt | Reappraisal

Parcel #  000927        Find  Real

Owner 1:  BROWN JAMES D                          Find   Parcel Status  Active
Owner 2:  C/O OTTAWAY JAMES H JR TRUSTEE ET AL   Find   Tax status  T
Address 1: 10 WATCH HILL RD
Address 2:
City/St/Zip: NEW PALTZ        NY        12561
Location A: RT 100                               Find   Category  M
Location B:                                      Find   Owner  S
Location C:                                      Find
911 Loca:  0                                     Find   Tot. Acres:  12.20
Tax Maps:  1-5                                   Find
Prop.Desc: VL-12.20 AC                           Find
SPAN:  486-153-10105                             Find

Save  | << Prev | Next >> | Cancel | Close | Print                    Delete

Start  | Windo... | Plym... | PLYM... | FarmV... | PLYM... |            3:13 PM

17) IN THE YEAR   2010 ROBERT E ZORN   FORECLOSED ON JUDGMENT

ORDERS OF THE   STATE OF VERMONT RUTLAND COUNTY COURT

AND THE UNITED STATES DISTRICT COURT ORDERS FROM THE   CIRCUIT

COURT, AND JOINED THE ACTIONS OF THE C IRCUIT COURT RULING

OF HUMINSKI VS ZIMMERMAN ET AL SEE ATTACHED ORDER IN WHICHJ

THERE IS NO IMMUNITY AS ONCE BELIEVED

18) SINCE THE  ACTIONS OF THE TOWN OF MIDDLETOWN SPRINGS FAIURE
TO FILE TO THE   STATE OF VERMONT  DEPTMENT OF TAXES THE FORCLOSUR
OF THE PROPERTIES OF THE  2.93  acres of land  and house conveyed
TO ROBERT E ZORN IN the year 1999 they willfully and malisciously
VIOLATED THE  ACTIONS OF  ARTICLE  FOUR SECT 4 OF THE PUBLIC  REC
ORDS DOCTRINE AND VIOLATED   32 V.S.A. 1671(a)(6)

and violated32 V.S.A. sec 5201 (c) NOTICE OF NON
JUDICIAL FORECLOSURE
AND  VIOLATED  AS WELL          REXCORDING AND FILING  DOCUMENTS

PROPERTY  TRANSFER  TAX  RETURN 32 V.S.A. 9606 (d0
and  violated the foreclosure rights under statutory laws
of the  state of vermont 80.1 (l) FORECLOSURE OF JUDGMENT LIENS

as well the town  of  middletown springs violated the same
ACTIONS OF  JUDGMENT  ORDERS AGSAINST HEFFERMEHL AND MOLLO
AND GRAYSON DEFAULTING IN THE U.S DICT COURT PROCEEDINGS
IN ZONR  VS UNITED STATES ET AL AND DEFAULTING
IN THE JUDGMENT ORDERS AGAINST TESE PERSON IN ZORN  VS
HEFFERMEHL ET AL RUTLAND COUNTY SUPERIOR COURT VY DOCKET NO
488-8-01 RDCV

19) THE SAME ACTIONS AGAINST THE TOWNS OF PLYMOUTH  VERMONT AND THE
TOWN OF KILLINGTON VERMONT  ARE THE  SAME   VIOLATIONS
IN THE FORECLOSURES OF THE PROPERTYS OF JAMES D  BROWN
AND THOMAS RYAN IN WHICH THE TOWN  CLERKS  NEVER SENT THE
TAX TRANSFERS AND RETURNS TO THE  SATTE OF VERMONT  DEPATMENT OF
TAXES, IN WHICH THE TOWN OF KILLINGTOM FILED A COMPLAINT
IN RUTLAND COUNTY  SUPERIOR COURT  IN WHICH THE  COMPLAINT  FALSI
ED THESE  FACTS

20) ORGANIZED CRIME  WITH THE COUNTY COURT AND JUDGE TEACHOUT

21) IN WHICH  GROSSLY DEFORMED ROBERT E ZORN   REPUTATION
FSALSIFIYIN  JUDICIAL RECORDS HABITUALLY  BY THESE  MUNICIPAL
TOWNS AND  COURT  IN A FULLY ORCHESTRATED CONSPIRACY SERIOUSLY
INJURYING ROBERT E ZORN AFTER THE  DENOVA  REVEIW
WAS UNCONTETYSTED BY THE STATE OF VERMONT  DEPARTMENT OF TAXES,
AND THEN TO STATE  THESE ISSUES AND FACT  DONT EXSIST ROBERT E
ZORN IS MENTALLY IHLL INCOMPETANT  THE DAMAGES OF THESE FALSE
CLAIMS AGAINST  EACH TOWN ROBERT E ZORN SEEKS ADDITONAL TRIPLE DA
MAGES FOR  135MILLION DOLLARS.PUNITIVE

*with attached*
*copis ora appearens*
*and public*

IN WHICH THE STATE OF VERMONT AFTERTHE CASESS AND JUDGMENT ORDERS

WERE OBTAINED THROUGH THE   CORRUPT   CRIMINAL   ACTIONS

OF THERESA DIMAURO AND   SARAH BEARD   AND BRIERRE

AND THE   MUNICIPAL COURT UNIFIED COURT OF RUTLAND COUNTY

AND MARY MILES TEACHOUT FALSIFIED THE RUTLAND COUNTY COURT ORDERS

of the superior court of ROBERT E ZORN VS HEFFERMEHL ET AL

DSOCKET NO 488-8-01 rdcv and   zorn vs   s s cott smith

and · ZORN VS   THE STATE OF VERMONT RUTLAND COUNTY SUPERIOR COURT

AND   HUMINSKI VS ZIMMERMAN ET AL AND   ZORN   VS   THE STATE OF EDNA

A ZORN WASHINGTON COUNTY PROBATE COURT   DOCKET No P067 10 WNE

AND THE WASHINGTON COUNTY SUPERIOR COURT   JUDGE GEOFREY

CRAWFORD   WITH THE ET AL COUNTER DEFENDNATS FALSIFIED

THE JUDICIAL RECORDS AND MANDATED COURT ORDERS PREVIOUSLY

CITED   WITH THE DEPARTMENT OF TAXATIONS OF THE STATE OF VERMONT

ANDTHE TOWNS AS CITED   AND   THEN ATTEMPTED TO MAKE ROBERT ·E ZORN

INCOMPETANT   IN WHICH   DIMAURO DID   AFTER BNEING   TOTALLY INCOMP

ETANT TO RESIDE AS A JUDGE WITH THE ET AL JUSTICES INCLUDING

J GARVAN MURTHA BY HIS   ACTIONS OF FALSIFYING JUDICIAL RECORDS

BARRING ROBERT E ZORN FROM THE USE OF THE COURT AFTER THE CERTIFI
ED RECORDS OF   COURT ORDERS WEREFILED TO HIM HABITUIALLY FALSIFYI
NG   THOSE RECORDS IN WHIC MURTHA HAS N O JURISIDCITON   TO DO
IN WHICH THE ACTIONS   OF THE   NEWLY FORMED   FACTS WITH HELD MAKE
the actions of these court   mistrials bolstering and with holding
these   facts of publice records in which
robert e zorn   seeks   triple damages agains under 42 uS C 1983
against the town of plymouth vermont, middletown springs vermont
THE STATES OF   VERMONT, THE   TOWN OF KILLINGTON VERMONT
THE MUNICIPAL COUNTY OF   RUTLAND VERMONT
THE FIRM   LANROCK   SPERY AND WOOL THE FIRM
LORENTZ LORENTZ AND HARNETT PUNITIVE FOR THE AMOUNT AGAINST THESE
PARTIES OF 135MILLION DOLLARS PER PARTY

in ADDITION TO   THE   RELEIFS OF THE DEMANDS PREVIOUSLY CITED

16) SINCE THE ACTIONS OF THE STATE OF VERMONT DEPARTMENT OF TAXATION

WILLFULLY AND MALICIOUSLY FALSIFIED THE JUDICIAL RECORD

AND RECORDS OF THE PROPERTY TRANSFERS AND CONVEYANCES WITH THE

TOWNS OF  MIDDLETOWN  SPRINGS VERMONT,  KILLINGTON VERMONT

AND PLYMOUTH VERMONT  ON THE  CONVEYANCES OF RYANS AND BROWNS

PROPERTYS TRANSFERS AFTER THE FORECLOSURES THE STATE OF VERMONT

THROUGH THE  SHUMLIN ADMINISTRATION WITH THE PRIVATE SECTOR

ATTORNEYS AND THE MUNICIPATALITIES FALSIFED ALL RECORDS

OF CERTIFIED COURT ORDERED SANCTIONS MANDATED AGAINST TEH STATE

OF VERMONT, IN WHICH THE STATE OF VERMONT  AND RUTLASND COUNTYY

superior court with the  firm LANGROCK SPERRY AND  WOOL AND

ASSOCIATES,  WITH THE FIRM LORENTZ LORENTZ AND HARNETT

AND THE  PERSONS     JAMES D BROWN AND  THE ATTORNEYS

FOR

NO DIFFERENT THE TOWN OF MIDDLETOWN SPRINGS  COMSPIRED WITH

BIRGER HEFFERMEHLS ATTORNEYS AND THE RUTLAND COUNTY SUPERIOR

COURT, AND WALTER A  ZORN A RTHUR  B ZORN  ET AL COUNTER DEFENDN
ANTS FALSIFYING THE JUDICIAL RECORDS AND COURT ORDERS MANDATED
WITH THE SATTE OF VERMONT IN A  FULLY ORCHESTRATED CONSPIRACY
WITH THE POLITICAL PARTIES OF THE STATE OF VERMONT DEPARTMENT OF
TAXES  AND JUDGE  DIMAURO.  THERESA DIMAURO

TO FILE FALSE CLAIMS COMPLAINTS WHEN THE ACTIONS VIOLAETED
HABITUALLY THE  COURT ORDERS PREVIOUSLY CITED
OF THE  CASES AND THE PUBLIC  RECORDS OF ROBERT E ZORN  S CONV
EYANCES, ALL RECORDED IN THOSE TOWNS  BY CERTIFIED COURT ORDERS
IN WHICH THE COMPLAINTS FILED IN RUTLAND COUNTY SUPERIOR COURT

IN THE CASES RYAN   BROWN  town of killington  vt et al
ARE ALL FALSE CLAIMS AFTER THE CONVEYANCES WERE MADE TO
JAMES H OTYTAWAY JR SEE ATTACHED RECORDS
AND  CONVEYANCES TO  RYAN SEE ATATCHED AND THE FALSIFICATION
OF  THE A CTIOMS OF THE  JUDICIAL RECORDS AND PUBLIC RECORDS
OF WARRANTEE  DEEDS    AGAINST THE  GRSND  LISTS OF GRAYSONS
ESTATE AND EDNA A Z ORNS ESTGTE FORECLOSED ON  BY ROBERT E ZORN
IN WHICH THE  CONVEYANCES AFTER ROBERT E ZORN PAID TCHE
FOR THE TRANFERS AND FEES ET AL NEVER TOOK PLACE

11) PURSUANT OF THE PUBLIC   RECORDS  FILED TO THE STATE OF VERMONT
    IN THE YEAR  2011 of the foreclosure of the propertys of
    JAMES  D BROWN AND EDNA A ZORN
    AND THE PROPERTIES OF THOMAS   RYAN AND THE PROPERTIES OF
    THE ESTATE OF  NANCY HEVERLEE  GRAYSON
    THE COURT ORDER ATTACHED FALSIFIED THE INDEPTNESS AND THE FORE
    CLOSURE OF  JAMES D  BROWNS PROPERTIES IN PLYMOUTH VT
    AND KILLINGTON  VERMONT
    AFTER  THE  COURT  FALSIFIED THE COURT ORDERED  MANDATE
    OF  ZORN VS  THE STATE OF VERMONT
    RUTLAND COUNTY SUPERIOR COURT    ET AL THE STATE OF VERMONT
    WITH THE PRIVATE  SECTOR PERSONS BROWN AND RYAN ALLOWED CONVEYANCES

12) UNCONTETSTED AS A FACT THE PROPERTY OF JAMES D  BROWN  FORCLOSED
    ON AND  TRANSFERED LEGAL.LY TO ROBERT E ZORN, THE STATE
    of VERMONT DEPARTMENT OF TAXES FALSIED THE  JUDICIAL AND
    PUBLIC RECORDS OF THE TRANFER OF THE PROPERTY IN PLYMOUTH VERMONT
    OF  JAMES D BROWN WHEN IN FACT THE TOWN OF PLYMOUTH VERMONT
    WILLFULLYAND MALICIOUSLY CONVEYED TITLE TO THE PROPERTY
    TO JAMES H  OTTAWAY JR SEE ATTACHED CONVEAYANCES
    IN WHICH THE STATE OF VERMONT ILLEGALLY SEIZED ROBERT E ZORN
    AT THE  STATE  HOSPITAL IN STRICT VIOLATION OF THE  FORTH
    AMENDEMNT RIGHTS OF ROBERT E ZORN TO SECURE  WITNESS STATEMENTS
    AGAINST THE  ACTIONS IN WHICH THE  COURT
    RUTLAND  COUNTY SUPERIOR COURT  FALSIFED THE ACTUAL FACTS
    OF THE PUBLIC RECORDS  BRINGING  A  FALSE SUIT AGAINST
    ROBERT E ZORN  NEVER  BEING  SERVED PROEPRLY IN  HIS
    RIHGTFUL  NAME IN WHICH THE ATTACHED  COURT
    ORDER INJUNCTION FALSIFIED THE COURT ORDER OF  ZORN VS
    THE STATE OF VERMONT RUTLAND COUNTY SUPERIOR COURT
    BARRRING  NEW  CLAIMS  BY RES JUDICATA COLLATERAL ESTROPEL
                   See Attached public Record

13) SINCE THE CONVEYANCES NEVER TOOK  PLACE IN THE TOWN or
    ~~ ~.. TE (KILLINGTON  AND PLYMOUTH  VERMONT
    THE STATE  BROUGHT ABOUT A FALSE SUIT WITH THE PRIVATE SECTOR
    PERSONS AND ATTORNEYS  And Rutland County
    INDUCING  SLAVERY AND  FURTHER  FALSIFYING THE  PUBLIC AND  JUDI
    CIAL RECORDS AND IDENTITY THEFT OF ROBERT E ZORNS
    NAME AND  HARD  EARNEST  WORK  DONE THROUGH  OUT THE YEARS

14) SINCE THE  JUDGE  MURTHA  COURT ORDER FALSIFIED THE  JUDICIAL ORD
    ERS  UNDER COURT ORDERED  MANDATES OF
    THE VERMONT  SUPREME COURT  AND THE  CIRCUIT COURT
    THE ACTIONS OF MURTHA ARE  HABITUALLY ACTED UPON IN A FULLY
    ORCHESTRATED CONSPIRACY WITH PRIVATE SECTOR POLITICAL PARTY MEMEB
    RS  UNDER R.I.C.O ACROSS SATTE  LINES AS INSTATE INDIVIDUALS UNDE
    R THE  ANTI INJUNCTIONS ACT OF THE  RES JUDICATA COLLATERAL ESTOP
    el  orders of the circuit  court stating the dispute
    against heffermehl was frivilous when the  judgment orders
    he  falsified having no jurisidiction over

15) THE ACTIONS OF MURTHA BOLSTERED THE FACTS OF THE CASE ZORN
    VS HEFFERMEHL A MISTRIAL IN WHICH THE UNITED STATES GOVERNMENT
    VIOLATED THE FIRST AMENDEMNT RIGHGTS OF  FREEDOM OF
    SPEECH AND REDRESS OF ROBERT E ZORN   In Mistrial

F) con+u

IN WHICH THE CONSTITUIONAL RIGHTS TO TRIAL BY JURY  WERE

DESTROYED,  AFTER THE ACTIONS OF NON COMPLIANCE TO

DIVERSITY RULE WAS ADMINISTERED BY TEHE JUDICARY

OF THESE  COURTS BY THE INDIVIUDALS IN TOTAL DESREGARD FOR

THE CIVIL RIGHTS  OF ROBERT  E ZORNS RIGHTS OF EQUAL

PROTECTION OF  STATE  LAWS AND  FEDERAL INSTATE  LAWS ,

UNDER THE FALSE CLAIMS  ACT


10)  SINCE HERBET G  OGDEN  WZS ARRESTED IN THE PROCEEDINGS IN WASHING
TON COUNTY SUPERIOR COURT, AND PROBATE COURT VERMONT
OF THE CASE ZORN  VS  ZORN   THE ACTIONS AFTER THE SUMMONS AND
ARREST OF HERBET G OGDEN WERE  MADE FALSIFIED THE CRIMINAL FALSIF
CATION OF THE JUDICIAL COURT ORDERS OF RELATED CASES THROUGH STAT
STATE ACTIONS, AS WELL THE ATTORNEY GENERAL WILLIAM SORELL WAS

ARRESTED UNDERCOURT ORDER SERVED IN RUTLAND COUNTY VT BY THE
STATE OF VERMONT RUTLAND COUNTY SHEWRIFFS DEPARTMENT I  WHICH
HERBET G OGDEN WITH THE STATE OF VERMONT ET AL
DEFENDANTS NAMED  AS COUNTER DEFENDANTS , BY THE ACTIONS ON
MARCH  30TH 2011  OF THE CLERK OF THE RUTLAND COUNTY JUDICIARY
TO TELL ROBERT E ZORN  TO SERVE HERBET G OGDEN  OGDEN RESISTED

ARREST  BY FILING  ANOTYHER COMPLAINT IN  RUTLAND COUNTY VERMONT
SUPERIOR COURT   IN WHICH THUE NAME E ROBERT  ZORN WAS  USED
IN WHICH ROBERT E ZORN  NEVER  ACCEPTED THE S ERVICE IN WHICH
THE STATE OF VCRMENT RUTLAND COUNTY SHERIFFS
DEPARTMENT   DEPUTY SKENES FALSIFIED THE  COURT ORDERS
AGAINST THE   RUTLAND COUNTY SHERIFFS DEPARTMENT VT,  BARRING
NEW CLAIMS IN THE  RELATED CASE  ROBERT E ZORN  VS  UNITED STATES

Robert E. Zorn
152 South St.
Middletown Springs, VT 05757
Tel: 802-235-2559

3) since THE STATE OF VERMONT STATE ATTIORNEY MARC  BRIERRE
AND THE VERMONT STATE POLICE AND STATE OF VERMONT HAVE  A SPECIAL
RELATIONSHIP  WITH BIRGER  HEWFFFERMEHL, *et al counter defendant*
AFTER THE FACT THAT ROBERT E ZORN  LOST HIS HEARING  PROVEN AS A
FACT AT FLETCHER ALLEN  MEDICAL CENTER HEARING
DOCTORS  EXAMINATION BOLSTERED BY THE
STATE OF VERMONT JUIDICARY AFTER HEFFERMEH: KICKED
ROBERT E ZORN IN THE HEAD  WITH A RESTEAINING ORDER AGAINST
HIM AND CONTINUALLY TRESPASSED ON ROBERT E ZORNS
PROEPRTY IN WHICH THE STATE POLICE TROOPER PERKINS STATES
ISNT A CRIMINAL ACT ,AND  AFTER JESSISE MINER
WITNESSED THE ATTEMPTIVE ASSAULT ON  ROBERT E ZORN
UNCONTESTTED AS AFACT NOTARIZED BY THE  BANKING INSTITUTE
CITIZENS BANK

4) THE ACTIONS  OF SEVERE INJURIES SUSOTAINED
BY HEFFERMEHLS FANTASTIC ACTIONS WITH THE STATE OF
VERMONT  MAKE THE STATE LIABLE AS WELL

5) SINCE THE BOLSTERING OF THE  WASHINGTON COUNTY
PROBATE COURT RECORDS  *Docket POG>10 wNLz*
AND APPEAL BY  THERESA DIMAURO
AND THE ACTIONS OF  SAHRA BEARD TO STATE THAT ROBERT
E ZORN THREATENED  WILLIAM REID IN WHICH AT NO TIME
OCCRRED,  BUT  DID  FILE A COMPLAINT  AGAINST WILLIAM REID FOR
DISCRIMINATION OF  CONTRACT RIGHTS
A SPECIAL RELATIONSHIP  OF SAHRA BEARDS ACTIONS OCCURRED

6) SINCE ROBERT E ZORN  WAS TREATEWD FOR PHYSICAL INJURIES AT THE
STATE  HOSPITAL THE  STATE OF VERMONT  FALSIFIED THE ACTIONS
OF THE   POLICE REPORT OF THE VERMONT STATE POLICE WITH HOLDING
EVIDENCE  A  MISTRIAL

7) SINCE  THE  JUDICIAL RECORDS  WERE  BLOCKED HABITUALLY OF
THE  RELATED  CASES  THE   STATE  JUSTICES ARE  HABITIUAL
OFFEDNERS OF FIRST AMENDMENT  RIGHTS TO REDRESS

8) SINCE THE STATE OF VERMONT  PRODUCED AND FORCED  A BAIL
AND  SANCTIONS THAT ROBERT E ZORN  COULDNT GO TO DANBY
"ROBERT E ZORN  HAS CONTRACTS IN THE TOWN OF DANBY
AND DEMANDS THE  RIGHTS O REMOVEAL OF  ALLSANCTIONS
OF THE   BAIL AND REVERSAL OF BAIL TO
HERBET G OGDEN

9) SINCE THE DEFAMATIONS  CREATED  BY THE FALSIFYING OF  POLICE
REPORTS AND JUDICIAL RCORDS NOT ROBERT E ZORNS   ORDERS BUT STATE
ORDERS FROM THE VERMONT S UPREME COURT AND U.S.C.A.
THE  PERSON  ROBERT E ZORN HAS LOST JUST ABOUT  EVERY CONTRACT
IN NEW YORK  SATE AND  HAS TO TRAVEL YTO GET  WORK
IN WHICH ROBERT E ZORN  IS HOLDING THE  ET AL PARTYS LIABLE FOR



THROUGH THE STATE OF VERMONTS  NON COMPLIANCE

OF STATE LAWS AND   COURT ORDERS FALSIFIED THOURGH THE USE OF

THE COUNTY COURTS WINDSOR RUTLAND CHITTENDEN ,AND WASHINGTON

COUNTIES OF THE STATE OF VERMONT, AND THROUGH THE USE

OF THE  CIRCUIT COURT, THE  UNITED STATES COURT OF APPEALS FOR '

THE  SECOND CIRCUIT, AND THE UNITED STATES DISTRICT COURT

UNDER THE  ANTI INJUNCTIONS  ACT, THE STATE OF VERMONT AND FEDE

RAL JUSTICES AS INSTATE PERSON FALSIFIED WILLFULLY AND

MALICIOUSLY THE COURT ORDERS, AND SANCTIONS A,LLOWING THE ILLEGAL

SEIZURES OF PROPERTYS SEE ATTACHED ORDERS, and Public Records

IN WHICH THE  STATE OF VERMONT ATTEMPTED TO MAKE

ROBERT E ZORN INCOMPETANT , BY FORCING NARCOTIC DRUGS TO

DESRTROY THE  COURT ORDERED SANCTIONS , IN WHICH THE

PERSONS, WITH THE PRIVATE SECTOR PARTIES  GROSSLY DEFORMED

TAMPERED WITH  A WITNESS AGAINST THEM, ALLOWED

EITHER AS A  ACESSORY, OR THE PRINCIPAL THE  PRE MEDITATED

MURDER OF EDNA A ZORN AND THE ATTEMPTIVE MURDER OF ROBERT E ZORN

IN STRICT VIOLATIOINS OF CIVIL RIGHTS, OF THE  14th amendment

of the constitutional rights of robert e zorn  victimizing

to criminalze expost facto  rule IN STRICT VIOLATION

OF ARTICLE ONE SECTION  4 or Public Records Action

IN WHICH  TRHE PERSONS  FALSIFIED PHYSICAL BODILY INJURIES  CAUSE

CAUSED BY THE FALSIFICATION AND  EXTORTRION OF  MEDICAL DOCTORS

REPORTS, AFTER THE CRIMINAL ACTS TOO. PLACE

SER IOUSLY INJUR.YING ROBERT E ZORN  REPUTATION ACROSS

STATE LINES  CAUSING  LOSS OF  CONTRACTS, AND THE RIGHTS TO

LIFE LIBERTY AND PURSUIT OF HAPPINESS


Robert E Zorn
832 South St.
Springs, VT 05747
Tel: 802-235-2959

1) Continued

CRIMINAL   VIOLATIONS AND
CIVIL DISORDERLY CONDUCT
JUDICIAL MISCONDUCT
UNITED STATES  DISTRICT COURT      docket n
                                  5:11 MC 40
FOR THE DISTRICT OF VERMONT
cross STATE OF VERMONT RUTLAND COUNTY SUPERIOR COURT
CASE  WALTER A  ZORN ET AL VS  E  ROBERT ' ZORN
RE:  ROBERT E ZORN  VS  STATE OF VERMONT
HERBET G  OGDEN    ET AL DEFENDANTS IN THE
CASES  AND  OR  COUNTER DEFENDANTS
CROSS RUTLAND COUNTY SUPERIOR COURT CASE  RYAN VS ROBERT ZORN
FROM  STATE OF VERMONT RUTLAND COUNTY DISTRICT COURT    docket
                                                        num 448-3-11
STATE OF VERMONT , VS ROBERT E ZORN                     RDCR

FROM  THE  STATE OF VERMONT   WASHINGTON COUNTY
PROBATE COURT PROCEEDING AND  APPEAL VT SUPREME COURT
  THE ESTATE OF  EDNA  A  ZORN
FROM  STATE OF VERMONT  WASHINGTON COUNTY SUPERIOR COURT
  COURZ CASE AND APPEAL  EDNA A ZORN ALLEDGED VS ROBERT E ZORN
ANCILLARY  COMPLAINT IN RESPONSE TO
THE ORDER OF JUDGE REISSS JUNE  20 2011
AND ALLEDGED  SIMPLE ASAULT AND  ALLEDGED RESISTING ARREST
FALSE CLAIMS BY RUTLAND  COUNTY STATE  ATTORNEY BRIERRE
AFTER THE FACT OF THE  ARRESTS AGAINST THE  COUNTER DEFENDANTS "
HEREBT G OGDEN  WAS ARRESTED UNDER THE FEDERAL INSATTE
STATUTORY LOCAL LAW OF FALSIFICATION OF
JUDGEMENT ORDERS AS A   PREMEDITATED MURDER AS A   ACCESSORY
AND GRAND  LARCENY BY ROBERT E ZORN , SERVED BY THE
WASHINGTON , AND RUTLAND COUNTY SHERIFFS ,WITH MARANDA RIGHTS
before the incident on MARCH 30 2011
AND  RESPONSE  TO THE ATTACHED  COURT ORDERS OF TEACHOUT
THE ACTIONS OF  HERBET G OGDEN WITH THE STATE  OF VERMONT
WALTER   A  ZORN, ARTHUR  B  ZORN    GEOFREY  CRAWFORD
THE RUTLAND COUNTY SHERIFFS DEPARTMENT, STATE  OF VERMONT
WASHINGTON  COUNTY JUDICIARY   RUTLAND COUNTY JUDICIARY
TRACEE RUPE OAKMAN, CHAIRTY  DOWNS ET AL COUNTER DEFEENDANTS

AND THE VERMONT STATE  POLICE DEFENDANTS IN RELATED CASES BEFORE
THE  ACTIONS  MARCH 30 2011  ARE AND STILLARE DEFENDANTS ,
TO INCLUDE MARY MILES TEACHOUT THE  RUTLAND AND  WASHINGTON
COUNTY  JUDICARY OF MUNICIPAL COURTS  OFF THE  NEWLY FORMED
OBSTRUCTINS JUSTICE BY FALSIFICATION OF JUDICIAL  RECORDS
CONCEALLED  BY THE  JUSTICES  OF ORDERD FALSIFYING
JUDICAL RECORDS  HABITUALLY  and The stat  dot of another
UNDER THE  LOCAL FEDERAL RULES UNDER THE  FALSE CLAIMS A CT ,
OF FALSIFYING EDNA A ZORNS INDENTITY BY ILLEGALLY REMOVING
HER FROM RUTLAND COUNTY VERMONT TO  WASHINGTON
COUNTY  VERMONT, AND  TAKING HER OFF LIFE SUPPORT
PREVIOUSLY ADMINISTERED  BY WALTER A  ZORN AND  ARTHUR
B ZORN BY FORGING A DIRECTIVE  CITING  EDNA
a  zorn  didnt want life supoort
the State of Vermont Herbet G Ogden and these parties
DID  COMMIT THE CRIME OF PRE MEDITATED  MURDER FIRST DEGREE
THE  RPINDIPALS AETHUR B ZORN, WALTER A ZORN
AND ACESSORIES THE  STATE OF VERMONT HERBET  G OGDEN
did  falsify every  deed and  record
  in the  WASHINGTON COUNTY SUPERIOR COURT  AND PROBATE  COURT

2) THE  ACTIONS OF HERBET G OGDEN  FALSIFYING  JUDICIAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF  VERMONT

    FROM
THE STATE OF VERMONT RUTLAND
COUNTY SUPERIOR COURT
DOCKET CASE

WALTER A  ZORN  ET AL
VS E ROBERT  ZORN A L
( NO SUCH PERSON)

CRIMINAL AND CIVL
NOTICE OF REMOVEAL OF THE  CASE
AND CASES TO INDITE THE PERSONS
AND FIRMS AND *STATE* OF VERMONT
POLITICAL PARTY OF THE  SHUMLIN
ADMINISTRATION OF THE STATE
THE  STATE OF VERMONT AND STATE
OF VERMONT  FOR DISORDERLY
CRIMINAL CONTEMPT ANF PROFESS
IONAL MISCONDUCT docket  case
    5:11 MC 40

FROM   RUTLAND COUNTY SUPERIOR COURT   DOCKET NO 25 1 11 rdcv

from  RUTLAND COUNTY SUPERIOR COURT
STEPHANE RYAN  , JAMES D BROWN
TOWN OP KILLINGTON VT ET AL

VS                                          DOCKET CASE NO 208-3-11
ALLEDGEDLY ROBERT E ZORN  ,WITH HOLDING                    RDCV
COURT ORDERED MANDATES  ROBERT E ZORN

FROM   STATE OF VERMONT RUTLAND COUNTY DISTRICT
COURT

STATE OF VERMONT  VS              DOCKET CASE  no 448-3-11
                                          RDCR

ROBERT E ZORN  ALLEGED DEFENDANT
ANCILLARY NOTICE OF REMOVEAL
PURSUANT OF  NEWLY DISCOVERED FRAUD  OF THE STATE OF VERMONT
IN  A FULLYT ORCHESTRATED CONSPIRACY WITH THE POLITICAL
PRIVATE SECTOR  PERSONS,AND  LAW FIRMS  LORENTZ LORENTZ AND HARNE
TTT  LANGROCK  SPERRY AND  W OOL ET AL
AND THE TOWN OF PLYMOUTH VERMONT AND THE TOWN OF MIDDLETOWN
SPRINGS VERMONT AND THE  TOWN OF KILLINGTON  VERMONT
falsifying  and with holding public and  judicial
RECORDS ORGANIZED CRIME  BOLATERING THE  FACTS
WITH THE  FIRMS AS CITED


)whereby by  the  criminal  violations to be added
/to the

Robert E. Zorn
142 South St
Middletown Springs, VT 05757
Tel 802-235-2169

PAGE TWO
state of vermont
ATTORNEY GENERAL
WILLIAM SORRELL 109 state   street MONTPELIER VT 05609
For ET AL  STATE  PARTYS
INCLUDING THE STATE OF VERMONT  DEPT OF TAXES

AND HERBET G OGDEN ARRESTED
IN STATE ET AL COUNTER DEFENDMATS *defendant* .

TOWN OF MIDDLETOWN SPRINGS VERMONT
10 PARK AVE MIDDLETOWN SPRINGS VERMONT 05757

united states attorney general
CARE OF THE UNITED STATES SOLICITOR  GENERAL
950 PENNN AVE  N.W WASHINGTON  D.C 20530

THE RUTLAND HERALD  NEWSPAPER
27 whales street RUTLAND VT 05701

att allen
ALLEN  KAMPMAN STETLER
95 SAINT PAUL ST
BURLINGTON vt 05401

ATTORNEY
SPERRY
P.O.B 721 210 college st BURLINGTON VT 05402
for town of killington   VT AND HIMSELFAND FIRM


for town of plymouth
VT  CARE OF  FRED GLOVER
TOWN OF PLYMOUTH VT 68 town office road
plymouth vt
05056

*Counta Leads*   *26 Cut St Rutland U*
*and Howitt*                *05701*

signed Robert E Zorn
PLAINTIFF  COUNTER PLAINTIFF  CROSS
MANDATOR ALLEDGED DEFENDANT AUGUST       4 2011

*[signature]*

*note Sire*
*Attorn Ageind*
*med culer DeForelter*
*in Washugta Court*
*igseni cut*
*... ...*

CERTIFICATE OF SERVICE PAGE ONE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

    FROM
THE STATE OF VERMONT RUTLAND
COUNTY SUPERIOR COURT
DOCKET CASE

WALTER A ZORN ET AL
VS F ROBERT ZORN A J
( NO SUCH PERSON)

CRIMINAL AND CIVL
NOTICE OF REMOVEAL OF THE CASE
AND CASES TO INDITE THE PERSONS
AND FIRMS AND RULES OF VERMONT
POLITICAL PARTY OF THE SHUMLIN
ADMINISTRATION OF THE STATE
THE STATE OF VERMONT AND STATE
OF VERMONT FOR DISORDERLY
CRIMINAL CONTEMPT ANF PROFESS
IONAL MISCONDUCT docket case
   5:11 MC 40

FROM   RUTLAND COUNTY SUPERIOR COURT   DOCKET NO 25 1 11 rdcv

from RUTLAND COUNTY SUPERIOR COURT
STEPHANE RYAN , JAMES D BROWN
TOWN OP KILLINGTON VT ET AL

VS                                      DOCKET CASE NO 208-3-11
ALLEDGEDLY ROBERT E ZORN ,WITH HOLDING                      RDCV
COURT ORDERED MANDATES ROBERT E ZORN

FROM   STATE OF VERMONT RUTLAND COUNTY DISTRICT
COURT

SSTATE OF VERMONT VS                    DOCKET CASE  no 448-3-11
                                         RDCR

ROBERT E ZORN  ALLEDGED DEFENDANT

ANCILLARY NOTICE OF REMOVEAL
PURSUANT OF NEWLY DISCOVERED FRAUD OF THE STATE OF VERMONT
IN A FULLYT ORCHESTRATED CONSPIRACY WITH THE POLITICAL
PRIVATE SECTOR PERSONS,AND LAW FIRMS LORENTZ LORENTZ AND HARNE
TTT LANGROCK SPERRY AND W OOL ET AL
AND THE TOWN OF PLYMOUTH VERMONT AND THE TOWN OF MIDDLETOWN
SPRINGS VERMONT AND THE TOWN OF KILLINGTON VERMONT
falsifying and with holding public and judicial
RECORDS ORGANIZED CRIME BOLATERING THE FACTS
WITH THE FIRMS AS CITED

    I ROBERT E ZORN PLAINTIFF COUNTER PLAINTIFF CROSS
ALLEDGED DEFENDANT MANDATOR CERTIFY UNDER THE PENALTY OF
PERJURY SERVED COPY OF THE ABOVE CAPTIONED ANCILLARY NOTICE
OF REMOVEAL TO THE LITIGANTS PAGE TWO OF THIS SERVICE
OF CERTIFCATE OF SERVICE, ON August 4 2011 By see part
                                           1st class U S mail.

SIGNED ROBERT E ZORN

Robert E. Zorn
142 South St
Middletown Springs, VT 05757
Tel 802-235-7859

ROBERT E ZORN
652 south street
MIDDLETOWN SPRINGS
VERMONT 05757
August 4 2011

DEAR COURT CLERK§ UNITED STATES DISTRICT COURT
for the District of Vermont
1) PLEASE FIND TO BE FILE ANCILLARY NOTICE OF REMOVEAL
OF THE CASES RUTLAND COUNTY SUPERIOR AND DISTRICT COURTS
VERMONT docket cases no. 25-1 11 RDCV
DOCKET CASE N 208 3-11 RDCV    --    AND DOCKET CASE
NO 448 3 11 RDCR

2) DEAR COURT  CLERK RUTLAND COUNTY SUPERIOR COURT
83  center street Rutland vt 05701 please find the  same

3) DEAR COURT CLERK  STATE OF VERMONT RUTLAND COUNTY DISTRICT COURT
PLEASE FIND THE SAME FOR REMOVEAL TO U,S DISTRICT COURT
VT THE DOCKET CASE 448-3 11 RDCR

4) UNITED  STATES  FEDERAL  INTERNAL REVENUE S ERVICES CRIMINAL
DIVISION   ANDOVER MASS 0810 9052 file 0847123580
THIS  IS  A  COUNTUED COMPLAINT AGAINST THESE  PERSONS AND
THE STATE OF VERMONT POLITICAL PARTY
IN WHICH THESE FACTS  ARE  SOME OF THE  WORST FORMS OF INDENTITY
THEFT THAT CAN TAKE  PLACEIN UNITED STATES
CITING  CLAIMS AGAINST ROBERT E ZORN WHEN THEY FALSIFIED THE
COURT ORDERZ AND JUDGMENTS  INM A FULLY ORCHESTRATED CONSPIRACY
AS CITED AND THEN FILED  SUIT AGAINST  E ROBERT  ZORN
AND ROBERT  ZORN  LEAVING OUT COURT ORDERS


PLEASE  ALSO FIND  CERTIFCESATOF SERVICE      *Copy*
*o P Cours*
SIGNED ROBERT E ZORN                          *to All htyw*
AUGUST 4 2011

Robert E. Zorn
142 South St.
Middrtown Springs, VT 05757
Tel: 802-235-2659



*Handwritten: 2ʳ*

*Handwritten: DCVT/BRVT*
*02 cv193*
*Niedermeier*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO
THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION
OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE,
IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL
ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit,
held at the United States Courthouse, Foley Square, in the City of New York, on the
28th day of June Two thousand four.

PRESENT:    ROGER J. MINER
            JOSÉ A. CABRANES
            CHESTER J. STRAUB
                *Circuit Judges*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBERT E. ZORN,

        *Plaintiff-Appellant,*

        -v.-                                     No. 03-7027

M. PATRICIA ZIMMERMAN, Superior Court Judge,
State of Vermont, RUTLAND COUNTY SUPERIOR COURT,

        *Defendants-Appellees,*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

*Stamp: UNITED STATES COURT OF APPEALS / FILED / JUN 2 6 2004 / Roseann B. Mackechnie, Clerk / SECOND CIRCUIT*

*Stamp: U.S. DISTRICT COURT / DISTRICT OF VERMONT / FILED / 2004 AUG 16 AM 9 38 / BY DEPUTY CLERK / CLERK*

1

*Handwritten: - ISSUED AS MANDATE: 8/10/04 -*

APPEARING FOR APPELLANT:     Robert E. Zorn, pro se, Middletown Springs, VT

APPEARING FOR APPELLEE:      SHANNON A. BERTRAND, Reiber, Kenlan,
                             Schwiebert & Facey, P.C., Rutland, VT

Appeal from a judgment of the United States District Court for the District of Vermont (Jerome J. Niedermeier, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Robert E. Zorn appeals from a judgment of the District Court dismissing his claims against Judge Zimmerman and the Rutland County Superior Court. The District Court dismissed the claims against Judge Zimmerman based on judicial immunity and the claims against the Rutland County Superior Court based on the Eleventh Amendment.

For substantially the reasons stated by Magistrate Judge Niedermeier in his thorough opinion, we affirm.

We have considered all of plaintiff's claims on appeal and we hereby AFFIRM the judgment of the District Court.

FOR THE COURT,

Roseann B. MacKechnie, Clerk of Court

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____          By _____
      DEPUTY CLERK

                                    Oliva M. George, Deputy Clerk

2

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
THURGOOD MARSHALL U.S. COURT HOUSE
40 FOLEY SQUARE
NEW YORK  10007

DC VT/BRVT
02 cv 193
Niedermeie

Roseann B. MacKechnie
CLERK

Date:                    6/28/04

Docket Number:           03-7027-cv
Short Title:             Zorn v. Zimmerman
DC Docket Number:        02-cv-193
DC:                      DISTRICT OF VERMONT (BURLINGTON)
DC Judge:
                         Honorable Jerome Niederme

**ITEMIZED AND VERIFIED BILL OF COSTS**

Counsel for _____ Hon. M. Patricia Zimmerman _____
respectfully submits, pursuant to Rule 39 (c) of the Federal Rules of Appellate Procedure the within bill of
costs and requests the Clerk to prepare and itemized statement of costs taxed against the
                         Plaintiff, Robert E. Zorn _____
and in favor of _____ Defendant, Hon. M. Patricia Zimmerman _____
for insertion in the mandate.

Docketing Action                                  _____

Costs of printing appendix (necessary copies 12 x 164 pages)   1968 pages @.10 - $196.80

Costs of printing brief (necessary copies 12 x 15 pages    )   180 pages @.10 -   18.00

Costs of printing reply brief (necessary copies _____)  _____

**(VERIFICATION HERE)**

I, Shannon A. Bertrand, Esq., hereby
certify that the above information is
accurate, based upon personal knowledge
regarding preparation of the referenced
documents in the captioned matter.

                                    Signature
                                    FILED
                                    AUG - 6 2004
                                    Roseann B. MacKechnie CLERK
                                    SECOND CIRCUIT

_____          STATEMENT OF COSTS
Shannon A. Bertrand, Esq.  A TRUE COPY   Taxed in the amount of $ 214.80  in favor of
                   Roseann B. MacKechnie, CLERK  Appellee Hon. M. Patricia Zimmerman
STATE OF VERMONT)                            FOR THE COURT:
COUNTY OF RUTLAND) by                        ROSEANN B. MACKECHNIE, Clerk
                        DEPUTY CLERK
                                    AUG - 6 2004
Sworn to and subscribed to this    _____  Tracy W. Young, Motions Staff Attorney
8th day of July, 2004.             Date

Before me, _Sara Purries____
            Notary Public              CERTIFIED: 8/10/04
Commission Expires:  02/10/07

VERMONT SUPREME COURT
FILED IN CLERK'S OFFICE

**ENTRY ORDER**

FEB  4 2011

2011 VT 10

SUPREME COURT DOCKET NO. 2009-035

NOVEMBER TERM, 2009

| | | |
|---|---|---|
| Robert E. Zorn | } | APPEALED FROM: |
| | } | |
| v. | } | Rutland Superior Court |
| | } | |
| S. Scott Smith | } | DOCKET NO. 571-9-00 Rdcv |

In the above-entitled cause, the Clerk will enter:

The trial court's decision is affirmed, as modified to explicitly limit its application to this case and to allow plaintiff the opportunity to move for reconsideration due to inability to afford counsel.

FOR THE COURT:

Brian L. Burgess, Associate Justice

Dissenting:

John A. Dooley, Associate Justice

Denise R. Johnson, Associate Justice

Concurring:

Geoffrey W. Crawford, Superior Judge,
Specially Assigned

Alan W. Cook, District Judge (Ret.),
Specially Assigned

NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions, Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801 of any errors in order that corrections may be made before this opinion goes to press.

**VERMONT SUPREME COURT**
**FILED IN CLERK'S OFFICE**

2011 VT 10

FEB  4 2011

No. 2009-035

| | |
|---|---|
| Robert E. Zorn | Supreme Court |
| | |
| | On Appeal from |
| v. | Rutland Superior Court |
| | |
| S. Scott Smith | November Term, 2009 |

Mary Miles Teachout, J.

Robert E. Zorn, Pro Se, Middletown Springs, Plaintiff-Appellant.

S. Scott Smith, Pro Se, Rutland, Defendant-Appellant.

PRESENT:   Dooley, Johnson and Burgess, JJ., and Crawford, Supr. J. and Cook, D.J. (Ret.), Specially Assigned

¶ 1.    **BURGESS, J.**  Plaintiff Robert E. Zorn appeals pro se from an order prohibiting him from filing any additional documents with the Rutland Superior Court clerk except through a licensed attorney. We affirm the trial court's order except in two respects. First, the order is clarified to limit its pleading restriction to this particular case and, second, the order is modified to permit Zorn to demonstrate financial inability, if any, to comply with the order.

¶ 2.    This case began in September 2000, when Zorn, then represented by counsel, sued defendant Smith for legal malpractice. It was alleged that he paid Smith a retainer and Smith agreed to file a complaint on Zorn's behalf in a defective-automobile case. Smith told Zorn that the complaint had been filed when in fact it had not, and due to Smith's inaction, the statute of limitations ran on the claim. Zorn moved for summary judgment on his malpractice

claim, which Smith did not oppose. The court thus granted summary judgment to Zorn and in an August 2001 order, it awarded him $26,108.00, plus interest.

¶ 3.    In January 2002, Zorn entered a pro se notice of appearance and filed a motion for trustee process, seeking to collect the judgment from Smith. See V.R.C.P. 4.2. Smith did not appear at a hearing scheduled on the motion, but agreed in late January to respond to post-judgment interrogatories. The court scheduled an April 2002 hearing on Zorn's motion for financial disclosure. Smith again failed to appear, and a warrant issued for his arrest. Served with the warrant, Smith personally appeared before the court to state that he had not received notice of the hearing and had not received any interrogatories from Zorn. The court vacated the warrant. At a subsequent hearing on April 23, 2002, the parties agreed that Smith would submit a payment plan or respond to the financial discovery requests within thirty days. There is no evidence that Smith honored this agreement.

¶ 4.    No action appears in the case over the next four years until October 2006, when Zorn requested and ultimately obtained a writ of execution on the judgment. The writ was served on Smith in January 2007, and returned with a payment of $50, leaving an outstanding balance, including interest, of $43,448.22. In September 2007, Zorn filed a motion for criminal contempt, alleging that Smith had failed to make any payments toward the debt or disclose financial documents as ordered. The court denied the motion, explaining that only civil contempt was available to Zorn under the rules.

¶ 5.    Zorn filed another motion for contempt in March 2008, as well as a motion for renewal of judgment and an "ancillary amended complaint" naming the trial judge as a defendant. In May 2008, Zorn filed a "motion for summary judgment." The motions were largely incomprehensible. The motion for contempt, for example, stated that: "since the boycotting of Smith the defendant is under larceny by extortion Model Penal Code 223.4 as well as the court's failure to find that Smith was in his official capacity in part at the time of the

2

fraud." The court noted, correctly, that there was no legal basis for amending complaints and moving for summary judgment six to seven years after final judgment had been entered in the case. The filings are replete with claims that Smith engaged in conspiracy, racketeering, and organized crime, and that the trial judge was complicit in such acts.

¶ 6.    Treating the "amended complaint" as a motion to disqualify the trial judge, she referred the matter to the administrative judge. See V.R.C.P. 40(e). Disqualification was denied in September 2008. In the meantime, in June and September 2008, Zorn filed more papers with the superior court about complaints made to the FBI and IRS over the court's denial of his motions, claiming the court's actions were unconstitutional, conspiratorial, and treasonous. What the court was expected to do with these filings was not clear, except that Zorn sought "revestment" of his judgment order. Also in September 2008, Zorn filed another motion for summary judgment "pursuant to new facts," but reflecting old history and requesting no relief actionable under law. The court found none of the filings warranted by the rules.

¶ 7.    Shortly thereafter, Zorn filed a "motion in opposition" to the administrative judge's order and a motion for "entry by default for summary judgment." These requests were denied. In December 2008, Zorn filed a document entitled "Motion to compel summary judgment by violation of the State of Vermont and or officials as judges to violate higher Court orders and Supreme Court orders." Zorn also sought an interlocutory appeal, which was denied.

¶ 8.    In January 2009, the court issued two orders. One denied Zorn's contempt motion for discovery violations for lack of any underlying orders or requests for discovery. The second denied Zorn's renewal-of-judgment motion for lack of a new and necessary complaint on the debt, but outlined the method by which Zorn could refresh his judgment against Smith.

¶ 9.    In a separate order, the court directed Mr. Zorn to show cause, in five pages or less, why he should not be sanctioned under Vermont Rule of Civil Procedure 11(c) for filing five motions between March 2008 and September 2008 lacking legal and evidentiary support.

3

The procedural and substantive deficiencies in these filings were spelled out. Instead of addressing the court's order, Zorn submitted another lengthy filing expressing frustration with the court's failure to enforce the arrest warrant vacated seven years earlier, and reiterating his allegations of "extortion," "racketeering," and a "fully orchestrated conspiracy" between Smith and the judges.

¶ 10.   In its subsequent January 2009 order, the court sanctioned Zorn under Rule 11 for violating the rules' pleading and procedural requirements. Continuous dealing with Zorn's repetitive and unwarranted motions, the court reasoned, would undermine its allocation of resources to promote the interest of justice for all litigants. The court concluded that the conduct described in its earlier order violated Rule 11(b)(2) and (b)(3) and that sanctions should be imposed.

¶ 11.   Turning to an appropriate sanction, the court recognized that its order must be "limited to what is sufficient to deter repetition of such conduct." V.R.C.P. 11(c)(2). It expressly sought to deter future repetitive and unwarranted filings, while allowing Zorn court access. Based on these considerations, the court directed that the Rutland Superior Court clerk "refuse to accept for filing any future pleading, petition, complaint, motion, letter, or other document from Mr. Zorn unless signed by an attorney licensed to practice in the State of Vermont in accordance with Rule 11." The court explained that its sanction would help ensure prospective compliance with the requirements of Rule 11(b) and deter repetitive filings, while permitting access to the court. This appeal followed.

¶ 12.   Zorn's submissions on appeal largely mirror his filings below. There are extensive allegations of misconduct by the judges who have dealt with this and his other cases. The briefing is generally difficult to follow, as in the following statement of the case:

> The Rutland County Superior Judge Teachout, has a continuous prejudice of against plaintiff appellant, uncontested by her outrages, acts of difiance [sic] of the rights to join the partys [sic], herself, and the judges, in which she states the plaintiff appellant is

4

frustrated by her actions, which is total destruction of the due process rights of the contract rights of mandate rule . . . .

Nevertheless, we infer a challenge to the court's imposition of its sanction under Rule 11(c), and address that issue. See Beyel v. Degan, 142 Vt. 617, 619, 458 A.2d 1137, 1138 (1983) (mindful of appellant's pro se status, the Court reluctantly addresses issues apparently raised on appeal, notwithstanding appellant's failure to comply with appellate rules on adequate briefing).

¶ 13.   We affirm the trial court's decision as fully within its discretion, see State v. Delaney, 157 Vt. 247, 256, 598 A.2d 138, 143 (1991) (Supreme Court reviews decision to impose sanctions under Rule 11 for abuse of discretion), except in two particulars. First, absent finding a broader pattern of pleading misconduct beyond this case, the sanction needs to be limited to this case and matters properly arising within this case only. Second, the sanction as issued would preclude Zorn from even a cogent claim of indigence, so it must be modified to allow Zorn the opportunity to assert and demonstrate, pro se, that he is without the resources to comply with the court's order.

¶ 14.   Otherwise, the trial court's process was authorized. Under Rule 11, any document submitted to the court is certified to present allegations supported by evidence and legal contentions warranted by law. V.R.C.P. 11(b)(2), (3). Upon belief that these requirements have been violated, the court may issue an order describing the specific conduct in question and direct a party to show cause why no violation should be found. V.R.C.P. 11(c)(1)(B). After considering the party's response, the court may impose a sanction that is "limited to what is sufficient to deter repetition of such conduct." V.R.C.P. 11(c)(2). The superior court followed this procedure.

¶ 15.   Sanction by the court was warranted under the rule. The court identified five filings that plainly violated Rule 11. The filings were repetitive and unsupported by fact or law. These findings are not discernibly challenged on appeal. In response to the show cause order, Zorn relied on no law or rule to justify his submissions, but instead offered more of the same

mere allegations of conspiracy between defendant and virtually every member of the judiciary coming into contact with this or other cases involving him. Presented with just another violation of the sort cited in its show cause order, the court acted within its authority to find that these repeated, unsupported, and largely indecipherable filings earned a sanction under Rule 11(c).

¶ 16.   The question of how best to cure such misbehavior posed a challenge. As the court recognized, this case implicates the litigant's access to the courts as well as the judiciary's interest in avoiding diversion of its resources to process pointless papers at the expense of time and justice due other litigants.   The right of access to justice is fundamental in our state constitution.  See Vt. Const. ch. I, art. 4 (stating that "[e]very person within this state ought to find a certain remedy [for injury], by having recourse to the laws" and that "every person ought to obtain right and justice, freely, and without being obliged to purchase it"); Jacobsen v. Garzo, 149 Vt. 205, 208, 542 A.2d 265, 267 (1988).  This right is not unlimited, however, and litigants are not "free to abuse the courts by inundating them with frivolous suits which burden the administration of the courts for no useful purpose." In re Lawsuits of Carter, 510 S.E.2d 91, 93 (Ga. Ct. App. 1998); see also Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 3 (1992) (per curiam) (imposing sanction where petitioner's filings for certiorari review had a deleterious effect on the court's fair allocation of judicial resources).

¶ 17.   Limits and burdens on judicial resources are not academic.  Our courts are closed one day per month due to extreme fiscal pressure—only recently reduced from one and one-half days' closure. Rule 11 affords the trial court the necessary means to avoid being held hostage by paperwork from vexatious litigants.  See, e.g., In re McDonald, 489 U.S. 180, 184 (1989) (recognizing that courts have responsibility to ensure that their "resources are allocated in a way that promotes the interest of justice").  No litigant enjoys a constitutional right to delay justice to others and occupy the court's time with unfounded filings.  Others litigating in good faith are entitled to justice in the courts "promptly and without delay." Vt. Const. ch. I, art. 4; see, e.g.,

6

Peterson v. State, 817 So.2d 838, 840 (Fla. 2002) (explaining that to further right of every citizen to have access to the courts, courts must sometimes "limit the filings of individuals who have deluged the Clerk's office with incomprehensible correspondence, and filed multiple frivolous petitions" (quotation omitted)).

¶ 18.   The sanction imposed here was supported and reasonable under the circumstances, when limited to this case and provided that Zorn has the opportunity to prove a lack of means necessary to comply with the court's order.   Essentially, the superior court enjoined Zorn from appearing pro se.   The Second Circuit offers a useful summary of factors employed by courts in judging whether a pre-filing injunction against a litigant is warranted:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).   The ultimate question is "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."   Id.   The Safir analysis strikes an appropriate balance between a litigant's right of access to the courts and the court's need to protect itself as an institution and other parties from the waste of judicial resources.

¶ 19.   Applying the Safir factors, we conclude the court acted within its discretion in restricting, while not barring, Zorn from filing additional materials in this case.   The recent history of this litigation reflects a pattern of chronic vexatious, baseless, and frivolous filings. The superior court's conclusions that Zorn's claims are fantastic and without any good faith basis are supported by the content of the filings and is not challenged in any substantive manner by Zorn.   The court's conclusion that his filings present an undue burden on the court is evident

7

insofar that limited judicial resources devoted to Zorn's filings are wasted and distract from the administration of justice due others. Similarly, this conclusion is not challenged in any particular on appeal. Limits in this case present no "diminution of our support for the principle of free access to the courts," but are properly viewed as furthering the right of access by permitting courts "to devote our finite resources to the consideration of legitimate claims of persons who have not abused the process." Attwood v. Singletary, 661 So. 2d 1216, 1217 (Fla. 1995); see also De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

¶ 20.    The reasonable expectation of the trial court, given Zorn's habit, was that Zorn would continue to file unreasonable and wasteful motions, demands, and papers. Baseless submissions were, at this point, serial. Zorn ignored instructions offered by the trial court on how to pursue collection on his judgment according to law. When told what was wrong with his previous submissions, and in the face of an order to show cause why he should not be sanctioned for repeatedly filing papers in violation of the rules, Zorn violated the rules again.

¶ 21.    Zorn's persistent disregard may stem from frustration with the court in collecting what he is owed. Even so, whatever impediments Zorn has to abiding by the rules do not require that the judiciary and the public simply accommodate his violations. After demonstrating his commitment to violating Rule 11, Zorn earned a Rule 11 sanction. See Urban v. United Nations, 768 F.2d 1497, 1499 (D.C. Cir. 1985) (per curiam) (finding that litigant's numerous allegations lacked even an arguable basis in law and fact and justified sanctions); Miles v. Angelone, 483 F. Supp. 2d 491, 496 (E.D. Va. 2007) (mem.) (upholding sanctions where petitioner continued to reassert claims that the State committed fraud, his claims had been rejected repeatedly, and the court could determine no "good-faith basis for continuing to pursue these matters").

8

¶ 22.   Zorn is not assisted by counsel, and although pro se litigants receive some leeway from the courts, they are still "bound by the ordinary rules of civil procedure." Vahlteich v. Knott, 139 Vt. 588, 591, 433 A.2d 287, 288 (1981). These include the obligations of Rule 11 and sanctions for noncompliance. See Pandozy v. Segan, 518 F. Supp. 2d 550, 557-58 (S.D.N.Y. 2007) (stating that the "special solicitude that a pro se plaintiff must face does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." (quotation omitted)). Zorn's pro se status is but one factor to consider in deciding whether and how to sanction a litigant; it is no passport to waste the court's time indefinitely.

¶ 23.   Mindful that "broad filing restrictions against pro se plaintiffs should be approached with particular caution," Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993) (quotation omitted), we are satisfied, except in the two respects previously noted and discussed further below, that the superior court's order here is measured and the least restrictive answer to the reasonably anticipated ongoing violation of the rules by Zorn if left to his own devices. See De Long, 912 F.2d at 1149 (stating that "orders restricting a person's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived"); Cok v. Read, 770 A.2d 441, 444 (R.I. 2001) (recognizing that to preserve resources, courts may place "reasonable limits on the filings of litigants who abuse the judicial system" but that "such a sanction should be drawn narrowly" so as not to "impermissibly infringe upon a litigator's right of access to the courts" (quotation omitted)). Zorn's access to justice is preserved, while the court's resources are not occupied by deciphering papers to no useful purpose. Zorn proffers no less restrictive and effective solution.

¶ 24.   The dissent contends that lesser sanctions, like fines or preapproval of Zorn's motions, should be exhausted before resorting to the trial court's bar of further filings without a lawyer. Less restrictive measures might be appropriate in a different case, but the record of

waste and recalcitrance here supports the conclusion that lesser sanctions would likely be futile. Moreover, monetary penalties or judicial previews would mean more, rather than less, judicial investment in wasteful filings. Fines would necessitate hearings on ability to pay and willfulness. Preapproval requires additional court time devoted to evaluating, again, the substance of filings. Neither of these options would advance the litigation, and, given Zorn's pattern of unsubstantiated filings, both would result in further waste. The lesser sanction of preapproval was imposed on Zorn in another case, as pointed out by the dissent, post, ¶ 30, but to no lasting effect in this matter. Choosing, instead, what it perceived to be a more effective approach was no abuse of discretion by the trial court.

¶ 25. Nor, as characterized by the dissent, is the imposition of a lawyer an abdication of the court's screening function—especially in this case, where the court repeatedly screened Zorn's pro se submissions and determined them baseless. Courts rely daily on attorneys to file pleadings and papers that are not entirely wasteful of courts' time. Attorneys are obligated not only under Rule 11, but by their licensure as well, to assure that their submissions meet minimum standards of substance. See V.R.Pr.C. 3.1 (prohibiting unfounded and frivolous claims or defenses); id. 8.4(d) (defining professional misconduct to include "conduct that is prejudicial to the administration of justice"). Given Zorn's continuing violations, it was not unreasonable for the court to interpose a lawyer's certification between Zorn and the court's mail slot.

¶ 26. As previously noted, however, applying the sanction to "any pleading, complaint, motion, letter or other document" in Rutland Superior Court as currently set forth in the order is overbroad. There are no findings below of similar abuses by Zorn in other litigation. On this record, it is not evident that his frustration in this case is, or would be, so expressed in others. Accordingly, the sanction is revised to apply only to this case and any derivatives raising the same claims. In other words, only matters stemming from the original Zorn v. S. Scott Smith litigation, which were raised or could have been raised in the past, are subject to this sanction.

¶ 27.   Should Zorn's violation of the rules become evident in other cases, the superior court can extend its sanction as appropriate.

¶ 28.   The sanction also requires revision to permit Zorn, pro se, to assert and prove that he is without the means to retain an attorney as necessary to comply with the order. If indigent or without viable resources, the sanction as written would deny Zorn access to justice. Zorn is in the best position to know and marshal the evidence of his means and efforts to secure legal assistance. It is left to Zorn to move for reconsideration on those grounds, should he be inclined to do so.

The trial court's decision is affirmed, as modified to explicitly limit its application to this case and to allow Zorn the opportunity to move for reconsideration due to inability to afford counsel.

FOR THE COURT:

_____
Associate Justice

¶ 29.   **DOOLEY, J., dissenting.**  No lawyer in the State of Vermont has the obligation to ensure that this plaintiff, or any other person, obtains access to the courts for purposes of presenting a meritorious or arguably meritorious case. Lawyers are private actors who extend, or refuse to extend, legal services based on many considerations, including economic reward and ability to get along with the client. Even lawyers in publicly-funded agencies created to extend legal services to the indigent have the ability to refuse to accept prospective clients for reasons not based on the merits of the client's case. The sanction in this case, even as diluted by the majority, fundamentally transfers the responsibility of the Vermont Judiciary to provide "right and justice" to "every person" to private actors who do not have to honor the constitutional mandate and against whom plaintiff has no remedy if they fail to assist plaintiff's access to the courts. See Vt. Const. ch. I, art. 4. As the initial decision in Procup v. Strickland, 760 F.2d

11

1107, 1110 (11th Cir. 1985), observed, the restrictive injunction used in this case "is an ominous abandonment of judicial responsibility, the import of which far exceeds the actual abuse attributable even to the exceptional [pro se] litigant." The sanction can be, and will be, the functional equivalent to a prohibition of the use of the courts within its terms, a clear violation of Article 4. This is the fundamental reason for this dissent.

¶ 30.   The majority upholds the restrictive injunction because "the superior court's order here is measured and the <u>least</u> restrictive answer to the reasonably anticipated ongoing violation of the rules by plaintiff if left to his own devices." <u>Ante</u>, ¶ 23 (emphasis added). In fact, the injunction issued here is the <u>most</u> restrictive sanction possible exactly because it limits plaintiff's access to the courts with no judicial review. In facing what it deemed similar circumstances involving litigation by this plaintiff, the United States District Court for the District of Vermont imposed a less restrictive sanction of requiring judicial approval of plaintiff's filings before they are accepted. See <u>Zorn v. Brown</u>, File No. 1:05-CV-297 (D. Vt. Nov. 30, 2005) (doc. 50). Exactly because that sanction involves court review of plaintiff's filings to ensure they are not frivolous or otherwise unmeritorious, it is significantly less restrictive than the one imposed in this case. The Eleventh Circuit rejected the sanction of requiring lawyer representation as a prerequisite to future filings because it unduly burdened litigant's access to the courts.[1] See

---

[1]   I recognize that some courts have upheld prefiling restrictions of this type, although generally on records more extreme than the one before us. See <u>People v. Spencer</u>, 524 P.2d 1084, 1086-87 (Colo. 1974); <u>Attwood v. Eighth Circuit Court</u>, 667 So. 2d 356, 357 (Fla. Dist. Ct. App. 1995) (per curiam) (upholding injunction against further pro se filings as necessary due to litigant's daily incomprehensible and frivolous filings); <u>Spremo v. Babchik</u>, 589 N.Y.S.2d 1019, 1023-24 (Sup. Ct. 1992) (holding that the right of access is not unlimited and must bend when litigant's repetitive and frivolous filings "deprives other litigants of their proper share of judicial resources"). Apart from the differences in the controlling facts, these decisions differ in two respects. First, several are based on the reasoning that the judiciary can control the conduct of lawyers, but not pro se litigants, so that the proper remedy must involve the presence of a lawyer. See <u>Spremo</u>, 589 N.Y.S.2d at 1025. The 1984 amendment to Rule 11, which made self-represented litigants subject to the rule and imposed the same standards of conduct on them as on lawyers, was intended to respond to this perceived limitation. See Reporter's Notes—1984 Amendment, V.R.C.P. 11. Both the 1984 and 1996 amendments to the rule made the sanctions more flexible and meaningful. See <u>id.</u>; Reporter's Notes—1996 Amendment, V.R.C.P. 11. The

Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986) (per curiam) (en banc); Procup, 760 F.2d at 1116.

¶ 31.   While the foregoing paragraphs represent the fundamental reason for my disagreement with the majority decision, it is not the only reason. I agree that plaintiff's actions warrant a sanction for violation of Rule 11. I also agree that under the Safir factors the case has reached the point where a restrictive injunction may be necessary. See Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986). In my judgment, however, sanctions should occur earlier and escalate to a restrictive injunction only if lesser sanctions fail. I think this point is particularly appropriate in this very unusual case.

¶ 32.   In stating my disagreement, I start with the fundamental principles that have to govern our actions. Vermont Rule of Civil Procedure 11(c)(2) authorizes a sanction for violation of its requirements but limits the sanction "to what is sufficient to deter repetition of such conduct." (Emphasis added.) This means that the court must chose a sanction that is the "least restrictive, but effective, means of protecting the courts." Brady v. Marks, 7 F. Supp. 2d 247, 255 (W.D.N.Y. 1998). Restricting a litigant's access to the courts is a particularly severe remedy that must be used rarely and with great caution. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004) ("Such a drastic remedy must be used sparingly, . . . consistent with constitutional guarantees of due process of law and access to the courts."). This is especially true when, as here, the litigant proceeds pro se. Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980) (explaining that "use of [prefiling injunction] against a pro se plaintiff should be approached with particular caution" and should "remain very much the exception to

strengthening of Rule 11 weakened this justification for requiring the appearance of a lawyer as a sanction. Second, courts imposing a required-lawyer sanction do not generally adhere to the policy that any sanction must be the least restrictive possible. Some say so explicitly. See State ex rel. Bardacke v. Welch, 698 P.2d 462, 467 (N.M. Ct. App. 1985) (explaining that "less restrictive method of regulating access is not required when the facts show a pattern of conduct which is either vexatious, oppressive or for the purpose of harassment"). Even as recognized by the majority, Vermont law requires that a sanction be "the least restrictive" means available. See ante, ¶ 23.

13

the general rule of free access to the courts"). Generally, a court should start with a less restrictive sanction and escalate its sanction response only once those other methods are proven ineffective. See Freeze v. Griffith, 849 F.2d 172, 176 (5th Cir. 1988) (assessing costs against pro se plaintiff for filing frivolous repetitive appeals and warning that "further frivolous appeals will result in escalating sanctions").

¶ 33.    Because it presents circumstances rarely, if ever, present in cases involving sanctions for frivolous filings, this is a very unusual case in three ways. First, it started as a clearly meritorious case. Plaintiff obtained a judgment against a lawyer for malpractice and proceeded to try to enforce it. While plaintiff's pro se maneuvering was ineffective and counterproductive, and the judgment may have become stale, this was not a frivolous case against the original defendant, S. Scott Smith.

¶ 34.    Second, plaintiff has been a frequent, and often successful, pro se litigant in the Vermont courts. Plaintiff here instigated fourteen other cases, filed during the period from July, 1989 through July, 2005.[2] In all but one of these cases, plaintiff appeared pro se. In eight of the fourteen cases, he won a favorable judgment, usually for a relatively small monetary amount. He prevailed in one of two cases brought as small claims.

--------

[2]    This information comes from Vermont Courts On-Line which has docket sheets for civil and small claims cases filed in twelve of the fourteen superior courts in Vermont. This information is publicly accessible from the Vermont Courts On-Line website.    See https://secure.vermont.gov/vtcdas/user. A number of decisions have held that a trial court must gather this kind of information before issuing a restrictive filing injunction of the type before us now, see, e.g., Jordan v. State, 110 P.3d 30, 43 (Nev. 2005), abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas, 181 P.3d 670 (Nev. 2008), but the superior court never did so. Although the issue arose in an adversary proceeding, defendant did not offer any substantive argument regarding the injunction, and therefore the parties have not provided this Court with the relevant information. In these circumstances, the trial court and this Court must be free to go to the public records to determine the issue.

    The court's order in this case precedes court unification in Vermont that eliminated the district and family courts so at the time the superior court's jurisdiction was over only civil and small claims cases. Therefore, I interpret the order on appeal as covering only these case types and have looked only at them.

14

¶ 35.   Third, plaintiff has not appeared in forma pauperis in this or any of the other cases. He has paid considerable money in filing fees over the years and continues to pay those fees. Thus, there is every indication that he is capable of paying a monetary sanction, but that form of sanction was never imposed upon him.

¶ 36.   In a fourth way, the case is not unusual. Plaintiff's filings have become more and more incoherent and erratic in recent years. This is not the only case in which such behavior has occurred. As a consequence, the same trial judge issued a similar order against plaintiff in another case. Zorn v. Ryan, No. 327-7-05 Wrcv (Vt. Super. Ct. Oct. 6, 2008). In a non-precedential order, a three-justice panel of this Court upheld the order, in part because plaintiff did not explicitly challenge it. Zorn v. Ryan, No. 2008-445 (Vt. April 15, 2009) (unpub. mem.), available at http://www.vermontjudiciary.org/d-upeo/eo08-445.pdf.

¶ 37.   Finally, I think we also have to acknowledge a fifth factor because it is obvious although unstated by the trial court or by the majority. Whenever someone has tried to help plaintiff, that person has ended up as the latest defendant in plaintiff's latest amended complaint. For example, Superior Judge Harold Eaton, when reviewing a recusal motion against a trial judge in this case, went out of his way to explain exactly what plaintiff should do to enforce his judgment. Plaintiff never acted on the advice but added Judge Eaton to the list of alleged conspirators against plaintiff. In these circumstances, no lawyer is likely to step forward to represent plaintiff.[3] The order the majority affirms, even as modified, is thus de facto a prohibition on any further filings in this case, which is impermissible. See Peoples v. State, 531 So. 2d 323, 326 (Ala. Crim. App. 1988) (concluding that an order that prohibited filing any motion or pleading in three cases was overbroad and remanding for a less-restrictive sanction);

---

[3]  This Court referred plaintiff to Vermont Legal Aid, Inc. and requested the Vermont Volunteer Lawyers Project (VVLP) to find a volunteer lawyer to represent plaintiff in this Court. VVLP was unable to find a pro bono lawyer who would take the case. This Court was not informed of the result of the referral to Vermont Legal Aid, but no lawyer from that program entered an appearance for plaintiff.

15

Holt v. State, 232 P.3d 848, 855 (Kan. 2010) ("Blanket prohibitions, however, would deny a party's future access to the courts and constitute an over extension of the inherent authority"); Switzer v. Switzer, 641 S.E.2d 80, 84 (Va. 2007) ("[A]ppellate courts generally are in agreement that courts may not completely prohibit future pro se filings by litigants who have filed repeated frivolous cases or motions."). The superior court stated in its decision that the sanction would "help to ensure prospective compliance with the requirements of Rule 11(b) and deter repetitive filings, while permitting Mr. Zorn continued access to the courts." I do not think that the last phrase of that rationale can be squared with the reality of the circumstances before us.

¶ 38.   This point puts ¶ 24 of the majority decision in perspective. In essence, the majority is saying that no alternative sanction is appropriate because the alternatives do not make plaintiff go away, never to be seen (at least by the judge) again. Thus, the court says a filing pre-approval requirement is inappropriate because it "requires additional court time devoted to evaluating, again, the substance of filings." Ante, ¶ 24. Under this philosophy the most restrictive possible sanction becomes the least restrictive possible sanction because the sanction must ensure that the trial judge never has to see the pro se litigant again and has no responsibility for whether the litigant has access to justice for a meritorious claim. In my judgment, this is a fundamental abandonment of judicial responsibility that cannot be squared with plaintiff's constitutional right of access to the courts in Chapter I, Article 4 of the Vermont Constitution.

¶ 39.   The majority claims that the sanction is not unduly restrictive because courts "rely daily on attorneys to file pleadings and papers that are not entirely wasteful of courts' time." Ante, ¶ 25. The truth of this statement does little to alleviate my concerns. While lawyers are certainly obligated to ensure that any filing they make is not frivolous, there is no reverse obligation. That is, lawyers are not required to file everything that is nonfrivolous. The fact remains that plaintiff may have a legitimate complaint, but be unable to find an attorney to represent his interests, and therefore his access to the courts will be denied.

¶ 40.   In this case, the superior court did not act when plaintiff started to commence frivolous filings and finally acted to employ the most restrictive sanction possible with no consideration of a less restrictive sanction. I recognize that these five considerations make this a hard case, perhaps the textbook case on the pitfalls of dealing with pro se litigants. But several other options were available to the court, particularly if the court had acted earlier. The en banc decision in Procup contains a summary description of the types of sanctions that have been employed by courts in circumstances comparable to those present here.[4] See Procup, 792 F.2d at 1072-73. The most common sanction for a violation of Rule 11 is monetary. Rule 11(c)(2) specifically authorizes the court to order the offending party "to pay a penalty into court." Especially early in the escalation of plaintiff's filings, it is possible that a monetary sanction would have deterred plaintiff's conduct. See Golyar v. McCausland, 738 F. Supp. 1090, 1098 (W.D. Mich. 1990) (imposing monetary sanction against pro se plaintiff for filing repetitive frivolous law suit). For example, the court could have required plaintiff to pay escalating monetary sanctions as a condition of further filings. As long as plaintiff had the ability to pay those amounts, such a sanction would be far less restrictive than that ultimately imposed.

¶ 41.   As an alternative, the court could have imposed a leave-to-file requirement on plaintiff. Procup, 792 F.2d at 1073 (listing as a sanction option having the court review pleadings prior to filing). As noted above, the United States District Court for the District of Vermont sanctioned plaintiff in this manner in a different case by restricting him from filing new cases or pleadings in cases without prior approval of the court. See Zorn v. Brown, File No. 1:05-CV-297 (D. Vt. Nov. 30, 2005) (doc. 50). There is no good reason why such a sanction could not have been used here. The majority's conclusion that such lesser sanctions would have been "futile" is nothing more than conjecture. Ante, ¶ 24. Rather than speculate on the outcome,

---

[4]   Procup involves cases filed by prisoners so its facts are significantly different from those in this case. Nevertheless, the policy issues and the application of the proper policy are the same.

especially about a right as important as access to the courts, plaintiff is entitled to an opportunity to demonstrate compliance.  Further, I am not persuaded by the majority's assessment that preapproval is not an option because of the drain on judicial resources.  I cannot believe that a summary review of plaintiff's attempted filings to ensure there is a new and arguably meritorious claim contained therein is such a drain on judicial resources that it will interfere with the processing of other cases in the court.

¶ 42.    In sum, I dissent because the sanction upheld, even as narrowed by the majority, is the most restrictive sanction a court can impose short of an outright prohibition on future access to the court and in this case is de facto such a prohibition.  It is inconsistent with the right of access for all litigants contained in Chapter I, Article 4 of the Vermont Constitution.  It was imposed with no consideration of less restrictive alternatives, and less restrictive alternatives exist in this case.  I would reverse and remand for consideration of those alternatives.

¶ 43.    I am authorized to state that Justice Johnson joins this dissent.

_____
Associate Justice

*Vermont*
*99-cv-160*
*Murtha)*

## MANDATE

# United States Court of Appeals

### FOR THE
### SECOND CIRCUIT

_____

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 7th day of October, two thousand and four.

Before:  Hon. Joseph M. McLaughlin,
Hon. José A. Cabranes,
Hon. Robert D. Sack,
_Circuit Judges_

Docket Nos. 02-6201 (L), 02-6150 (XAP), 02-6199 (CON), 03-6059 (CON)

SCOTT HUMINSKI,

Plaintiff-Appellant-Cross-Appellee,

v.

HON. NANCY CORSONES, HON. M. PATRICIA ZIMMERMAN, KAREN PREDOM,

Defendants-Appellees-Cross-Appellants,

SHERIFF R.J. ELRICK and RUTLAND COUNTY SHERIFF'S DEPARTMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court for the District of Vermont.

This cause came on to be heard on the transcript of record from the United States District Court for the District of Vermont and was argued by counsel.

On consideration whereof, it is hereby ORDERED, ADJUDGED and DECREED that the judgment of said district court be and it hereby is AFFIRMED in part; VACATED and REMANDED in part in accordance with the opinion of this Court.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk
by

Tracy W. Young
Motions Staff Attorney

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____
DEPUTY CLERK

ISSUED AS MANDATE   MAR - 2005

**ORIGINAL PAPER**
RUTLAND SUPERIOR COURT

State of Vermont
Rutland County, ss

DEC 1 7 2001

Robert Zorn

Docket No.488-8-01Rdcv

v.

Birger Heffemehe, a/k/a Birger Heffemehl,
Heberle Mollow, a/k/a Heberle Mollo
a/k/a Heverle Mollow a/k/a Hebbi Mollo, and
Nancy Heverle Grayson

### ORDER RE: BIRGER HEFFERMEHE a/k/a BIRGER HEFFEMEHL

This Court's order dated September 7, 2001, required Birger Heffermehe, a/k/a

Birger Heffermehl, to "immediately" remove the sand and gravel he had placed on

Plaintiff's land.  Upon notice and hearing, the Court finds Birger Heffermehe in

contempt of court for willful violation of this provision of the Court's order dated

September 7, 2001.

The court awards damages against Mr. Heffermehe to Robert Zorn in the

amount of $4,900 (four thousand, nine hundred dollars).

The court also imposes a fine of $100 (one hundred dollars) per day, for every

day after December 19, 2001 (i.e., starting on midnight at the end of the day of

December 19, 2001), that Mr. Heffermehe has not removed the sand and gravel as set

forth in the Court's order dated September 7, 2001.  This fine is payable to Rutland

Superior Court.

Date: December 17th, 2001

_____
Hon. William D. Cohen
Superior Judge

STATE OF VERMONT
RUTLAND COUNTY, SS.

RUTLAND SUPERIOR COURT

ROBERT ZORN,
        PLAINTIFF

**ORIGINAL PAPER**
RUTLAND SUPERIOR COURT

Docket no; S 0238-88 RcC

V,

OCT 12 1992

ROBERT AND DORIS REES,
        DEFENDANTS

*Gay S. Johnson*
        Clerk

## SETTLEMENT

Now COME the above captioned parties by and through their attorneys, Jeremy Durkin, David Reid, and Jonathan Block for the plaintiff, and Theodore Parisi for the defendants, and agree to the following as a final settlement of this matter, and the parties agree to execute mutual releases of all claims to date hereof:

(1) Defendants agree to release to plaintiff all monies and interest in the escrow account # 15-5-06169, Money Market Account at First National Bank of Vermont, forthwith.

(2) This settlement is to remain confidential;

(3) Parties agree that the suit and countersuit may be dismissed with prejudice.

DATED: OCTOBER 12, 1992 at Rutland, Vermont
        RESPECTFULLY SUBMITTED:

PLAINTIFF'S ATTORNEY        DEFENDANT'S ATTORNEY

Paul S. Huntley

SO ORDERED:

SUPERIOR COURT
JUDGE

STATE OF VERMONT                    RUTLAND SUPERIOR COURT
RUTLAND COUNTY, SS.                 DOCKET NO. S238-88Rcj

ROBERT ZORN,                   )
   Plaintiff                   )
                               )
      v.                       )    ORDER
                               )
ROBERT REES and DORIS REES,    )
   Defendants                  )

Based on the stipulation of the parties to this action
dated October 12, 1992, it is hereby ORDERED, ADJUDGED and
DECREED as follows:

1)  All claims of the Plaintiff against the Defendants are
hereby DISMISSED WITH PREJUDICE;

2)  All claims and counterclaims of the Defendants against
the Plaintiff are hereby DISMISSED WITH PREJUDICE;

3)  Any and all liens, attachments or other impositions
against the real estate of the Defendants, Robert Rees and
Doris Rees, located in the Town of Pawlet, County of Rutland
and State of Vermont, created by the Plaintiff or his
attorneys, are hereby terminated and discharged.

Done at the City of Rutland this 23 day of October,
1992.

_____
Presiding Judge - Rutland Superior Court

ORIGINAL PAPER
RUTLAND SUPERIOR COURT

cc:  Jeremy Dworkin, Esq.
     David Reid, Esq.

OCT 2 3 1992

LAW OFFICES
THEODORE A. PARISI, JR.
P.O. BOX 297
CASTLETON,
VERMONT 05735

1

_____
Clerk

**...polar I disorder: adjunct main-
tenance therapy with lithium or
divalproex**

*Adults:* Initially, 50 mg PO b.i.d. Increase
dosage in increments of 100 mg daily in
two divided doses up to 200 mg PO b.i.d.
on day 4. May increase dosage in incre-
ments no greater than 200 mg daily up to
800 mg daily by day 6. Usual dose is 400
to 800 mg daily. For maintenance therapy
with lithium or divalproex, continue treat-
ment at the dosage required to maintain
symptom remission.

➤ *Adjust-a-dose:* Elderly patients: Titrate
on immediate release formula, starting
at 25 mg/day. Use slow titration and reg-
ular monitoring. In patients with hepatic
impairment, initial dose is 25 mg daily.
Increase in increments of 25 to 50 mg
daily to an effective dose. For debilitated
patients and those with hypotension, con-
sider lower dosages and slower adjustment.

➤ **Depression associated with bipo-
lar disorder**

*Adults:* Initially, 50 mg PO once daily
at bedtime; increase on day 2 to 100 mg,
increase on day 3 to 200 mg; increase on
day 4 to maintenance dose of 300 mg.

➤ *Adjust-a-dose:* Elderly patients: Titrate
on immediate-release formula, starting
at 25 mg/day. Use slow titration and reg-
ular monitoring. In patients with hepatic
impairment, initial dose is 25 mg daily.
Increase daily in increments of 25 to 50 mg
daily to an effective dose. For debilitated
patients and those with hypotension, con-
sider lower dosages and slower adjustment.

### ADMINISTRATION

*PO.*
- Don't break or crush extended-release
tablets.
- Give drug without regard for food, but
give extended-release tablets without food or
with a light meal (about 300 calories).
- Schizophrenic patients who are cur-
rently being treated with divided doses
of the immediate-release form may be
switched to extended-release tablets at
the equivalent total daily dose taken once
daily. Individual dosage adjustments may
be necessary. Dosage equal to or less than
200 mg/dose should remain on the
immediate-release form.

### ACTION

Blocks dopamine and serotonin 5-HT₂
receptors. Its action may be mediated
through this antagonism.

| Route | Onset | Peak | Duration |
|---|---|---|---|
| PO | Unknown | 1½ hr | Unknown |
| PO extended-release | Unknown | 6 hr | Unknown |

*Half-life:* 6 hours, extended-release 7 to
12 hours.

### ADVERSE REACTIONS

**CNS:** *dizziness, headache, somnu-
lence, neuroleptic malignant syndrome,*
*seizures,* hypertonia, dysarthria, asthenia.
**CV:** orthostatic hypotension, tachycardia,
palpitations, peripheral edema.
**EENT:** ear pain, pharyngitis, rhinitis.
**GI:** dry mouth, dyspepsia, abdominal pain,
constipation, anorexia.
**Hematologic:** *leukopenia.*
**Metabolic:** *weight gain,* hyperglycemia.
**Musculoskeletal:** back pain.
**Respiratory:** increased cough, dyspnea.
**Skin:** rash, diaphoresis.
**Other:** flulike syndrome.

### INTERACTIONS

**Drug-drug.** *Antihypertensives.* May
increase effects of antihypertensives.
Monitor blood pressure.
*Carbamazepine, glucocorticoids, pheno-
barbital, phenytoin, rifampin, thioridazine.*
May increase quetiapine clearance. May
need to adjust quetiapine dosage.
*CNS depressants.* May increase CNS
effects. Use together cautiously.
*Dopamine agonists, levodopa.* May antag-
onize the effects of these drugs. Monitor
patient.
*Erythromycin, fluconazole, itraconazole,
ketoconazole.* May decrease quetiapine
clearance. Use together cautiously.
*Lorazepam.* May decrease lorazepam
clearance. Monitor patient for increased
CNS effects.
**Drug-lifestyle.** *Alcohol use.* May increase
CNS effects. Discourage use together.

### EFFECTS ON LAB TEST RESULTS

- May increase liver enzyme, choles-
terol, triglyceride, and glucose levels. May

decrease T₄ and thyroid-stimulating hor-
mone levels.
- May decrease WBC count.

### CONTRAINDICATIONS & CAUTIONS

- Contraindicated in patients hypersensi-
tive to drug or its ingredients.
- Use cautiously in patients with CV dis-
ease, cerebrovascular disease, conditions
that predispose to hypotension, a history
of seizures or conditions that lower the
seizure threshold and conditions in which
core body temperature may be elevated.
- Use cautiously in patients at risk for
aspiration pneumonia.
- **Black Box Warning** Drug isn't ap-
proved for use in children. ■
- ⚠ *Overdose S&S:* Drowsiness, hypoten-
sion, sedation, tachycardia, hypokalemia,
first-degree heart block.

### NURSING CONSIDERATIONS

- Dispense lowest appropriate quantity of
drug to reduce risk of overdose.
- **Black Box Warning** Drug isn't in-
dicated for use in elderly patients with
dementia-related psychosis because of
increased risk of death from CV disease or
infection. ■
- **Alert:** Watch for evidence of neurolep-
tic malignant syndrome (extrapyramidal
effects, hyperthermia, autonomic distur-
bance), which is rare but deadly.
- Monitor patient for tardive dyskinesia,
which may occur after prolonged use.
Drug may not appear until months or years
later and may disappear spontaneously or
persist for life, despite ending drug.
- Hyperglycemia may occur in patients
taking drug. Monitor patients with diabetes
regularly.
- **Alert:** Monitor patient for symptoms of
metabolic syndrome (significant weight
gain and increased body mass index,
hypertension, hyperglycemia, hypercholes-
terolemia, and hypertriglyceridemia).
- Drug use may cause cataract formation.
Obtain baseline ophthalmologic examina-
tion and reassess every 6 months.
- **Black Box Warning** Drug (immediate-
release tablets) may increase the risk of
suicidal thinking and behavior in children,
adolescents, and young adults ages 18 to
24, especially during the first few months

of treatment, especially in those with major
depressive or other psychiatric disorder. ■

### PATIENT TEACHING

- Warn patient about risk of dizziness
when standing up quickly. The risk is
greatest during the 3- to 5-day period of
first dosage adjustment, when resuming
treatment, and when increasing dosages.
- Tell patient to notify prescriber about
light-headedness.
- Advise patient to avoid becoming over-
heated or dehydrated.
- Warn patient to avoid activities that
require mental alertness until effects of
drug are known, especially during first
dosage adjustment or dosage increases.
- Remind patient to have an eye examina-
tion at start of therapy and every 6 months
during therapy to check for cataracts.
- Tell patient to notify prescriber about
other medications or OTC drugs he's
taking or plans to take.
- Tell women of childbearing age to notify
prescriber about planned, suspected, or
known pregnancy.
- Advise women not to breast-feed during
therapy.
- Advise patient to avoid alcohol while
taking drug.
- Tell patient not to take drug with or without
food.
- Tell patient to take extended-release
tablets whole.
- Tell patient to take extended-release
tablets without food or with a light meal.

---

**risperidone**
ris-PEER-i-dohn

Risperdal◆, Risperdal Consta

*Pharmacologic class:*
benzisoxazole derivative
*Pregnancy risk category C*

### AVAILABLE FORMS

*Injection:* 12.5 mg, 25 mg, 37.5 mg, 50 mg
*Solution:* 1 mg/ml
*Tablets:* 0.25 mg, 0.5 mg, 1 mg, 2 mg,
3 mg, 4 mg
*Tablets (orally disintegrating):* 0.5 mg,
1 mg, 2 mg, 3 mg, 4 mg

---

## INDICATIONS & DOSAGES

**– Schizophrenia**

*Adults:* Drug may be given once or twice daily. Initial dosing is generally 2 mg P.O. daily. Increase dosage at intervals not less than 24 hours, in increments of 1 to 2 mg/day, as tolerated, to a recommended dose of 4 to 8 mg/day. Periodically reassess to determine the need for maintenance treatment with an appropriate dose.

*Adolescents ages 13 to 17:* Start treatment with 0.5 mg P.O. once daily, given as a single daily dose in either the morning or evening. Adjust dose, if indicated, at intervals not less than 24 hours, in increments of 0.5 or 1 mg/day, as tolerated, to a recommended dose of 3 mg/day. There are no data to support use beyond 8 weeks.

➤ **12-week parenteral therapy for schizophrenia**

*Adults:* Establish tolerance to oral risperidone before giving I.M. Give 25 mg deep I.M. into the buttock every 2 weeks, alternating injections between the two buttocks. Adjust dose no sooner than every 4 weeks. Maximum, 50 mg I.M. every 2 weeks. Continue oral antipsychotic for 3 weeks after first I.M. injection, then stop oral therapy.

*Adjust-a-dose:* Patients with hepatic or renal impairment: Titrate slowly to 2 mg P.O.; if tolerated, give 25 mg I.M. every 2 weeks, or give initial dose of 12.5 mg I.M. Continue oral form of risperidone (or another antipsychotic drug) with the first injection and for 3 subsequent weeks to maintain therapeutic drug levels.

➤ **Monotherapy or combination therapy with lithium or valproate for 3-week treatment of acute manic or mixed episodes from bipolar I disorder**

*Adults:* 2 to 3 mg P.O. once daily. Adjust dose by 1 mg daily. Dosage range is 1 to 6 mg daily. Or, 25 mg I.M. every 2 weeks. Some patients may benefit from a higher dose of 37.5 or 50 mg.

*Adjust-a-dose:* In elderly or debilitated patients, hypotensive patients, or those with severe renal or hepatic impairment, start with 0.5 mg P.O. b.i.d. Increase dosage by 0.5 mg b.i.d. Increase in dosages above 1.5 mg b.i.d. should occur at least 1 week apart. Subsequent switches to once-daily dosing may be made after pa-

tient is on a twice-daily regimen for 2 to 3 days at the target dose.

*Children and adolescents ages 10 to 17:* 0.5 mg P.O. as a single daily dose in either the morning or evening. Adjust dose, if indicated, at intervals not less than 24 hours, in increments of 0.5 or 1 mg/day, as tolerated, to a recommended dose of 2.5 mg/day.

➤ **Irritability, including aggression, self-injury, and temper tantrums, associated with an autistic disorder**

*Adolescents and children age 5 and older who weigh 20 kg (44 lb) or more:* Initially, 0.5 mg P.O. once daily or divided b.i.d. After 4 days, increase dose to 1 mg. Increase dosage further in 0.5-mg increments at intervals of at least 2 weeks.

*Children age 5 and older who weigh less than 20 kg:* Initially, 0.25 mg P.O. once daily or divided b.i.d. After 4 days, increase dose to 0.5 mg. Increase dosage further in 0.25-mg increments at intervals of at least 2 weeks. Increase cautiously in children who weigh less than 15 kg (33 lb).

➤ **Tourette syndrome** ◆

*Adults and children:* Initially, 0.5 to 1 mg P.O. daily. Titrate by 0.5 or 1 mg every 5 days. Average dose is less than 4 mg daily; maximum dose 6 to 9 mg daily.

## ADMINISTRATION

**P.O.**

● Give drug without regard for meals.

● Open package for orally disintegrating tablets (ODTs) immediately before use by peeling off foil backing with dry hands. Don't push tablets through the foil.

● Phenylalanine contents of ODTs are as follows: 0.5-mg tablet contains 0.14 mg phenylalanine; 1-mg tablet contains 0.28 mg phenylalanine; 2-mg tablet contains 0.56 mg phenylalanine; 3-mg tablet contains 0.63 mg phenylalanine; 4-mg tablet contains 0.84 mg phenylalanine.

**I.M.**

● Continue oral therapy for the first 3 weeks of I.M. injection therapy until injections take effect, then stop oral therapy.

● To reconstitute I.M. injection, inject premeasured diluent into vial and shake vigorously for at least 10 seconds. Suspension appears uniform, thick, and milky; particles are visible, but no dry particles

remain. Use drug immediately, or refrigerate for up to 6 hours after reconstitution. If more than 2 minutes pass before injection, shake vigorously again. See manufacturer's package insert for more detailed instructions.

● Refrigerate I.M. injection kit and protect it from light. Drug can be stored at temperature less than 77° F (25° C) for no more than 7 days before administration.

## ACTION

Blocks dopamine and 5-HT₂ receptors in the brain.

| Route | Onset | Peak | Duration |
|---|---|---|---|
| P.O. | Unknown | 1 hr | Unknown |
| I.M. | 3 wk | 4–6 wk | 7 wk |

*Half-life:* 3 to 20 hours.

## ADVERSE REACTIONS

**CNS:** akathisia, somnolence, dystonia, headache, insomnia, agitation, anxiety, pain, parkinsonism, **neuroleptic malignant syndrome, suicide attempt,** dizziness, fever, hallucination, mania, impaired concentration, abnormal thinking and dreaming, tremor, hypoesthesia, fatigue, depression, nervousness.

**CV:** tachycardia, chest pain, orthostatic hypotension, peripheral edema, syncope, hypertension.

**EENT:** rhinitis, sinusitis, pharyngitis, abnormal vision, ear disorder (I.M.).

**GI:** constipation, nausea, vomiting, dyspepsia, abdominal pain, anorexia, dry mouth, increased saliva, diarrhea.

**GU:** urinary incontinence, increased urination, abnormal orgasm, vaginal dryness.

**Metabolic:** *weight gain, hyperglycemia,* weight loss.

**Musculoskeletal:** arthralgia, back pain, leg pain, myalgia.

**Respiratory:** coughing, dyspnea, upper respiratory infection.

**Skin:** rash, dry skin, photosensitivity reactions, acne, injection site pain (I.M.).

**Other:** tooth disorder, toothache, injury, decreased libido.

## INTERACTIONS

**Drug-drug.** *Antihypertensives:* May enhance hypotensive effects. Monitor blood pressure.

*Carbamazepine:* May increase risperidone clearance and decrease effectiveness. Monitor patient closely.

*Clozapine:* May decrease risperidone clearance, increasing toxicity. Monitor patient closely.

*CNS depressants:* May cause additive CNS depression. Use together cautiously.

*Dopamine agonists, levodopa:* May antagonize effects of these drugs. Use together cautiously and monitor patient.

*Fluoxetine, paroxetine:* May increase the risk of risperidone's adverse effects, including serotonin syndrome. Monitor patient closely and adjust risperidone dose, as needed.

**Drug-lifestyle.** *Alcohol use:* May cause additive CNS depression. Discourage use together.

*Sun exposure:* May increase risk of photosensitivity reactions. Advise patient to avoid excessive sunlight exposure.

## EFFECTS ON LAB TEST RESULTS

● May increase prolactin level. May decrease hemoglobin level and hematocrit.

## CONTRAINDICATIONS & CAUTIONS

● Contraindicated in patients hypersensitive to drug and in breast-feeding women.

● Use cautiously in patients with prolonged QT interval, CV disease, cerebrovascular disease, dehydration, hypovolemia, history of seizures, or conditions that could affect metabolism or hemodynamic responses.

● Use cautiously in patients exposed to extreme heat.

● Use cautiously in patients at risk for aspiration pneumonia.

● Use I.M. injection cautiously in those with hepatic or renal impairment.

⚠ **Overdose S&S.** Drowsiness, sedation, tachycardia, hypotension, extrapyramidal symptoms, QT-interval prolongation, seizures, torsades de pointes.

## NURSING CONSIDERATIONS

● *Alert:* Obtain baseline blood pressure measurements before starting therapy, and monitor pressure regularly. Watch for orthostatic hypotension, especially during first dosage adjustment.

■ **Black Box Warning** Fatal cardiovascular or infectious adverse events may occur

Reactions may be common, uncommon, *life-threatening,* or COMMON AND LIFE-THREATENING.
Interaction may have a *rapid onset* or *delayed onset.*

‡Canada    ◊OTC    ◆Off-label use    ✎Photoguide    *Liquid contains alcohol

Form 344

## STATE OF VERMONT
## CONDITIONS OF RELEASE ORDER

Docket Number

| Defendant | D.O.B. | Unit | Circuit | Offense Simple Assault |
|-----------|--------|------|---------|--------|
| ROBERT E. ZORN | 8/25/51 | 2 | DISTRICT | Resisting Arrest |

The Court has determined that future appearance(s) of the defendant will not be reasonably assured by his/her release on personal recognizance or execution of an unsecured appearance bond alone; or that the release of the defendant will constitute a danger to the public. It is therefore ORDERED that the defendant be released upon the following marked conditions:

### You must give the court bail as follows:

a. An Unsecured Appearance Bond in the amount of $_____ .

b. A Secured Appearance Bond in the amount of $ 10,000 , with a cash or surety deposit of $_____ .

c. A Surety Bond or cash in the amount of $_____ .

d. A Peace Bond in the amount of $_____ , with a deposit of $_____ .

## PROBABLE CAUSE MUST BE FOUND BY A JUDICIAL OFFICER IF HELD ON BAIL FOR MORE THAN 48 HOURS.

1. ✓ You must come to court when you are told to.
2. ✓ You must give your attorney and the court clerk your address and phone number. If it changes, you must tell them immediately.
3. ✓ You must not be charged with or have probable cause found for a new offense while this case is open.
4. ___ You are released into the custody of _____ .
5. ___ You must report to _____ police station/barracks and check in on _____ (days) by _____ (time) AM/PM .
6. ___ You must live in _____ county. You cannot leave the county without the court's permission.
7. ___ You cannot drive any motor vehicle, including a car, truck, or motorcycle.
8. ___ You cannot drive any motor vehicle, including a car, truck, or motorcycle unless you have a valid driver's license, one that is not suspended or expired or revoked.
9. ___ You must submit to an aicosensor when you report to the police station/barracks.
10. ___ You must NOT buy, have or use regulated drugs without a prescription.
11. ___ Curfew: _____

12. ___ You must NOT buy, have or drink any alcoholic beverage.
13. ✓ You must NOT buy, have or use any firearms or dangerous/deadly weapons.
14. ✓ You must NOT have contact with Mr. Ogden + wife , which includes in person, in writing, by telephone, by e-mail or through a third person regardless of whether you are in jail or released.
15. ___ You must NOT abuse or harass in any way _____ regardless of whether you are in jail or released.
16. ✓ You must come to court on 3/31/11 at 1230 AM/PM.
17. ___ You may be arrested without a warrant if you do not abide by Condition(s) No. _____ .
Other conditions:
31 Not to enter lands or premises of Ogden to include home + workplace

## VIOLATIONS OF ANY OF THESE CONDITIONS IS A CRIME. If you violate any of these conditions the court may send you to jail or keep you in jail and you may be charged with new crimes. You must follow these conditions until your case is closed or until the court changes the conditions.

Order of the Court:

| Presiding Judge/Clerk | Date |
|-----------------------|------|
| Laurie Canty | 3/30/11 |

I have received a copy of this order. I have read it. I understand it.

| Defendant | Date | Time | AM PM |
|-----------|------|------|-------|
| | | | |

7/09 SML

Form No. 366

STATE OF VERMONT
ORDER FOR INPATIENT PSYCHIATRIC EXAMINATION
www.vermontjudiciary.org

| District Court of Vermont | Unit No. II | Circuit Rutland | Docket No. 448-3-11Rdcr |
|---|---|---|---|
| Defendant Robert Zorn | Offense Simple Assault, Resisting Arrest | | |

I.    **Order for Examination Pursuant to 13 V.S.A. §4814**

☒    A. It is hereby ordered that a psychiatric examination of the above-named defendant be conducted to determine if the defendant is **MENTALLY COMPETENT TO STAND TRIAL** for the alleged offense. The examining doctor shall make a written report to this court and the parties listed in Section 11 of this order no later than 14 days from the date of this order.

☒    B. A motion has been made by [ State ] for a psychiatric examination of the defendant. It is hereby ordered that the defendant be examined to determine if (1) **THE DEFENDANT WAS INSANE AT THE TIME OF THE ALLEGED OFFENSE** and (2) **S/HE HAD THE MENTAL STATE REQUIRED** for the offense charged.

The examining doctor shall make a written report to the parties listed in Section 11 of this Order no later than 14 days from the date of this order.

The defendant is committed to the care and custody of the Department of Mental Health at the Vermont State Hospital for the purpose of conducting this examination, for a period not to exceed 30 days from the date of this order. The Sheriff shall transport the defendant to the Vermont State Hospital for this examination. The defendant may be returned as soon as the examination has been completed and shall be returned at the expiration of 30 days from the date of this order, to the custody of the Department of Corrections, or if s/he is admitted to bail, released from custody subject to conditions of bail.

**By Order of the Court:**

| Date 3/31/11 | Signature of Judge/Clerk _Laurie R Canby_ |
|---|---|

II.    **Distribution of Copies** - Copies of the examination report shall be mailed to the following parties:

| District Court of Vermont Rutland Criminal Division | Address 9 Merchants Row, Rutland, VT  05701 |
|---|---|
| State's Attorney Marc Brierre, Esq. | Address Asa Bloomer Bldg., Merchants Row, Rutland |
| Defendant's Attorney Robb Spensley, Esq. | Address State Street, Rutland, VT  05701 |

III.    **A Notice of Hearing** on the results of the examination will be sent to all parties. If the defendant is found incompetent, a hospitalization hearing will be held immediately following the competency exam.

IV.    **Order to Extend Evaluation Period** - Pursuant to 13 V.S.A. § 4815 (c), it is hereby ordered that the defendant named above be committed to the care and custody of the Department of Mental Health at the Vermont State Hospital for the purpose of conducting this examination for an additional period of time, not to exceed fifteen days from the expiration date of the above order.

| Date | Judge's Signature |
|---|---|

**Officer's Return**

By authority of this Order, on_____ I took the within named person from

the _____ to the Vermont State Hospital at

Waterbury, VT.

_____                    _____
            Date                                                    Officer's Signature

Rev. 7/04 SML

PETER SHUMLIN
Governor



State of Vermont
OFFICE OF THE GOVERNOR

May 20, 2011

Robert Zorn
652 South Street
Middletown Springs, Vermont 05757

Dear Robert,

Thank you for your correspondence. The Agency of Human Services oversees the Vermont State Hospital and is equipped to address your specific concerns, and we have forwarded your letter to Secretary Doug Racine. His office will be in touch with you regarding these matters.

We will keep your concerns in mind as we press forward on VSH issues.

Sincerely,

Susan Spaulding
Director of Constituent Services

cc: Doug Racine, Secretary of Human Services

```
ROBERT E ZORN
652 south st MIDDLETOWN SPRINGS VT
05757
july  11 2011
```

TOWN OF MIDDLETOWN SPRINGS VT
BOARD OF CIVIL AUTHORITY AND SELECTBOARD


THIS LETTER  IS TO STATE  .THAT ON  july  11 2011
ROBERT E ZOPN  ACCEPTS THE  POSITION OF  GRAND JUROR OF
GRAND OF    MIDLETOWN SPRINGS VERMONT  RUTLAND COUNTY

TOWN OF MIDDLETOWN SPRINGS VERMONT

SINCE THE POSITION  NO ONE APPLIED FOR
PRIOP UNDER THE  VOTERS  RIGHT ACT
ROBERTV E ZORN  GRACIOUSLY ACCEPTS THE POSITION
AN UNDER EQUAL PROTECTION OF LAWS PERTAINING
TO MANDATE  RULE

*Received for consideration on - July 8, 2011 -*
*Laura Castle*
*Town Clerk -*


*Received July 11, 2011.*

Vermont Superior Court
Superior Court Rutland Criminal Division

===========================================================
A P P E A R A N C E   B O N D
===========================================================

Robert E. Zorn
652 South Street
Middletown Springs VT 05757                 Date of Order: June 13, 2011

State v. Zorn, Robert E.

448-3-11 Rdcr, count 1 ASSAULT-SIMPLE
         13V1023(a)(1)
448-3-11 Rdcr, count 2 RESISTING ARREST #1
         13V3017(a)(1)


You must give the court a Surety Bond or cash in the amount of $10000.00.

I am the defendant in this case and I reside at the address listed above.  As required by
T13, Section 7551 and by my signature, I agree to appear at all required Court
proceedings scheduled in this case for which I or my attorney receive notice.  I have
been given a copy of the conditions of release and agree to obey all the conditions
listed.   I understand that if I fail to appear or violate any other conditions of my
release, an arrest warrant may be issued, new charges may be filed, and/or conditions of
release may be changed.   I also understand that failure to appear at my required court
proceeding or as otherwise required by the conditions of my release can result in
imprisonment of not more than two (2) years and a fine of not more than $5,000 under
T.13, Section 7559(d).

                            SURETY BOND

I acknowledge and agree to the terms listed above.  In order to obtain my release
a person has agreed to be responsible for guaranteeing my appearance in Court by
depositing a $10000.00 surety bond with sufficient sureties with the Clerk of the Court.

If I appear before this Court at all required proceedings when I am ordered to do so,
then, upon the completion of sentencing and after I surrender myself to serve any
sentence I may receive, this bond will be void and any deposit will be returned to me,
unless this Court orders otherwise.

Date: _____   Signature of Defendant: _____

Vermont Superior Court
Superior Court Rutland Criminal Division

A M E N D E D   C O N D I T I O N S   O F   R E L E A S E

Date of Order: June   13,   2011

State v. Zorn, Robert E.

Defendant's Date of Birth: 08/25/1951

448-3-11 Rdcr, count 1 ASSAULT-SIMPLE
        13V1023(a)(1)
448-3-11 Rdcr, count 2 RESISTING ARREST #1
        13V3017(a)(1)
    Arresting Agency: VSP-Rutland

    The Court  has determined  that future  appearance(s) of  the defendant  will not be
reasonably assured  by his  or her  release on  personal recognizance  or execution of an
unsecured appearance bond alone; or that the release of the  defendant will  constitute a
danger to  the public.   It  is therefore ORDERED that the defendant be released upon the
following conditions:

You must give the court a Surety Bond or cash in the amount of $10000.00.

In addition:

1.  You must come to court when you are told to.

2.  You must give your attorney or the court clerk your address and phone number.  If it changes, you must tell them
    immediately.

3.  You must not be charged with or have probable cause found for a new offense while this case is open.

4.  Curfew: at residence of 652 South Street, Middletown Springs, VT  in house with those living and the green stand and
    stay home between the hours of 10:00 p.m to 6:00 a.m.

5. You must not buy, have or use any firearms or dangerous/deadly weapons.

6. You must not have contact with:
   Mr. Ryden and Wife and Catherine Thomas
   This includes in person, in writing, by telephone, by e-mail or through a third person regardless of whether
   you are in jail or released.

7. You must not abuse or harass in any way
   those listed in condition
   regardless of whether you are in jail or released.

8. You may be arrested without a warrant if you do not abide by condition(s) No.   6,7,8,16

9. You shall not enter the lands or premises of the home, school or workplace of those named as above in
   this case.

10. In addition to condition(s) the defendant may contact Mr. Ryden in writing in relation to pending civil cases in Rutland and
    as ordered in condition
    not enter upon the lands of Mr. Ryden and Ready, Vermont

Failure to obey these conditions is a crime.  If you violate any of these conditions the court may have you in jail.
If you are in jail and are charged with new crimes -- and must obey these conditions until your case is completed, you can
not violate the conditions.

                                    By the Court:

# Local & State

Rutland County • Middlebury

Rutland Daily Herald | Friday, April 1, 2011

## Assault suspect in state hospital

By BRENT CURTIS
STAFF WRITER

A Middletown Springs man who ran for three elected positions in town two years ago has been charged with a pair of crimes and been sent to the state hospital for a mental health evaluation.

Robert E. Zorn, 59, pleaded innocent in Rutland criminal court to Thursday charges of simple assault and resisting arrest stemming from an incident Wednesday in which Zorn allegedly punched a Danby lawyer.

But while charged only with misdemeanors, Zorn's alleged conduct and the results of a mental health screening prompted Bierce, state's attorney for Rutland County, to ask that Zorn be sent to the state hospital for an inpatient evaluation.

"The offenses are serious and two firearms along with ammo were found in his truck at the time he was stopped," Bierce said. "There are neighbors and town employees who are concerned as well."

Mental health screener Sarah Beard, who interviewed Zorn before the hearing, told the court she believed Zorn was delusional and suffering "some kind of psychotic disorder." "He's a person in need of

See Suspect, Page B4

treatment," she said. "He's a danger to others ... he's already hurt someone and it appears he could harm others."

Zorn appeared calm during the court hearing and spoke only to his court-appointed public defender, Robb Spensley, who argued that there was little justification for sending Zorn to the state hospital. Spensley highlighted Zorn's minimal criminal record and long history in Vermont while casting doubt on Beard's short screening.

"He's involved in a family dispute that he's very passionate about," ... "...rms in his truck were unloaded, he said, and that he ... and there is no risk that he won't appear [in court]. ... I don't see how you commit someone to treatment with no record and a minimal evaluation."

But after reading a police report on Zorn's arrest, Judge Theresa DiMauro agreed to send Zorn for a full psychiatric screening and set bail at $10,000.

Zorn, a former Middletown Springs selectman and a contender for the select board, road commissioner and town constable in 2009, was arrested Wednesday afternoon shortly after an incident that took place in

Zorn

... has run ...

## Suspect

Continued from B1

the office of Danby lawyer Herb Ogden.

Ogden, who is representing Zorn's brother in a legal dispute with Zorn, told police that Zorn arrived unexpectedly at his Main Street office at about 3 p.m. Wednesday.

Police said Zorn walked up to Ogden, demanded money he said was owed to him and punched the lawyer in the jaw.

Ogden told police when he stood up from his desk, Zorn grabbed him, held his hands behind his back and told him he was "under arrest."

Ogden said he demanded that Zorn leave the office — something he eventually did, police said.

State police were called and located Zorn driving his truck on South Main Street, where two cruisers stopped the vehicle and ordered Zorn at gunpoint to lay down face first on the ground. But police say Zorn first refused to follow their commands and then lay on his hand while officers tried to handcuff him.

Police said they used an electronic Taser on Zorn, who complied with their orders afterward.

In Zorn's truck, police said they found a .30-06 hunting rifle and a Mini 14 semi-automatic rifle along with ammunition.

brent.curtis
@rutlandherald.com

## ...rgford principal

Morse added the staff was always willing to take on district directives with full force. "We have a couple of new initiatives happening next year that they're put- ... all their energy into and ...

...en many kids ... her area ... hey ... o Morse.

...tional institutions, accord- ... that set it apart from educa- ...

RE: Robert Zorn
Date of Examination: April 6, 2011
Page 1

**Paul G. Cotton, M.D., P.C.**
**186 South Willard Street**
**Burlington, Vermont 05401**

—

**Telephone (802) 860-0163    Facsimile (802) 860-0164**
**E-Mail:  Paul.Cotton@uvm.edu**

April 6, 2011

Rutland Superior Court-Criminal Division
9 Merchant's Row
Rutland, VT 05701

**RE:  Robert Zorn (DOB: 8/25/51)**
      **Docket No: 448-3-11 RdCr**

Your Honor:

At your request and pursuant to the order for inpatient psychiatric examination, I re-examined Robert Zorn on April 6, 2011, at Vermont State Hospital, to determine whether he was insane and/or had the mental state required for the offenses charged of Simple Assault and Resisting Arrest, and to determine if he is competent to stand trial for the offenses charged.

**Database:**

1.  Examination of Robert Zorn on 3/16/11 at Vermont State Hospital for 1.50 hours.

2.  Information by state's attorney, dated 3/31/11.

3.  Affidavit of Vermont State Police Trooper Robert Rider, dated 3/30/11 and Supplemental Affidavit of Trooper Casey J. Daniell, dated 3/30/11.

4.  Vermont criminal history, Windsor Superior Court decision of Judge Mary Miles Teachout, dated 10/6/08.

5.  VSH medical record.

**Non-Confidentiality Warning:**
Prior to beginning the evaluation, I informed Robert Zorn that I am a psychiatrist who had been retained by the court for the purpose of gathering information regarding the circumstances of his charges of Simple Assault and Resisting Arrest. I informed him that what he said could be used to determine his competency to participate in proceedings and could be included in my written report or in oral testimony. He was informed that his participation was voluntary. He understood and wished to proceed.