```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT

Robert E. Zorn,                    :
        Plaintiff,                 :
                                   :
        v.                         :    File No. 1:11-cv-221-jgm
                                   :
State of Vermont; United           :
States of America; Vermont         :
State Police; Trooper              :
Rider; Trooper Danieli;            :
Trooper Edward Hunter;             :
Joel Davidson; Trooper             :
Perkins; Towns of Plymouth         :
and Killington; Town of            :
Middletown Springs; United         :
States Justices for the            :
United States District             :
Court for the District of          :
Vermont; Judge William             :
Sessions III; Chief Judge          :
Christina Reiss; Judge             :
J. Garvan Murtha;                  :
Magistrate Judge Jerome            :
Niedermeier; Clerks and            :
Deputy Clerks of the               :
United States District             :
Court; State of Vermont            :
Supreme Court Justices;            :
State of Vermont Rutland           :
County Superior Court;             :
Judge Mary Miles Teachout;         :
Judge Theresa DiMauro;             :
Judge Martin, State of             :
Vermont, Rutland County            :
Probate Judge; Judge               :
Geoffrey Crawford,                 :
Washington County Superior         :
Court; Vermont State               :
Hospital; Paul G. Cotton,          :
M.D.; Dr. Duncane; Dr.             :
Munson; Vermont Attorney           :
General William Sorrell;           :
The Rutland Herald; Sarah          :
Beard, Rutland County              :
Screener; Marc Briere,             :
Rutland County Attorney;           :
Ernest Allen; Arthur B.            :
```

```
Zorn; Charity Downs;             :
Tracee A. Oakman Rupe;           :
James H. Ottaway, Jr.;           :
George Belcher; State of         :
Vermont, Washington County       :
Probate Court;                   :
        Defendants.              :
```

OPINION AND ORDER
(Docs. 9, 12, 16 and 17)

Plaintiff Robert Zorn, proceeding *pro se*, initiated this action in the United States District Court for the Northern District of New York on August 19, 2011.  The Complaint names over thirty-five Defendants, and includes allegations of conspiracy and murder.  In an Order dated September 14, 2011, Judge Suddaby transferred the case to this Court pursuant to 28 U.S.C. § 1404, citing improper venue.

Had the case been filed in this Court initially, Mr. Zorn would have been subject to the Court's injunction, issued in November 2005, requiring him to seek leave prior to submitting a new Complaint.  See Zorn v. Brown, No. 1:05-cv-0297-jgm, slip op. at 4 (D. Vt. Nov. 30, 2005).[1]  Now that the case is in the proper venue, the Court will review the merits of the Complaint under its inherent powers.  See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (acknowledging

---

[1] The Second Circuit has imposed a similar sanction.  See In re Robert E. Zorn, Nos. 09-4273-cv, 09-4278-cv, 09-4281-cv (consolidated), slip op. at 2 (2d Cir. June 8, 2010) (ordering the Clerk of Court to "refuse to accept for filing any further submissions from Appellant unless he first obtains leave of the Court to file such papers.").

inherent power of district courts to dismiss frivolous actions "quickly in order to preserve scarce judicial resources").  The Court will also consider the motion to dismiss filed by Defendant Paul Cotton, M.D.  (Doc. 16.)

I.   Rule of Necessity

Before the Court turns to the substance of the Complaint, it must first address the question of whether a ruling is appropriate given that Mr. Zorn is suing all three federal district judges in the District of Vermont.  In most circumstances, 28 U.S.C. § 455(b)(5)(i) requires a federal judge to disqualify himself when he is a party to the proceeding.  However, "under the 'rule of necessity,' a judge is qualified to decide a case even if he has an interest in it when 'the case cannot be heard otherwise.'"  Tapia-Ortiz v. Winter, 185 F.3d 8, 10 (2d Cir. 1999) (quoting United States v. Will, 449 U.S. 200, 213 (1980) (holding that the rule of necessity is an exception to the recusal mandates in 28 U.S.C. § 455)); see In re City of Houston, 745 F.2d 925, 930-31 n.9 (5th Cir. 1984) (noting that an otherwise disqualified judge can invoke the rule of necessity to hear a case when all judges in his district are disqualified even if there are qualified judges in other districts); Andersen v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988)("The Court will not allow plaintiffs to impede the administration of justice by suing every district court judge [in this district] until

3

their case is transferred out of the Seventh Circuit."), aff'd, 894 F.2d 1338 (7th Cir. 1990).

The rule of necessity applies here. Zorn has named this Court's three district judges, as well as now-retired Magistrate Judge Jerome Niedermeier, as Defendants. The naming of all of Vermont's federal district judges, as well as a former magistrate judge, appears to be indiscriminate, as the body of the Complaint does not assert wrongdoing by all four. See Tapia-Ortiz, 185 F.3d at 10. Accordingly, rather than deem each of our judges disqualified, the Court finds that pursuant to the rule of necessity, it may issue a ruling in this case.

II. The Merits

The Court reviews Zorn's Complaint for frivolousness. An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory," that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 473 (2d Cir. 1998). Thus, for example, "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (*per curiam*) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

Zorn is suing primarily public actors, including a host of state and federal court judges. This is not the first time that

Zorn has sued this Court's judges, or other judges in Vermont. See, e.g., Zorn v. Progressive Ins., 2007 WL 474002 (D. Vt. Feb. 8, 2007) (dismissing with prejudice claims against Judges Sessions and Murtha, Magistrate Judge Niedermeier, and Second Circuit judges); Zorn v. United States, 2005 WL 1009543, at *1-*3 (D. Vt. Apr. 27, 2005).  As in prior cases, the judges are protected from suit by absolute judicial immunity.

Courts have long held that judges are immune from suit because "a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." Stump v. Sparkman, 435 U.S. 349, 355 (1978); see also Pierson v. Ray, 386 U.S. 547 (1967).  Because all of Zorn's allegations of wrongdoing by state and federal judges pertain to actions taken in the scope of their respective judicial capacities, they are each entitled to absolute immunity, and the claims against them must be DISMISSED.  See Mireles v. Waco, 502 U.S. 9, 9-12 (1991).

The remaining Defendants include police, municipalities and court clerks, as well as a number of private individuals.  Many of Zorn's allegations pertain to prior litigation, both civil and criminal, in either state or federal courts.  As noted above, his current claims include allegations of conspiracy and murder.  Zorn also alleges that tax records have been "perjured," that psychiatrists and other health care professionals have falsified

records, and that his property has been illegally seized by the State of Vermont.  Further, Zorn is suing the Rutland Herald, which published an article citing a mental health screener's description of him as "delusional and suffering 'some kind of psychotic disorder.'" (Doc. 1 at 97.)

Zorn's allegations of wide-ranging conspiracies by public and private actors, of the pre-meditated murder of his mother, and of falsified records each fall within the well-established definition of frivolous claims.  See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Moreover, his conspiracy claims consist of "only conclusory, vague, or general allegations," and thus would not survive a motion to dismiss.  Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993) (quotation marks omitted).  Similarly, Zorn's civil rights claims involving judicial corruption, falsification of records, and wrongful deprivations of property offer "a litany of general conclusions that shock but have no meaning."  Hunt v. Budd, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (citing Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987) (other citations omitted)).

Furthermore, Zorn's filing does not comply with the requirement set forth in Federal Rule of Civil Procedure 8(a)(1) of a "short and plain statement of the claim showing that the pleader is entitled to relief."  Indeed, much of the Complaint is

6

unintelligible. As an example, the first paragraph of the Complaint reads:

> Summons and Complaint against the State of Vermont et al persons and United States of America you are being charged and proven under the uncontested facts of the federal and instate actions of falsifying federal and instate court orders as habitual[] offenders, racketeering across state line organized crime through corrupt political parties obstruction of justice . . . .

(Doc. 1 at 2.)

Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted). When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). "Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

In many respects, and in particular Zorn's claims of conspiracy and civil rights violations, this is such a case. Even where claims are discernable, such as Zorn's allegation that

7

the clerks of this Court are wrongfully engaging in the practice of law, his claims are conclusory and lacking any legal merit.[2]

One discernable claim set forth in the caption of the Complaint appears to be a cause of action under the False Claims Act. While this claim, like the others, suffers from inadequate pleading, Zorn's reliance on the False Claims Act is misplaced, as the Act allows for a private cause of action by means of a *qui tam* suit to recover "for a harm done to the Government." Woods v. Empire Health Choice, Inc., 574 F.3d 92, 97 (2d Cir. 2009); see also 31 U.S.C. § 3730(h) (providing private cause of action for employment-related retaliation). Because Zorn is claiming personal harm, his claim cannot proceed.

In sum, Zorn has once again presented this Court with claims that are generally "unclear, unintelligible, and conclusory." In re Zorn, 2009 WL 2477630, at *1 (D. Vt. Aug. 10, 2009). Although the Court has required him to seek leave prior to filing any future actions, in this instance he chose to side-step the Court's injunction and file in a neighboring judicial district where venue was clearly improper. Zorn is hereby WARNED that any

---

[2] Zorn appears to be alleging that the Clerk's Office returned filings to him in cases that were reportedly closed, and these actions constituted the practice of law in violation of 28 U.S.C. § 955. Even assuming, for the sake of argument, it was wrongful to return his filings, Zorn cannot support his claim that the actions of the Clerk's Office constituted the practice of law. Nor has the Court found any authority for a private right of action under 28 U.S.C. § 955.

8

similar attempts to pursue an "end run" around this Court's pre-filing injunction may be met with severe sanctions, including monetary sanctions.

With respect to the current case, the Complaint and Amended Complaint are hereby DISMISSED with prejudice, Dr. Cotton's motion to dismiss is GRANTED, and all other pending motions are DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 6th day of October, 2011.

/s/ J. Garvan Murtha
Hon. J. Garvan Murtha
United States District Judge